David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

**FILED**

**JUL 11 2022**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                    Case  **CV22— 4082**    **AGT**

JOHN DOE, d.b.a. "CMDR IMPERIALSALT" & "ZELLZANDER"    DEFENDANTS

## COMPLAINT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following complaint against John Doe (who goes by the aliases "CMDR ImperialSalt" and "ZellZander") for two counts of copyright infringement.

### JURISDICTION AND VENUE

1.      This Court has federal question subject-matter jurisdiction over this case because it is a copyright infringement action, which is exclusively a question of federal law.

2.      This Court has proper venue and personal jurisdiction over the John Doe defendant because the first count of infringement happened on the website of www.youtube.com, a website which is owned by Youtube LLC, which is headquartered in the Northern District of California. Therefore, Infringement #1 establishes minimum contacts in this Court.

3.      Think about it this way: Imagine how this would work in a world without Internet. Imagine if someone stole some merchandise from a Californian retailer, and then drove to Florida to distribute the stolen goods. In such a case, both Florida and California would have concurrent jurisdiction over the dispute, and the plaintiff gets to pick which forum he files in. Since my efforts to secure counsel on contingency have fallen through (since nobody will take the case on contingency if they don't know how solvent the defendant is, which is impossible to know in a John Doe case), and I have to file pro se, the Northern District of California is

-1-                                              Complaint

obviously the superior choice, since I can use the ECF system and the Federal Pro Bono Office ensures that I can have at least some semblance of assistance of counsel.

## IDENTITIES OF THE PARTIES

4.      The Plaintiff is a small Youtuber and Twitch streamer who goes by the alias "Acerthorn." My eponymous Youtube and Twitch channels can be found by going to the URLs of www.youtube.com/acerthorn and www.twitch.tv/acerthorn, respectively.

5.      The individual defendant is an unknown person who goes by the alias "CMDR ImperialSalt" on Youtube, and the alias "ZellZander" on the website of kiwifarms.net. His name and address are not yet known, but his billing information (including his name and billing address) are on file with Youtube LLC, so I can easily subpoena that information from Youtube LLC so he can be served with process.

## FACTS OF THE CASE

6.      The following facts are necessary to understand this case.

### June 25, 2022 Livestream

7.      In early June of 2022, another Youtuber and I agreed to do a livestream debate together on my Twitch channel. This other Youtuber goes by the alias "Vacant," and I do not know his real name. He agreed in writing that he would not be a co-author of the livestream, and even if he hadn't agreed to that, he still did not participate in affixing the stream into any tangible medium of expression, which is necessary to be considered a co-author. See Garcia v. Google, Inc., 786 F. 3d 733, 744-45 (9th Cir. 2015) (citing Community for Creative Non-Violence v. Reid, 490 US 730, 737 (1989)). Therefore, I am the sole author and sole copyright holder of this stream.

8.      We agreed to have the debate stream on June 25, 2022. So on June 10, 2022, I made a video for my Youtube channel announcing the time, place, and subject-matter of the stream. That video can be found here https://youtu.be/fD-Fr0Aq6a0. At timestamp 0:28 of that video, at the bottom of the screen, I provide a disclaimer stating that I will be seeking copyright registration of this debate stream. I applied for registration on June 29, 2022. The case number for that registration application is 1-11475009171.

9.      As of the time of this writing, the registration is currently pending. However, seeing as

Complaint

(A) it was originally a live broadcast, (B) I notified viewers of the stream well over 48 hours in advance, (C) I disclaimed to those viewers that I intended to seek registration of the work, and (D) I applied for registration four days after the stream happened (which is well within the 3-month time limit required by 17 USC § 411(c)(2)), I am not required to have registration in-hand at the start of litigation, as normally required by Fourth Estate Public Corp v. Wall-Street. com, LLC, 139 S. Ct. 881 (2019).

