David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                      acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                            PLAINTIFF

VS.                           Case 3:22-cv-04082-AGT

JOHN DOE, d.b.a. "CMDR IMPERIALSALT" & "ZELLZANDER"   DEFENDANTS

### MOTION TO STRIKE DKT. 41 (ANSWER TO COMPLAINT) OR IN THE ALTERNATIVE TO CONSTRUE SAME AS A MOTION TO SET ASIDE ENTRY OF DEFAULT AND PLAINTIFF'S OPPOSITION TO SAME

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Strike the Defendant's pro se Answer to Complaint as being procedurally improper, or in the alternative, to construe his filing as a motion to set aside entry of default, and accordingly, my opposition to said motion.

**Answer to Complaint is procedurally improper as Defendant has been entered in Default.**

1.      First, the Defendant has been entered in default in this case. See Dkt. 37. Therefore, before the Defendant is allowed to do anything else in the case, he must first (A) file a Motion to Set Aside Entry of Default, and (B) have that motion be granted by the Court. If he wanted to simply file his Answer and leave it at that, he should have done so when he first had the chance, on or before March 25, 2024, the final deadline for him to make an appearance in the case.

2.      Of course, pro se pleadings are to be construed liberally, so perhaps the Court may choose to construe his filings as a motion to set aside entry of default. This leads me to my next point:

**The Court should deny the motion for entry of default, as the Defendant has not shown the requisite good cause for doing so.**

3.      You can't get an entry of default set aside just because you finally decided to show up. Fed.R.Civ.P. 55(c) states that the Court "may set aside an entry of default *for good cause*) (emphasis added). What counts as "good cause" is ultimately at the discretion of the court, but

3:22-cv-04082-AGT                        -1-                        Motion to Strike

the Defendant here has not offered any good reason why it should.

4.      Setting aside default isn't just a simple matter of "Well, I'm here now. Sorry I'm late." You also have to consider the three Falk Factors. See US v. Signed Personal Check No. 730, 615 F. 3d 1085, 1091 (9th Cir. 2010) ("To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party") (citations and quotations omitted).

5.      These factors are disjunctive, so any one of them weighing in my favor is grounds for the court to refuse to set aside the entry of default.

Falk Factor #1: Whether the Defendant engaged in culpable conduct that led to the default

6.      The Defendant has not shown any good reason why the entry of default was not his fault. As I pointed out in Dkt. 38-8, ¶¶ 42-45, it is highly unlikely that his default was due to excusable neglect. If the Defendant disagrees, the burden falls to him to show good cause why he is not to blame for his own default. For example, in Case 4:21-cv-04184-JSW (Stebbins v. Polano), Dkt. 76, defendant Facebook, Inc. argued that they were not at fault for the entry of default because, since being served with process, I was granted leave to file, and subsequently filed a Second Amended Complaint, which lead to honest, good faith confusion as to whether a response from that party was even still necessary.

7.      Here, the Defendant has shown no such good cause. Just on this alone, the Defendant fails the Falk Factors and thus should have his motion to set aside entry of default (should the court choose to interpret it as such) be denied just on this alone. After all, the factors are disjunctive, so any one of them weighing in my favor is grounds for the Court to refuse to set aside the entry of default.

Falk Factor #2: Whether the Defendant has no meritorious defense

8.      The second Falk Factor – whether the Defendant has no meritorious defense – that factor also weighs in my favor. As I pointed out in Dkt 38-8, ¶¶ 14-24 and ¶¶ 29-41, there is no defense the Defendant can possibly raise.

9.      The Defendant certainly makes some strained effort to raise some highly speculative

defenses, but nearly all of them are frivolous, almost to the point where they would be subject to being stricken pursuant to Fed.R.Civ.P. 12(f).

10.    First, he insists that venue should be transferred to the Central District, since that is where he lives at the moment. However, it was not where he lived at the time the lawsuit was first filed. As I pointed out in the Complaint, the first count of infringement was not him reposting the stream on Kiwi Farms, but instead was him *downloading* the stream onto his computer. That occurred on YouTube's servers and therefore was subject to jurisdiction in the Northern District of California.

