David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,   PLAINTIFF

VS.   Case 3:22-cv-04082-AGT

JOHN DOE, d.b.a. "CMDR IMPERIALSALT" & "ZELLZANDER"   DEFENDANTS

**MOTION FOR SANCTIONS**

  Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Sanctions in the above-styled action.

1. When a party files a pleading (such as an Answer), he makes four representations to the Court, that (a) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (b) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (c) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (d) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. See Fed.R.Civ.P. 11(b).

2. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any ... party that violated the rule." See Fed.R.Civ.P. 11(c)(1).

3. When a violation occurs, "[s]anctions under Rule 11 are mandatory." See Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F. 2d 1531, 1540 (1986).

4. To avoid sanctions, the allegations contained in the Answer need not be definitively proven. They must be proven in order for him to prevail on the merits, but to avoid sanctions under FRCP 11, the Defendant's need only show that the contents were not frivolous. However, he cannot clear even this exceptionally low bar.

5.     I submitted this motion to the Defendant on June 12, 2024, and agreed not to file this motion if he withdrew his Answer and replaced it with a compliant Answer. See **Exhibit A**. Since Jones has not withdrawn his Answer, this motion is now properly before the Court.

### Violations in the Defendant's Answer

6.     The Defendant's Answer contains the following violations of Rule 11(b):

<u>Denying that he reposted the copyrighted stream in violation of Rule 11(b)(4)</u>

7.     The first thing the Defendant said in his Answer that is a violation of Rule 11(b) is when he denied the allegations contained in ¶¶ 14 & 15 of my Complaint. These were the two paragraphs where I stated that the Defendant, under the alias "ZelLZander," reposted the stream in its entirety while only provided two sentences of arguable criticism or commentary.

8.     This denial is a violation of Rule 11(b)(4) because the Court can see the reposting with its own two eyes. The Defendant is denying what is literally publicly visible for all the world to see. Therefore, the denial cannot possibly be "warranted on the evidence," which is required under Rule 11(b)(4).

9.     Therefore, sanctions are mandatory.

<u>Denying that he downloaded the copyrighted stream in violation of Rule 11(b)(4)</u>

10.    The second thing the Defendant said in his Answer that is a violation of Rule 11(b) is when he denied the allegations contained in ¶¶ 11 & 12 of the Complaint, except for admitting that I advertised the stream for $1 in a YouTube short.

11.    This denial is in violation of Rule 11(b)(4) because he obviously must have downloaded the video. How else could he have gotten it? As I point out in my Motion for Partial Summary Judgment (Dkt. 53), he even publicly admitted to downloading it, both in Exhibit B of that motion, as well as Exhibit E, where he seems to believe that the download button he used was provided by YouTube themselves. Of course, he is wrong about YouTube providing it, for reasons I explained in that motion, but it still proves that he admitted publicly to downloading the video.

12.    Therefore, this denial is not "warranted on the evidence." The Defendant seems to have this delusional belief that, unless I physically catch him in the act, I cannot prove he did it. But that belief has no basis in the law or even in reality.

Case 8:24-cv-01486-JVS-KES   Document 63   Filed 07/03/24   Page 3 of 4   Page ID #:526

13. For the sake of argument, let's assume that he obtained the video through some means other than downloading it. For example, maybe he played the video while screen-capturing[1]. But that still doesn't change anything. He is still guilty of the first count of copyright infringement, and so his denial of same is still in violation of Rule 11(b)(4).

Claiming I did not register the copyright in violation of Rule 11(b)(3)

14. Next, the Defendant raises as an affirmative defense the fact that I have not registered the copyright with the U.S. Copyright Office. Once again, this statement is provably false through a simple search of the Copyright Office's public catalog. ¶¶ 10-12 of the "Motion to Strike or the Alternative for Judgment on the Pleadings," as well as Exhibits A and B attached thereto, prove this statement to be false beyond all reasonable dispute.

15. His attempt to say this registration doesn't exist is just as much in flagrant violation of Rule 11(b)(3) as his reposting of the stream was in flagrant violation of the Copyright Act. Therefore, unless he can provide an *objectively good reason* why he reasonably believed that the registration didn't exist, he should be sanctioned.

Alleging that my claim must fail because I did not file a DMCA Takedown with Kiwi Farms, in violation of Rule 11(b)(2)

16. In one of the few times when the Defendant is technically telling the truth in his Answer, he raises, as an affirmative defense, the fact that I never issued a DMCA Takedownn with Kiwi Farms. While that is true, his violation comes from his next assertion: That I am required to do that before filing suit, similar to the Prison Litigation Reform Act's requirement that a plaintiff must exhaust his administrative remedies before suing in federal court.

17. As I explained in ¶¶ 18-23 of my Motion to Strike or in the Alternative for Partial Judgment on the Pleadings, not only does this defense have no basis in the law, but there is no nonfrivolous argument that can possibly be made "for extending, modifying, or reversing existing law or for establishing new law" in order to make this defense viable. As a result, this defense is in violation of Rule 11(b)(2).

18. The Defendant could potentially avoid sanctions if he can provide a genuine, good faith

---

[1] He didn't, and I can easily prove that if I need to, because I have YouTube analytics proving that he gave the video less than a minute of watch time.

3:22-cv-04082-AGT                                    -3-                                    Motion for Sanctions

argument for why this defense wouldn't be patently absurd. If he can somehow show that adopting this policy wouldn't have the effect mentioned in that Motion of giving direct infringers a "free round" to commit blatant infringement without consequence, then the defense must still fail on the merits[2], but at least he could avoid sanctions for raising the defense in violation fo Rule 11(b)(2).

19.   But if he cannot do that, then I politely remind the Court that sanctions are mandatory when a violation is found. See Golden Eagle, supra.

## Conclusion

20.   Wherefore, premises considered, I respectfully pray that the Defendant be sanctioned for filing this patently frivolous Answer designed solely to delay the inevitable.

So requested on this, the 3rd day of July, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)

---

2   After all, even if that might be a really good idea, the bottom line is that it isn't the law at present, and courts cannot legislate from the bench.