

David Stebbins (pro se Plaintiff)  123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947  acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,  PLAINTIFF

VS.  Case 8:24-cv-01486-JVS-KES

JOHN DOE, d.b.a. "CMDR IMPERIALSALT" & "ZELLZANDER"  DEFENDANTS

**MOTION TO SET HEARING, MOTION FOR LEAVE TO APPEAR REMOTELY, AND MOTION TO REASSIGN CASE**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Set Hearings in the above-styled action. I also move for leave to appear remotely in said hearings, and also for this case to be reassigned to a different judge who permits remote appearances.

1. When the case was pending in the Northern District, I had filed four motions:

    - Motion to Strike or in the Alternative for Partial Judgment on the Pleadings (Dkt. 54)
    - Motion for Partial Summary Judgment (Dkt. 55)
    - Motion to Set Scheduling Order (Dkt. 56)
    - Motion for Sanctions (Dkt. 63).

2. If the first two of those four motions (Dkt. 54 and 55) are granted in full, the only things that remain in this case to be litigated would be the extent of damages the Defendant owes me, as well as his counter-claim.

3. These motions were originally scheduled to be orally argued on July 12, 2024, but the judge transferred the case to this district. I ask the Court to set a new date for these motions to be orally argued. I ask the Court to set a much earlier date than it normally would, ideally as early as July 15, so as to minimize the delay caused by this transfer.

4. I also ask the Court for leave to appear for these oral arguments either by zoom or telephonically. Magistrate Judge Karen Scott permits telephonic appearance with leave of court, whereas District Judge James Selna does not. See http://www.cacd.uscourts.gov/judges-

schedules-procedures. If Judge Scott is the one who would hear the oral arguments and then prepare a Report & Recommendation for District Judge Selna, then there is no good reason why this leave should not be routinely granted.

5. If District Judge Selna is the one planning on hearing the oral arguments in the first instance, however, then he does not appear to permit remote apperances in any capacity. Even if Judge Scott grants leave to appear remotely this one time, we'd still have to work around Judge Selna's policy for the rest of the case.

6. For this reason, I ask that Judge Selna remove himself from the case and assign the case to a district judge who permits remote appaerances.

7. District Judges Anderson, Bernal, Birotte, Fairbank, Fischer, Fitzgerald, Gutierrez, Keller, Pregerson, Snyder, Staton, Sykes, Walter, Wright, and Wu all appear to allow remote appearances as a matter of course.

8. Meanwhile, District Judges Gee, Aenlle-Rocha, Blumenfeld, Frimpong, Garnett, Hatter, Hsu, Kato, Kronstadt, Olguin, Wilson, all require in-person appearance by default but at least give parties the option to request leave to appear remotely.

9. So the Court has plenty of options it can assign the case to.

10. This request is not an attack on Judge Selna's impartiality or fitness to serve as a judge. It is merely an observation that his ways of conducting business make court access prohibitively expensive for me. There are no hard feelings with this request.

### Why I cannot appear in person

11. The following are the reasons, both why Judge Scott should permit remote appearance, and also why Judge Selna should reassign the case (preferably to one of the judges listed in ¶ 7 above).

12. First, I am pro se and am proceeding in forma pauperis. See Dkt. 2. Making the trip to Los Angeles would be prohibitively expensive for me even in the best case scenario, but this is made even more prohibitive due to the fact that I do not have an automobile. For that reason, I wouldn't be able to attend in person even in my own federal judicial district.

13. Sometimes, the Courts may choose not to have sympathy for plaintiffs in this regard

because, unlike defendants, the plaintiffs voluntarily threw themselves onto the mercy of the Courts. This case, however, is an exception to that rule. I didn't choose the Central District of California. I chose the *Northern* District of California for this case, and then the case was transferred over my explicit written objections.

14. When these motions were filed in the *Northern* District, they were all set for oral argument by video conference. See **Exhibits A**. So I should not be deprived of that convenience at this stage just because the case has been transferred.

## Conclusion

15. Wherefore, premises considered, I respectfully pray that the aforementioned relief be granted.

So requested on this, the 9th day of July, 2024.

/s/ David Stebbins

David Stebbins (pro se)

# EXHIBIT A

Activity in Case 3:22-cv-04082-AGT Stebbins v. CMDR ImperialSalt et al Motion for Partial Summary Judgment

From: ecf-cand@canduscourts.gov
To: efiling@canduscourts.gov

Acerthorn/CMDR I...    Wed, Jun 12 at 7:16 PM

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 6/12/2024 at 5:15 PM and filed on 6/12/2024
**Case Name:** Stebbins v. CMDR ImperialSalt et al
**Case Number:** 3:22-cv-04082-AGT
**Filer:** David A. Stebbins
**Document Number:** 55

**Docket Text:**
MOTION for Partial Summary Judgment *as to the issue of liability for copyright infringement* filed by David A. Stebbins. Motion Hearing set for 7/12/2024 02:00 PM in San Francisco, - Videoconference Only before Magistrate Judge Alex G. Tse. Responses due by 6/26/2024. Replies due by 7/3/2024. (Attachments: # (1) Exhibit A, # (2) Exhibit B, # (3) Exhibit C, # (4) Exhibit D, # (5) Exhibit E)(Stebbins, David) (Filed on 6/12/2024)

**3:22-cv-04082-AGT Notice has been electronically mailed to:**

David A. Stebbins    acerthorn@yahoo.com

Jarrod Jones    jarrod@stangranch.com

**3:22-cv-04082-AGT Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Plaintiff's 1st Motion for PSJ.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/12/2024] [FileNumber=21375393-0]