**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                    Date: July 12, 2024

Title: DAVID A. STEBBINS v. CMDR IMPERIALSALT, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER re Plaintiff's Motions**
**[Dkt. 54, 55, 56, 63, 66, 67, 69]**

I.     **Background.**

A. **The Complaint.**

In July 2022, Plaintiff David A. Stebbins of Harrison, Arkansas ("Plaintiff") filed this copyright infringement action in the U.S. District Court for the Northern District of California ("N.D. Cal.") against John Doe, a computer user known by the aliases "CMDR ImperialSalt" and "ZellZander" ("Defendant").

The Complaint alleges that Plaintiff is a "small Youtuber and Switch streamer" under the name "Acerthorn." (Dkt. 1 at ¶ 4.)  On June 25, 2022, Plaintiff and another Youtuber (alias "Vacant") livestreamed a debate about Elden Ring, a video game.  (Id. at ¶¶ 10, 13.)  Plaintiff made a video of the debate (the "Debate Video"), and he posted it on his YouTube channel, but he restricted viewing to those who paid his channel at least one dollar per month.  (Id. at ¶ 10.)

A few days later on June 28, 2022, Defendant paid Plaintiff's channel the one dollar fee to see the Debate Video.  (Id. at ¶ 11.)  He downloaded the Debate Video onto his computer.  Later that same day, Defendant posted the Debate Video on a website called kiwifarms.net along with "two sentences worth of criticism and commentary"

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                  Date: July 12, 2024
                                                                 Page 2

critical of Plaintiff.  (Id. at ¶¶ 13-15.)  Plaintiff alleges that Defendant's downloading of the Debate Video and posting of the Debate Video on kiwifarms.net constitute two acts of copyright infringement.  Plaintiff seeks statutory damages in the amount of $150,000 and a court order directing Defendant to "cease and desist unlawful distribution of the Debate Video."  (Id. at ¶¶ 23, 24.)  He also seeks a court order "impounding of the defendant's computers and smartphones, and have them be wiped clean of any instances of infringement," at Defendant's cost.  (Id. at ¶ 25.)

He applied to register the copyright for the Debate Video "four days after the stream happened," so on June 29, 2022.  (Id. at ¶ 29.)  When he filed the Complaint, his registration application was still pending.  (Dkt. 6.)

## B.  Service of Process.

In November 2022, the N.D. Cal. authorized a subpoena to YouTube (owned by Google) to try to identify Defendant.  (Dkt. 15.)  Plaintiff was ordered to provide "the true names and current address of the Doe defendants" by December 19, 2022.  (Id.)  On January 4, 2023, Plaintiff notified the court that Google had identified Defendant as Jarrod Jones.  (Dkt. 23.)  Google provided potential addresses in Oregon and Washington.  (Id.)

Because Plaintiff was proceeding in forma pauperis ("IFP"), the N.D. Cal. authorized the U.S. Marshal Service ("USMS") to serve Defendant at an address in Everett, Washington.  (Dkt. 26.)  When the USMS attempted service at that address, they spoke to Defendant's parent.  They advised that Defendant no longer lived at that address and was living instead in California.  (Dkt. 31.)

On March 1, 2024, the N.D. Cal. authorized Plaintiff to serve Defendant by email using the address zellzander@gmail.com.  (Dkt. 34.)

On March 26, 2024, Plaintiff requested entry of default.  He declared that he had served Defendant by email pursuant to the court's instructions and Defendant had failed to appear by March 25, 2024.  (Dkt. 36.)

## C.  Relief from Default and Subsequent Filings.

On March 27, 2024, the N.D. Cal. Clerk entered default against Defendant.  (Dkt. 37.)  That same day, Plaintiff moved for a default judgment.  Plaintiff reported that he had received copyright registration number PA0002364261.  (Dkt. 38-8 at ¶ 20.)  The video was no longer visible on the Kiwi Farms website, except via a dark web URL that Plaintiff provided.  (Id. at ¶¶ 16-17.)  Among other relief, Plaintiff sought at least $750 in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                    Date: July 12, 2024
                                                                   Page 3

statutory damages, up to $150,000 in discretionary statutory damages.  (Id. at ¶ 50.)

