FILED
CLERK, U.S. DISTRICT COURT
07/12/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IGU _____ DEPUTY

**David Stebbins (pro se Plaintiff)**   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                          acerthorn@yahoo.com

## UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                    Case 8:24-cv-01486-JVS-KES

JARROD JONES                                                  DEFENDANTS

### OBJECTION TO (DKT. 75) ORDER OF MAGISTRATE JUDGE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Objection to the Magistrate Judge's Order Denying my Motion to Strike or in the Alternative for Partial Judgment on the Pleadings, my Motion for Partial Summary Judgment, my two Motions for Sanctions, my Application for ECF Access, and my Motion to Reassign the Case.

1. For the following reasons, Judge Selna should overturn the Magistrate Judge's Order:

### Motion to Strike Affirmative Defenses

2. For the following reasons, District Judge Selna should overturn Magistrate Judge Scott's order denying my motion to strike every affirmative defense except the challenge to venue.

### Affirmative Defense #2: Lack of Registration

3. Judge Scott says that the Defendant raised the affirmative defense that my registration contains inaccuracies. This is patently false. Jarrod Jones clearly did not raise that defense. Dkt. 57, Page 4 clearly shows that he alleges that I didn't register the copyright. Not that the registration contains inaccuracies, but that *there is no registration*.

4. Although pro se pleadings are to be construed liberally, district courts cannot create affirmative defenses that were never actually plead. See Bogovich v. Sandoval, 189 F.3d 999, 1001 (9th Cir. 1999). If the Court were to create new defenses that the defendant didn't actually raise, then the Court would become de facto counsel for the defense, which is an axiomatic affront to my constitutional right to judicial impartiality.

5. Even if the defendant had pled that the registration contains inaccurate information, that still wouldn't be enough to sufficiently plead an affirmative defense as a matter of law. It is in the *plain text of the statute*[1] that "[a] certificate of registration satisfies the requirements of this sec-

---
1 "Plain text" means no case law is necessary. See Caminetti v. United States, 242 U.S. 470, 485 (1917) ("It is

tion and section 412, regardless of whether the certificate contains any inaccurate information, unless (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." See 17 USC § 411(b). The Defendant has not pled either of these two required elements, and the Court may not read these elements into his Answer when they are manifestly absent. See Ivey v. Board of Regents of University of Alaska, 673 F. 2d 266, 268 (9th Cir. 1982) (Courts "may not supply essential elements of the claim [or defense] that were not initially pled").

6.      Therefore, the magistrate judge abused its discretion by creating an affirmative defense that wasn't there. Jones' defense was that I never registered the copyright at all, and that is in fact disproven by judicial notice. Therefore, I ask the District Judge to overturn the magistrate judge's order and strike the defense.

Affirmative Defense #3: Fair Use

7.      When denying my motion to strike the affirmative defense of fair use, or in the alternative to adjudicate the matter on the pleadings, the magistrate judge made the finding that I "ask[] the Court to find that this affirmative defense lacks merits based on the facts he alleged in the Complaint." This is a lie. I asked the Court to find this affirmative defensee lacks merit based on the facts *that the Court can see with its own two eyes!* There is a big difference. Yes, the Defendant disagrees with my factual allegations, but as I pointed out in the Motion for Partial Summary Judgment, "the Court can see the reposting with its own two eyes! What's there to deny?!"

8.      It is undisputed that the Defendant (A) reposted the entire 69-minute video, in full, and (B) that he provided only two sentences of criticism and commentary. Yes, it is true that the "fair use analysis is fact intensive," but that is only generally true. It is not true in a case like this, where the reposting is so blatant that no reasonable trier of fact could possibly find that even one single solitary factor listed under 17 USC § 107 weighs in favor of the Defendant.

9.      Even in his response to the motion, the Defendant never made any effort to show that

---

elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms").

there was any genuine dispute of material fact. His entire argument boiled down to accusing me of infringing on copyright myself. But as I pointed out in my reply, "recrimination is not a defense to copyright."