10.      Anyway, Vacant and I had the debate stream on June 25, 2022 as planned. After the debate ended, I transferred the video to my Youtube channel, but I restricted viewing of that video to those who paid my channel at least $1 per month. Were it not for this paywall, the video could be viewed at the following url: https://youtu.be/u4lf3e5zYxs

### Infringement #1: June 28, 2022 downloading of video

11.      On June 28, 2022, the defendant – acting under the alias "CMDR ImperialSalt" – paid my channel the $1 fee to see the stream. Rather than watch the stream on Youtube, he instead proceeded to download the stream onto his computer. This constitutes the first count of copyright infringement: Illegally downloading the video in the first instance. This is obviously illegal under copyright law, just like how it is illegal to use a torrent app to download entire movies or video games without paying for them.

12.      Furthermore, as we will soon see, his entire purpose for committing this act of infringement was in order to commit Infringement #2.

### Infringement #2: Reposting the video on KiwiFarms

13.      Later that same day, the defendant went to a website called kiwifarms.net, where he announced that he had "managed to retrieve a copy of his [my] Elden Ring 'Debate' and [was] in the process of compressing the file to about 200mb at the moment."

14.      Approximately 1½ hours later, he posted the entire video, literally every single second of it, onto the Kiwi Farms website. This post can be viewed at the following url:

```
https://kiwifarms.net/threads/david-anthony-stebbins-acerthorn-
    stebbinsd-fayettevillesdavid.116370/page-45#post-12293426
```

15.      While posting the video, he gave all of *two sentences* worth of criticism and commentary:

"I like how 8 minutes into it starts to devolve. The sores on his face is apparently he 'cut himself while shaving.'" This is not nearly enough criticism or commentary for him to have even the slightest case for fair use, especially when he uploads the *entire video*.

16.    A short time later, he made a post admitting that he paid the $1 fee for the sole purpose of acquiring the video so he could repost it on KiwiFarms, as I alluded to in ¶ 11 of this Complaint. As of the time of this writing, this post can be found at the following url:

```
https://kiwifarms.net/threads/david-anthony-stebbins-acerthorn-
    stebbinsd-fayettevillesdavid.116370/page-45#post-12294242
```

### ARGUMENT & LAW

17.    "There are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying by the defendant." See Hustler Magazine, Inc. v. Moral Majority, Inc., 796 F. 2d 1148, 1151 (9th Cir. 1986).

18.    For the first element, the factual allegations contained in ¶¶ 6-9 of this Complaint should be sufficient to establish that I am the original and sole author and copyright holder of the livestream in question.

19.    For the second element, the factual allegations of ¶¶ 10-15 establish that the defendant knowingly and maliciously copied the video and distributed copies without my authorization.

20.    Therefore, I have sufficiently alleged a cause of action against the defendant for two instances of copyright infringement.

21.    Meanwhile, the factual allegations in ¶¶ 12 & 16 are sufficient to show the intent required by 17 USC § 504(c)(2) for heightened statutory damages.

### RELIEF REQUESTED

22.    I request the following equitable and monetary relief from the defendant:

23.    First, I request statutory damages of $150,000. I registered the work only four days after first publication, which is well within the 3-month time limit for statutory damages required by 17 USC § 412(2). Meanwhile, the factual allegations in ¶¶ 12 & 16 are sufficient to show the intent required by 17 USC § 504(c)(2) for heightened statutory damages.

24.    In addition to that, I ask that the Court issue an injunction ordering the defendant to cease

Complaint

and desist his unlawful distribution of the debate video.

25.   I also ask that the Court, pursuant to 17 USC § 503(b), to order the impounding of the defendant's computers and smartphones, and have them be wiped clean of any instances of infringement. I ask that the Defendant be made to bear the costs of this impounding and disposition.

26.   I also ask the Court to order the defendant to undo all instances of infringement that occurred as a direct or indirect result of his posting the video on KiwiFarms. This includes ensuring that all instances that appear on any other website must be taken down, as long as the posters obtained the copy of the stream thanks to the defendant posting it on KiwiFarms.

27.   Last but not least, I also ask for whatever other relief the Court believes is necessary to make me whole in this case.

## CONCLUSION

28.   Wherefore, premises considered, I respectfully pray that the Court declare that the defendant infringed on my copyright, that he be ordered to pay me statutory damages of $150,000, that I receive all appropriate equitable relief, costs incurred be awarded, and for any other relief to which I may be entitled.

So requested on this, the 6th day of July, 2022.

David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

-5-                                      Complaint