11.    As I pointed out in the Complaint, "Imagine how this would work in a world without Internet. Imagine if someone stole some merchandise from a Californian retailer, and then drove to Florida to distribute the stolen goods. In such a case, both Florida and California would have concurrent jurisdiction over the dispute." The same thing applies to the Northern vs. Central Districts of California.

12.    Even if we were to assume that the Central District would have had exclusive jurisdiction had he been living there since the beginning of the case, it is preposterous to assume that the Central District (which otherwise had nothing at all to do with the case at the time it was filed) somehow takes exclusive jurisdiction[1] simply because the Defendant moved there while the case was still pending. Such a prospect is ludicrous on its face.

13.    He next argues that I have not registered the copyright. But I very clearly did. The registration number is PA0002364261. I even provided this Notice of Copyright Action earlier in this case. See Dkt. 9 and 9-1. Therefore, this defense is clearly baseless.

14.    For what it's worth, I was not required to have the registration in hand before I filed suit, for reasons I explained in Dkt. 1, ¶ 9, Dkt. 7, as well as Dkt 38-8, ¶ 39.

15.    His claim that I cannot receive statutory damages is equally meritless. The statute he cites – 17 USC § 412(2) – clearly states that I can recover statutory damages as long as one of two conditions are met: Either (A) the registration predates the infringement, or (B) the copyright was registered within three months of the first date of publication. The first of these two condi-

---

[1]    not just concurrent jursidiction, but *exclusive* jurisdiction, to the point where the Northern District does not have jurisdiction over the dispute at all

tions was not met in this case, but the second one is. As the Court can clearly see by checking the copyright registration, the date of publication was June 25, 2022, while the date of registration was June 29, 2022, well within the three month time limit to register the infringement. Therefore, this defense is baseless and frivolous. This is public record, so the Court can take judicial notice of it and the Defendant cannot plausibly deny this fact without substantial proof.

16.     Next, he raises the defense of fair use. However, for reasons I've already explained in Dkt. 38-8, ¶¶ 34-35, there is no case that can possibly be made for fair use. This reposting was not the least bit transformative, and he reposted the whole stream in its entirety. His goal was not, and never was, to criticize the stream, but instead to remove the paywall for everyone else.

17.     His penultimate defense is that I did not file a DMCA Takedown with Kiwi Farms. This, however, is not a defense, owing to the simple fact that I am not required to do that. There are some laws that require the plaintiff to exhaust administrative remedies before filing suit, but copyright law is not one of them. The Defendant certainly does not cite to any legal authority stating that this is required.

18.     The DMCA Takedown process is an optional one. The DMCA Counter-Notification can be useful for obtaining the defendant's legal name and address so he can be served with process without having to subpoena anyone like in this case, but it is not a requirement that I use that specific method of obtain his information, as evidenced by the simple fact that this Court allowed me to subpoena YouTube & Google to get Jones' information that way, and the Court was entirely okay with me doing that.

19.     The only time the DMCA Takedown becomes a legal requirement is if I am seeking to sue the ISP (in this case, Joshua Moon and Lolcow LLC). If they refuse to process the takedown, then they lose their safe harbor immunity from suit and can be vicariously liable for the infringement. However, Defendant Jarrod Jones is the direct infringer, and therefore never had safe harbor in the first place, so any DMCA Takedowns I may or may not have issued are entirely irrelevant here.

20.     His final defense is to point out that I have been declared a vexatious litigant by Judge Trina Thompson since this case got filed. However, he cites to no authority stating that this

should terminate my substantive rights in the instant case (which is presumably the whole point of making it an affirmative defense in the first place). A declaration of vexatiousness – especially one that post-dates the filing of the instant case – carries no weight on its own.

21.    In conclusion, the second Falk Factor weighs definitively in my favor. The only defenses the Defendant even *tries* to raise are patently frivolous on their face. Since only one falk factor weighing in my favor is enough to defeat his motion to set aside entry of default, his efforts to set it aside must fail.

**If the Court allows the Answer to remain, it should still strike the defenses and counter-claims pursuant to Rule 12(f). Barring that, I move for a more definite statement.**

22.    As I alluded to above, Fed.R.Civ.P. 12(f) gives the Court the power to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." For the reasons set forth above, all six[2] affirmative defenses raised by the Defendant are patently without merit should be stricken.