On April 10, 2024, Defendant appeared in the action by filing an IFP application. (Dkt. 39.)  He also filed an Answer and Counterclaim.  (Dkt. 40, 41.)  The N.D. Cal. struck the Answer and Counterclaim because Defendant filed them while in default, but directed Defendant to move to set aside the default.  (Dkt. 44.)  Defendant moved to set aside the default.  (Dkt. 45.)  He explained that he used to live with "disgruntled parent" in Washington who did not tell him about the USMS's service attempt but who did tell him about the default.  (Id. at 1.)  He also explained that he did not regularly use the Gmail account where Plaintiff had served the complaint.  (Id.)  He had moved in with a friend in Fullerton.  (Id.)  The N.D. Cal. granted relief from default.  (Dkt. 48).

Thereafter, Defendant again filed an Answer and Counterclaim.  (Dkt. 51, 52, 53.) He subsequently filed a "corrected" Answer and Counterclaim.  (Dkt. 57.)  Defendant alleged that he was authorized to download the Debate Video because he was "paying YouTube for Premium access which includes downloading videos … to watch later." (Dkt. 57 at ¶ 11.)  Defendant denied that his posting of the video with commentary was not fair use because it was intended to be "educational" and "spur further commentary." (Id. at ¶ 15.)  Defendant denied retaining any ability to "remove" the video from the Kiwi Farms website because he "no longer has access to the account."  (Id. at ¶ 24.)  Defendant raised five affirmative defenses, including improper venue.  (Id. at 4.)  The Counterclaim alleges that Plaintiff "decided to violate the privacy of many others" and intended to release Defendant's "personal information through intimidation."  (Id. at 5.)  Defendant received "several threatening and harassing text messages" from Plaintiff which made Defendant fearful because public litigation records showed that Plaintiff had threated someone in the past.  (Id.; Dkt. 57-4, 57-6; see also Dkt. 59 at 4 (quoting Arkansas judge who found Plaintiff "most likely homicidal").

Plaintiff answered the Counterclaim.  (Dkt. 58.)  Plaintiff denied sending the text messages that Defendant had attached to the Counterclaim as exhibits.  (Id. at ¶ 4.)

Plaintiff also responded to the Answer/Counterclaim by moving to strike Plaintiff's affirmative defenses (Dkt. 54, the "Motion to Strike"), moving for partial summary judgment (Dkt. 55, the "Partial MSJ"), and moving for a scheduling order (Dkt. 56, the "Scheduling Motion").  Plaintiff also filed a Rule 11 sanctions motion.  (Dkt. 63, the "First Sanctions Motion").

Defendant opposed some of these filings.  (See Dkt. 59 (opposing the Partial MSJ); Dkt. 60 (responding to the not-yet-filed First Sanctions Motion and requesting sanctions against Plaintiff).)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                              Date: July 12, 2024
                                                            Page 4

### D.  Transfer and Subsequent Filings.

On July 3, 2024, the N.D. Cal. transferred the case to this Court because Defendant resides in this district.  (Dkt. 64.)

Plaintiff subsequently filed an application for permission to e-file.  (Dkt. 66.)  He also filed a motion asking this Court to (1) rule on his pending motions at Dkt. 54, 55, 56, and 63 and (2) reassign his case to a district judge who accepts telephonic appearances. (Dkt. 67.)  Plaintiff filed a second Rule 11 Motion.  (Dkt. 69, the "Second Sanctions Motion").

On July 9, 2024, the District Judge referred Dkt. 66 and Dkt. 67 (which encompass Dkt. 54, 55, 56, and 63) to the Magistrate Judge.  (Dkt. 68.)  He also referred Dkt. 69 to the Magistrate Judge.  (Dkt. 74.)  The Magistrate Judge has addressed all of these matters in this Minute Order, providing non-dispositive rulings.  See Fed. R. Civ. P. 72.

### II.     Discussion of Plaintiff's Motions.

First, the Court finds all of these matters appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  The Court, therefore, denies Plaintiff's requests for hearings on these motions, either remotely or in-person.

### A.  Dkt. 54: The Motion to Strike.

District courts have authority to strike from any pleading any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  "Motions to strike are disfavored, because they may be used as delaying tactics and because of the strong policy favoring resolution on the merits."  Chen v. Geo Grp., Inc., 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018) (citations omitted).

Plaintiff argues that the Court should strike all of Defendant's affirmative defenses because they lack merit.  (Dkt. 54 at ¶ 2.)  The Motion to Strike addresses six affirmative defenses, i.e., those Defendant pleaded in Dkt. 51 rather than the corrected Answer at Dkt. 57.  The Court considers only those arguments pertinent to the five affirmative defenses in Dkt. 57.