10.     The magistrate judge seems to want to give the defendant his day in court simply on the one in a million chance that the Defendant might be able to pull a rabbit out of a hat. But that is not good enough to survive summary judgment and/or judgment on the pleadings. See Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 US 574, 586 (1986) ("[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

11.     Therefore, the district judge should overturn the magistrate judge's order and adjudicate the issue of fair use at the pleading stage. I'm not asking the Court to accept my factual allegations without proof. I'm asking the Court to look at the undisputed evidence that is literally right in front of the court, that the Defendant doesn't even attempt to deny, and make the reasonable determination that there is no genuine dispute of material fact.

Affirmative Defense #4: Lack of Warning/Mitigation

12.     Next, the magistrate judge declines to strike Affirmative Defense #4 on the grounds that the "facts support a claim that Plaintiff has not acted reasonably to mitigate his damages." In issuing this ruling, the Magistrate Judge manifestly fails to consider the arguments I actually put forth for striking the defense: ***I'm not required to do that!***

13.     Neither the Defendant nor the Magistrate Judge cites to any legal authority stating that this is a relevant factor! It's something the Defendant just made up but which has no basis in law.

14.     To survive a motion for partial summary judgment and/or judgment on the pleadings, it is not enough that a fact be genuinely disputed. It must also be *material*. Since neither the Defendant nor the magistrate judge has made any showing that this fact is material, it needs to be adjudicated in my favor.

15.     Barring that, the factual findings the magistrate judge made to reach the conclusion she did are absurd on their face. Her entire reason for finding that I had not acted reasonably to mitigate damages is "Plaintiff has frequently referred to the dark web URL for the Debate Video

in his public court filings, thereby making it easier for others to find it for free on the dark web rather than subscribing to his YouTube channel."

16.     This is a flagrant abuse of discretion for two reasons: First, Jarrrod Jones never pled this fact, and as I've already explained, district courts are not allowed to construe factual allegations that manifestly aren't in the pleadings. See *Ivey*, supra.

17.     Second, what exactly am I supposed to do? Just not provide links so the Court can see the infringement? How am I supposed to prove the infringement occurred if I don't provide the links? This puts me in an impossible Catch-22, and therefore is a violation of my due process rights. See Rhodes v. Robinson, 408 F. 3d 559, 569 (9th Cir. 2005):

> "Indeed, were we to adopt such a theory, ... plaintiffs would be stuck in an even more vicious Catch-22. The only way for a[ citizen] to obtain relief ... would be to file a federal lawsuit; yet as soon he or she does so, it would become clear that he or she cannot adequately state a claim for relief. Like its fictional counterpart, this catch exudes an elliptical precision about its perfect pairs of parts that [i]s both graceful and shocking. Unlike Colonel Cathcart, however, we are unwilling to indulge a rule that would result in the anomaly of protecting only those individuals who remain out of court" (citations and quotations omitted).

18.     Therefore, the District Judge should overturn this order.

<u>Affirmative Defense #5: Declaration of Vexatious Litigant Status</u>

19.     The Magistrate Judge points out that "[w]hile the N.D. Cal.'s vexatious litigant order was made after Plaintiff filed the instant action, Defendant could reasonably ask the N.D. Cal. to exercise any available discretion to limit Plaintiff's filings to the extent they violated the requirements of the later vexatious litigant order."

20.     However, the Defendant did not bring this to the Court's attention so it could limit my filings. He raised it as an *affirmative defense*. In order for something to be an affirmative defense, that means that the Defendant's conduct was legal because of these circumstances. In other words, the Defendant claims he legally had the right to repost the stream in full simply because I was declared a vexatious litigant.

21.     Indeed, the defendant doubles down on this argument in his response to my motion (Dkt. 59), where he writes in pertinent part ...

> "We would not be here if not for the Plaintiff's interesting and extensive court history... Had the Plaintiff not a been a vexatious litigant in both this District and his home state of Arkansas, this case would not have happened, nor would I had the urge to re-upload the Plaintiff's broadcast to the website."