23.    At best, the Court should order a more definite statement regarding these six defenses. Why does he believe the Central District of California has superseding jurisdiction over the Northern District, where the first act of infringement predominately occurred? Why does he feel that I have failed to register the copyright within three months of publication? Why does he feel his reposting of the stream was fair use? What legal authority leads him to believe that a DMCA Takedown is a legal prerequisite to filing suit? And why should Judge Thompson's declaration be an absolute bar to my relief in the instant case?

24.    As for his counter-claims, those should be stricken for failure to state a claim. When a plaintiff seeks to strike a counter-claim pursuant to Rule 12(f), it should be reviewed under the same standard as when a Defendant moves to dismiss a complaint for failure to state a claim under Rule 12(b)(6), which means the case of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) is controlling. That case states, in pertinent part, the following:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid., a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

---

2   He says it's only five defenses, but the section titled "Second Affirmative Defense" actually lists two defenses instead of just one.

formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."
See id at 1959 (citations and quotations omitted).

25.    Here, the Defendant gives all of three paragraphs in his section titled "Counter-Claims." But in the entire section, he fails to allege any actual tort I committed or any actual law I broke. Construing his pro se pleading *exceptionally* liberally, the closest I can hazard a guess as to what he is alleging is the tort of intentional infliction of emotional distress (IIED), although the Defendant in no way makes that clear. But IIED requires more than just me saying mean things to him (which, as an active member of the notorious Kiwi Farms, he should know that better than anyone; see Dkt 38-8, ¶¶ 63-68 for more details).

26.    To state counter-claim for IIED (if that is, in fact, the tort that Jones is attempting to counter-sue for), a defendant must show: (1) extreme and outrageous conduct by the plaintiff with the intention to cause, or reckless disregard of the probability of causing, emotional distress; (2) suffering of severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress. Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009). Courts have emphasized that extreme and outrageous conduct is conduct that "go[es] beyond all possible [bounds] of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." Mintz v. Blue Cross of Cal., 172 Cal. App. 4th 1594, 1608 (2009) (quotation omitted). "With respect to the requirement that the [defendnt] show severe emotional distress [for an IIED claim]," the California Supreme Court "has set a high bar." Hughes, 46 Cal. 4th at 1051. "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." Id. (citation and internal quotation marks omitted).

27.    There is a good reason why the bar is set so high: Because I still have First Amendment rights. The promises of the First Amendment would be rendered inert and empty if they could be overcome simply because I hurt his feelings without actually doing anything that objectively went beyond the pale.

28.    Jones' "Counter-Claim" section of his filing fails egregiously to clear this exceptionally

high bar. He says that I posted a video to YouTube threatening to release his personal information, but he never alleges that I ever actually released it. Barring that, he fails to state with specificity exactly what I said that he considered to be so threatening. Same thing with the alleged text messages; he doesn't tell us what exactly I said, just that these messages I may or may not have sent are, in some nebulous way, harassing and threatening.

29.     Furthermore, he claims, in ¶ 3 of his "Counter-Claims" section, that he has suffered some nebulous levels of "harm" to his "mental capacity" (whatever that means) and has "sunk into a state of severe depression." He does not, however, allege that this depression was diagnosed by a doctor, or if it was self-diagnosed. This is an important distinction to make, because self-diagnoses are utterly inadmissible in court. Even barring that, he has not stated the extent to which he has been harmed as a result of this conduct.

30.     For these reasons, the Court should strike his counter-claim section in its entirety. If he is to be given an opportunity to file a more definite statement, then he should only get this opportunity once, and he should also be mindful that there are consequences to raising factual allegations in Court that he knows he will never be able to prove.

### Conclusion

31.     The Defendant has failed utterly to follow proper court procedure. He filed an Answer to Complaint despite being entered in default, failed to file a motion to set aside entry of default when he should have, and his defenses and counter-claims are frivolous. The Court should strike the Answer to Complaint in its entirety and proceed with granting me default judgment. If the Court instead chooses to construe his Answer as a Motion to Set Aside Entry of Default, the Court should deny that motion due to his failure to show good cause why the entry of default should be set aside.

So requested on this, the 10th day of April, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)