### 1.     Affirmative Defense One: Improper Venue.

Defendant pleaded that venue was improper in the N.D. Cal. and that the action should be transferred to the Central District of California.  (Dkt. 57 at 4.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                    Date: July 12, 2024
                                                                          Page 5

      Plaintiff argues that this is meritless because Defendant did not live in the Central District of California when the Complaint was filed in 2022.  (Dkt. 54 at ¶ 6.)  He then argues that "jurisdiction" exists in the N.D. Cal. because YouTube's servers are located there.  (Id.)  Alternatively, he contends that the case should now be transferred to the Western District of Washington because that is where Defendant lived with his parent in July 2022  when the alleged infringement occurred.  (Dkt. 54 at ¶ 9.)

      Generally, in a federal question case, venue is proper in a judicial district in which (1) any defendant resides, if all defendants reside in the same state, (2) "a substantial part of the events or omissions giving rise to the claim occurred," or (3) the defendants are subject to personal jurisdiction, if there is no other district in which the action could be brought.  28 U.S.C. § 1391(b).  Civil actions related to copyrights "may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice."  28 U.S.C. § 1406(a).  Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The purpose of the venue statute is to "give defendants some control over the place of trial.  Otherwise, plaintiff could file suit in some remote district where it might be unreasonably burdensome to defend."  Remley v. Lockheed Martin Corp., No. 00-2495, 2001 U.S. Dist. LEXIS 7990 at *9, 2001 WL 681257 at *3 (N.D. Cal. June 4, 2001) (citing William W. Schwarzer, et al., Federal Civil Procedure Before Trial P 4:1.1 (2000)).

      The N.D. Cal. already exercised its discretion to transfer the case, ruling on July 3 as follows: "Venue in the Central District is appropriate; it is the 'judicial district in which [the] defendant resides.'  28 U.S.C. § 1391(b)(1).  The Central District is also the more convenient district.  See 28 U.S.C. § 1404(a)."  (Dkt. 64.)  The N.D. Cal., therefore, already ruled that Defendant's first affirmative defense has merit and granted the requested relief.  For these reasons, this Court DENIES Plaintiff's motion to strike Affirmative Defense One.

      Transfer orders made under 28 U.S.C. § 1404(a) can be challenged via a petition for writ of mandamus.  NBS Imaging Systems, Inc. v. United States Dist. Court for Easter Dist., 841 F.2d 297, 298 (9th Cir. 1988).

## 2.     **Affirmative Defense Two: Lack of Timely Registration.**

Defendant alleges that the copyright certificate Plaintiff produced may be

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                              Date: July 12, 2024
                                                            Page 6

inaccurate or, alternatively, that Plaintiff did not register or apply to register the work before the alleged acts of infringement. (Dkt. 57 at 4.) These allegations are not precluded by facts subject to judicial notice. Defendant may seek support for these theories through discovery. For these reasons, this Court DENIES Plaintiff's motion to strike Affirmative Defense Two.

### 3.      Affirmative Defense Three: Fair Use.

In determining whether given conduct constitutes infringement, the affirmative defense of fair use "permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." Stewart v. Abend, 495 U.S. 207, 236 (1990). The common law doctrine of fair use was codified in the Copyright Act of 1976: "The fair use of a copyrighted work … for purposes such as criticism, comment, news reporting, teaching[], scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. Courts must consider four non-exclusive factors in determining whether a constitutes non-infringing fair use. Id. As a result, the "fair use analysis is fact intensive." In re DMCA § 512(H) Subpoena to Twitter, Inc., 608 F. Supp. 3d 868, 879 (N.D. Cal. 2022).

Plaintiff asks the Court to find that this affirmative defense lacks merits based on the facts he alleged in the Complaint. But as is clear from his Answer, Defendant disagrees with Plaintiff's factual allegations, and he may develop evidence via discovery to disprove them. For these reasons, this Court DENIES Plaintiff's motion to strike Affirmative Defense Three.

### 4.      Affirmative Defense Four: Lack of Warning/Mitigation.

Defendant pleads that Plaintiff has not asked Kiwi Farms to remove the posting, thereby "build[ing] up fines" to support his case. (Dkt. 57 at 4.) Indeed, Plaintiff has frequently referred to the dark web URL for the Debate Video in his public court filings, thereby making it easier for others to find it for free on the dark web rather than subscribing to his YouTube channel. These facts support a claim that Plaintiff has not acted reasonably to mitigate his damages. The Court, therefore, DENIES Plaintiff's motion to strike Affirmative Defense Four.