22. This, however, is a patently ludicrous legal argument. If this defense were to be adopted, it would have the effect of declaring that no person who is declared a vexatious litigant in any district is ever allowed to have any enforceable copyright, ever, even for works that have nothing at all to do with him being declared vexatious. That, however, has no basis in the law, or even any basis in reality.

23. I am not saying that me being declared a vexatious litigant is not, and never can be, relevant to anything in this case, ever, in any way, shape, or form. I am merely saying that it is not an *affirmative defense* to copyright infringement! Therefore, to the extent that the Defendant has raised it *as an affirmative defense*, it should be stricken.

24. Therefore, the Magistrate Judge's order should be overturned forthwith.

<u>Conclusion the Motion to Strike</u>

25. In conclusion, the only affirmative defense that cannot be contested at this point is the transfer of venue. As Judge Scott points out, I will have to file a petition for writ of mandamus to get that overturned.

26. That, however, is not a defense on the merits and therefore should not be used to deny me relief at this stage. Because the magistrage judge's reasoning for refusing to strike the other affirmative defense is against the plain text of the statute and requires that she create out of thin air factual allegations that the Defendant did not make, thereby serving as de facto counsel for the defense, her refusal to strike these defenses and/or adjudicate them on the pleadings should be overturned by the district judge.

**Motion for Partial Summary Judgment**

27. The Magistrate Judge gave the following reasons for denying the motion for partial summary judgment:

    (1) I didn't follow the Central District's local rules 56-1, 56-2, 56-3 and 7-3,

    (2) It was filed before the Defendant had a chance to develop facts in his defense,

(3) "[I]t is largely based on Plaintiff's unsuccessful argument that 'no affirmative defenses are available,'"

(4) "[T]here are clearly disputed facts about Defendant's state of mind because Defendant pleaded that he thought he could legally download the Debate Video."

28. My failure to follow the Central District's local rules should not be held against me, for one simple reason: The case wasn't in this District at the time these two motions were filed! Duh! How Judge Scott didn't pick up on this very obvious fact is astonishing. Why should I have to follow the local rules of a district that the case objectively isn't being filed in at the time?!

29. As for me not giving the defendant a chance to develop his case, that is not a good enough reason to deny me summary judgment when it is clear he has no case he can possibly put up. See Matsushita, supra.

30. Regarding it being based on no affirmative defenses being available, there are two reasons the magistrate judge's order should be overturned: First, I have already explained how these defenses should be stricken and that the magistrate judge's order should be overturned. Therefore, her logic in this section of the order should likewise be reversed. Second, her finding that it was "largely based on" the motion to strike is simply false. Whereas the motion to strike sought to dispose of the affirmative defenses, the motion for partial summary judgment was meant to adjudicate the issue of prima facie copyright infringement. Therefore is still no good reason why the court should abstain from summarily adjudicating that.

31. And finally, the magistrate judge's finding that there are disputed facts regarding Jones' "state of mind," that alone does not justify denying the entire motion. At best, it could justify holding off on granting the declaration requested in ¶ 39 of the Motion for Partial Summary Judgment, but not the entire motion.

## Motions for Sanctions

32. The Magistrate Judge's grounds for denying the two motions for sanctions are exclusively that I did not follow Rule 11's safe harbor provisions. This is a bald-faced lie. I did indeed exhaust the safe harbor requirements. In fact, even the defendant has provided evidence for this when he filed his own motion for sanctions. See Dkt. 60-1 and Dkt. 60-2.

33. While it is true that the Defendant filed a *corrected* Answer, nothing in that Answer was any different from the first Answer insofar as it applies to the motions for sanctions. At the Clerk's Office's behest, Jones was asked to re-file his answer in order to correct some purely technical errors. See **Exhibit A** and **Exhibit B**. The portions of his answer that were subject to Rule 11(b) remained unchanged.

34. Therefore, I was not required to submit an entirely new safe harbor service of any motions for sanctions from the ground up. The ones I already sent were still valid.

35. Therefore, the magistrate judge's order should be overturned.

## Application for ECF Access

36. The Magistrate Judge's refusal to grant me the privilege to file using this Court's ECF system are based on arbitrary findings. First, Judge Scott's findings that I had filed motions of little merit and not in compliance with the local rules have already been addressed earlier in this objection, and so do not need to be repeated here.