### 5.      Affirmative Defense Five: Vexatious Litigant Status.

Defendant pleads that the N.D. Cal. "recently" found Plaintiff to be a vexatious litigant. (Dkt. 57 at 4.) Indeed, in August 2023, the N.D. Cal. granted a motion to declare Plaintiff a vexatious litigant. See Stebbins v. Google LLC, No. 23-00322, 2023

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                     Date: July 12, 2024
                                                                              Page 7

U.S. Dist. LEXIS 169937, 2023 WL 6139454 (N.D. Cal. Aug. 30, 2023).  Plaintiff also
has pre-filing restrictions in the Western District of Arkansas, as follows:

> The fact remains that Mr. Stebbins has not succeeded on the merits
> in any of the numerous cases he has filed in this District. Whether or
> not Mr. Stebbins made his filings based on his own good faith belief
> in their merits does not change the fact that he has a history of filing
> ultimately meritless cases upon which the Court has been forced to
> expend countless hours of time and judicial resources.  Not only has
> Mr. Stebbins filed numerous cases, but he has also filed over one
> hundred motions within those cases, some of which have been
> repetitive, and few of which have had any merit.

Stebbins v. Stebbins, No. 12-03130, 2013 U.S. Dist. LEXIS 93528 at *3-4, 2013 WL
3353865 at *1 (W.D. Ark. July 3, 2013), aff'd, 575 F. App'x 705, 705 (8th Cir. 2014).

While the N.D. Cal.'s vexatious litigant order was made *after* Plaintiff filed the
instant action, Defendant could reasonably ask the N.D. Cal. to exercise any available
discretion to limit Plaintiff's filings to the extent they violated the requirements of the
later vexatious litigant order.  The Court, therefore, DENIES Plaintiff's motion to strike
Affirmative Defense Five.

### 6.      Other Relief.

As an alternative to striking Defendant's affirmative defenses, Plaintiff asks the
Court to grant partial judgment on the pleadings by adjudicating all of Defendant's
affirmative defenses to be meritless and declaring Plaintiff eligible to recovery statutory
damages.[1]  (Dkt. 54 at ¶¶ 3-4.)  For the same reasons that the Court DENIED Plaintiff's
Motion to Strike Defendant's affirmative defenses, the Court DENIES Plaintiff's request
to adjudicate those affirmative defenses at the pleading stage in Plaintiff's favor.

### B. Dkt. 55: The Partial MSJ.

Plaintiff asks the Court to rule that "as a matter of law, that the Defendant is liable
to me for one count of copyright infringement, and that the only thing that remains to be

---

[1] The Motion to Strike also argues that Defendant "attempts to raise a counterclaim for
what appears to be Intentional Infliction of Emotional Distress (IIED), but he fails to state
a claim upon which relief can be granted."  (Id.)  The Court does not interpret the Motion
to Strike as moving to dismiss the counterclaim, because Plaintiff already filed an
Answer at Dkt. 58.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                    Date: July 12, 2024
                                                                              Page 8

litigated is the extent of damages." (Dkt. 55 at ¶ 38.)  He also asks the Court to rule that undisputed facts show Defendant's actions were "willful and malicious." (Id. at ¶ 39.)

Plaintiff's motion is DENIED for several reasons.  First, it does not comply with the Central District of California's Local Rules governing motions for summary judgment.  See L.R. 56-1, 56-2, 56-3.  Second, it does not comply with the Central District of California's Local Rules requiring that the parties meet and confer in good faith before filing motions.  See L.R. 7-3.  Third, it was apparently filed before the N.D. Cal. authorized discovery, such that Defendant has had no opportunity to develop evidence to dispute Plaintiff's contentions.  See Fed. R. Civ. P. 56(d).  Fourth, it is largely based on Plaintiff's unsuccessful argument that "no affirmative defenses are available." (Dkt. 55 at 3.)  As discussed above in connection with the Motion to Strike, it is premature to assess the merits of all Defendant's affirmative defenses.  Fifth, there are clearly disputed facts about Defendant's state of mind because Defendant pleaded that he thought he could legally download the Debate Video and it was "fair use" to post it with commentary.  (Dkt. 57 at ¶¶ 11, 15, 19.)  This denial is without prejudice to Plaintiff filing a properly formatted motion for summary judgment at a later time when authorized by the Court.