37. She argues that I can file using this Court's EDSS system, the implication being that her denying me this privilege is no harm no foul. But the Court's own website admits that EDSS is inferior to ECF. See http://www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers (EDSS "does not provide all the features of electronic filing"). So clearly, there is a harm (and therefore a foul) to denying me this privilege.

38. The mere fact that the Defendant also has not been given the privilege to e-file should be of no consequence. That may be true, but the Defendant hasn't *asked* for ECF access either.

39. So really, the fact that I was wrongfully declared a vexatious litigant in multiple districts is the only remaining factor. But is that alone really a good enough reason to deny me ECF access all on its own?

## CONCLUSION

40. In conclusion, the Magistrate Judge's order is filled with arbitrary findings, making up factual allegations on the Defendant's behalf that simply weren't in his Answer, faulting me for following the Northern District's local rules when I was filing in that district simply because the case later got transferred to a new district, finding things to be relevant when they very clearly

are not legally relevant, and generally just overall demonstrating a lack of impartiality towards me. Her order should be overturned forthwith. Not only that, but the district judge should reprimand her for making such ad hoc findings that were against the clear weight of evidence and clearly established law.

41.     Wherefore, premises considered, I respectfully pray that the Magistrate Judge's Order be overturned.

So requested on this, the 12th day of July, 2024.

/s/ David Stebbins
David Stebbins (pro se)

# Activity in Case 3:22-cv-04082-AGT Stebbins v. CMDR ImperialSalt et al Electronic Filing Error

From:   ecf-cand@cand.uscourts.gov

To:     efiling@cand.uscourts.gov

Date:   Thursday, June 13, 2024 at 03:20 PM CDT

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court

California Northern District

## Notice of Electronic Filing

The following transaction was entered on 6/13/2024 at 1:19 PM and filed on 6/13/2024

| | |
|---|---|
| **Case Name:** | Stebbins v. CMDR ImperialSalt et al |
| **Case Number:** | [3:22-cv-04082-AGT](#) |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
[Electronic filing error](#). CAPTION PAGE INCOMPLETE [err102] Add Names of Plaintiff and Defendant on First Page; Please re-file in its entirety. Re:[51] Answer to Complaint, Counterclaim, filed by Jarrod Jones (kmm2, COURT STAFF) (Filed on 6/13/2024)

**3:22-cv-04082-AGT Notice has been electronically mailed to:**

David A. Stebbins     acerthorn@yahoo.com

Jarrod Jones     jarrod@stangranch.com

**3:22-cv-04082-AGT Please see [Local Rule 5-5](#); Notice has NOT been electronically mailed to:**

# Activity in Case 3:22-cv-04082-AGT Stebbins v. CMDR ImperialSalt et al Electronic Filing Error

From: ecf-cand@cand.uscourts.gov

To: efiling@cand.uscourts.gov

Date: Thursday, June 13, 2024 at 03:25 PM CDT

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court

California Northern District

## Notice of Electronic Filing

The following transaction was entered on 6/13/2024 at 1:24 PM and filed on 6/13/2024

**Case Name:**       Stebbins v. CMDR ImperialSalt et al
**Case Number:**     3:22-cv-04082-AGT
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Electronic filing error. **CAPTION PAGE REQUIRED [err102]No title Page. Exhibits and Proofs of Service e-filed separately, not as attachments to a main document, require a title page. Please refer to Civil Local Rule 3-4 re first page requirements.**
**Please re-file in its entirety. Re:[52] Exhibits filed by Jarrod Jones, [53] Exhibits filed by Jarrod Jones (kmm2, COURT STAFF) (Filed on 6/13/2024)**

**3:22-cv-04082-AGT Notice has been electronically mailed to:**

David A. Stebbins    acerthorn@yahoo.com

Jarrod Jones    jarrod@stangranch.com

**3:22-cv-04082-AGT Please see** Local Rule 5-5**; Notice has NOT been electronically mailed to:**