Courts have broad discretion to efficiently manage civil litigation.  See Fed. R. Civ. P. 1.  Premature, piecemeal motions that challenge entire claims and defenses at the pleading stage create unnecessary work for the litigants and the Court.  To avoid such inefficiency, ***the Court hereby PROHIBITS either party from moving for summary judgment, partial summary judgment, or judgment on the pleadings until further order of the Court.  The Court also PROHIBITS the parties from filing any motions under Rule 12 until further order of the Court.***

### C.  Dkt. 56: The SO Motion.

Plaintiff asked the N.D. Cal. to set a case management conference on July 12, 2024, because he already had two motions scheduled for a hearing that day.  (Dkt. 56.)  This rationale no longer applies, so Plaintiff's motion is DENIED.

The District Judge has discretion over his calendar.  The District Judge will decide when to set a scheduling conference and issue a scheduling order.

### D.  Dkt. 63: The First Sanctions Motion.

Rule 11 "requires counsel and unrepresented litigants to advance pleadings and theories in good faith, for a proper purpose, and with support from law and facts

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                    Date: July 12, 2024
                                                                                          Page 9

reasonably believed to exist." <u>Rapp v. Hampton Mgmt. LLC</u>, No. 18-16, 2018 U.S. Dist. LEXIS 123740 at *10-11, 2018 WL 3570236 at *4 (D. Mont. July 24, 2018), <u>adopted by</u> 2018 U.S. Dist. LEXIS 147430 (D. Mont. Aug. 29, 2018).  If a parties' pleadings violation Rule 11, the opposing party must make a "motion for sanctions … separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).

Rule 11 has a "safe harbor provision [that] requires parties filing such motions to give the opposing party 21 days first to withdraw or otherwise correct the offending paper."  <u>Holgate v. Baldwin</u>, 425 F.3d 671, 678 (9th Cir. 2005) (internal quotation marks omitted).  The safe harbor provision is strictly enforced "and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion."  <u>Gottschalk v. City & County of San Francisco</u>, 964 F. Supp. 2d 1147, 1168 (N.D. Cal. 2013) (citations omitted).

Plaintiff alleges that he served the First Sanctions Motion on Defendant on June 12.  (Dkt. 63 at ¶ 5.)  This was in response to Defendant's first Answer/Counterclaim, which Defendant filed on June 12.  (Dkt. 51.)  Defendant later filed a corrected Answer/Counterclaim on June 13.  (Dkt. 57.)  Since Plaintiff's motion does not establish compliance with Rule 11's "safe harbor" provision for the corrected Answer/Counterclaim, Plaintiff's First Sanctions Motion is DENIED.

### E.  Dkt. 69: The Second Sanctions Motion.

In this motion, Plaintiff raises new challenges to the Answer at Dkt. 51.  The Second Sanctions Motion is DENIED for the same reasons as the First Sanctions Motion.

To promote efficient case management, ***no party may serve or file a Rule 11 motion challenging any pleadings until further order of the Court.***

### F.  Dkt. 67: The Motion to Allow Remote Appearances or Reassign Case.

Pursuant to Section I.B. of General Order No. 24-04 "[u]nless directly assigned pursuant to Section I.B.2. ('Direct Assignment'), all civil cases will be randomly assigned to the district judges as described in Section I.B.1. ('Random Assignment')."  The instant case was randomly assigned.  (Dkt. 71.)

Plaintiff requests that the case be assigned to a different district judge because Judge Selna does not allow telephonic appearances.  (Dkt. 67 at ¶ 4.)  Plaintiff explains, "Making the trip to Los Angeles would be prohibitively expensive for me even in the best case scenario, but this is made even more prohibitive by the fact that I do not have an

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                          Date: July 12, 2024
                                                                    Page 10

automobile.  For that reason, I wouldn't be able to attend in person even in my own federal judicial district."  (Id. at ¶ 12.)

Judge Selna's online procedures state, "The Court entertains telephone appearances for hearings only in exceptional circumstances."  See Judge's Procedures at ¶ 2, https://www.cacd.uscourts.gov/honorable-james-v-selna.  For some civil motions, Judge Selna does not schedule a hearing.  Id.

Plaintiff's motion is DENIED.  If and when hearings are scheduled, Plaintiff can argue to Judge Selna that his circumstances are exceptional and justify a telephonic appearance.  Judge Selna has discretion to grant or deny such a request.  Plaintiff should expect that any district judge will require him to be personally present for some proceedings, including trial and the final pre-trial conference.[2]

### G.  Dkt. 66: The E-Filing Motion.

Federal Rule of Civil Procedure 5(d)(3)(B) allows a person not represented by an attorney to file and sign documents electronically if allowed by court order or local rule.  Under the Local Rules, pro se litigants may apply for authorization to use the Court's e-filing system, as follows:

> After entering an appearance in a civil case, any non-incarcerated pro se litigant may seek leave of Court to use the CM/ECF system to file documents electronically in that particular case.  Leave to file electronically must be sought by motion, which must demonstrate that the pro se litigant has access to the equipment and software necessary to prepare documents for filing in PDF format and to connect to the Court's CM/ECF System.

L.R. 5-4.1.1.

Plaintiff filed the standard application indicating that he has the technology necessary to successfully e-file.  (Dkt. 66.)  The Court, however, "has discretion to deny permission to e-file even if a pro se litigant can demonstrate access to all required equipment."  Doe v. United States, No. 23-04496-WLH-KES, 2023 U.S. Dist. LEXIS 153921 at *2, 2023 WL 5505825 at *1 (C.D. Cal. June 13, 2023) (denying permission to

---

[2] In the N.D. Cal., the parties consented to a magistrate judge.  (Dkt. 12, 50.)  In the Central District of California, the parties may consent to any magistrate judge who participates in the Voluntary Consent Program.  See https://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                          Date: July 12, 2024
                                                                         Page 11

e-file "to avoid potential abuse of the e-filing system").

The Court DENIES Plaintiff's motion to avoid potential abuse of the e-filing system. The Court bases its exercise of discretion on the following facts: (1) Plaintiff has been declared a vexatious litigant in more than one district; (2) Plaintiff has filed numerous motions, despite this case being in the very early stages; (3) Plaintiff's motions are repetitive (e.g., two Rule 11 motions, at least two motions attacking Defendant's affirmative defenses, etc.) and generally lack merit; (4) Plaintiff's motions demonstrate non-compliance with Local Rules; (5) Plaintiff can electronically transmit documents to the Court via the EDSS system[3]; and (6) Defendant is also pro se and has not received permission to e-file.

## III.    Stay Pending Settlement Conference.

"It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties. The Court favors any reasonable means to accomplish this goal." L.R. 16-15.

From what the parties describe in their pleadings, this case involves an allegation that Defendant downloaded one copyrighted video and posted it on the Kiwi Farms website with commentary. The video depicts two YouTube personalities debating whether a particular video game "sucks." (Dkt. 7-1, identifying title of the copyrighted video as "Elden Ring Sucks: The Livestream Debate!"). Plaintiff alleges that he was financially injured by Defendant's posting because he charges one dollar per month to view exclusive content on his YouTube channel. Defendant contends that he had a right to download the video and his posting of the video with commentary was fair use. As a practical matter, Defendant contends that he no longer controls his posting and Plaintiff makes only a few dollars per month from subscribers. Plaintiff agrees that Defendant's posting of the Debate Video is no longer viewable on the regular Internet. Only those with dark web access who know the URL can find it.

Plaintiff is proceeding IFP. While Plaintiff asserts that Defendant has money from investments, Defendant filed an IFP declaration (Dkt. 39) and previously lived with a parent but now lives with a friend. Neither party has retained counsel. Plaintiff says that he cannot afford to travel to California.

***The Court hereby STAYS this case for all purposes except mediation.*** The Court

---

[3] To access EDSS and for more information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                    Date: July 12, 2024
                                                                          Page 12

refers to the parties to Magistrate Judge Shashi H. Kewalramani to conduct a ZOOM
settlement conference by September 31, 2024.  The parties shall email (cc'ing each other)
Judge Kewalramani's Courtroom Deputy Clerk at SHK_Chambers@cacd.uscourts.gov to
select a mutually convenient date for the settlement conference.  The parties shall comply
with Judge Kewalramani's orders in preparing for the settlement conference.  At the
settlement conference, the parties shall listen to Judge Kewalramani's opinions about the
value of this case and give serious thought to what a fair, reasonable resolution might
look like.  They shall discuss frankly with Judge Kewalramani the potential costs (in
terms of time, money, travel, stress, etc.) of litigating versus settling.

        Before the settlement conference, both parties may call the pro se clinic to
determine if the volunteer lawyers there can provide any assistance.  Contact information
for the pro se clinic is on the Court's website, https://www.cacd.uscourts.gov/, in the box
labelled "People without Lawyers."

MINUTES FORM 11                                                  Initials of Deputy Clerk JD
CIVIL-GEN