Case 8:24-cv-01486-JVS-KES   Document 81   Filed 08/01/24   Page 1 of 9   Page ID #:104

FILED
CLERK, U.S. DISTRICT COURT
08/01/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____IGU_____ DEPUTY

David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                       acerthorn@yahoo.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                PLAINTIFF

VS.                       Case 8:24-cv-01486-JVS-KES

JARROD JONES                                                   DEFENDANTS

### REPLY TO REPONSE TO MOTION FOR LIQUIDATED DAMAGES

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply to the Defendant's Response to Motion for Liquidated Damages in the above-styled action.

**What Jones doesn't deny.**

1.  First, it is telling what Jones doesn't deny. He doesn't deny that

    (a)   he made any of the representations during the mediation that I described in ¶ 3(a)-(d) of the Motion;

    (b)   he agreed to the Investigation, Cooperation, and Liquidated Damages clauses;

    (c)   he represented to me that "Monday" (aka July 29, 2024) is a ***reasonable*** deadline for him to have everything I requested except the information on the "other Jarrod Jones."

    (d)   he did not provide the requested financial information by that date, and has no objectively good excuse for his failure to do so.

2.  Because he makes no effort to deny any of these things, all of them should be presumed true.

**Jones STILL hasn't provided the requested information! If he wasn't in violation of the Cooperation Clause before, he certainly is now!**

3.  Most of Jones' response was a bunch of incoherent rambling, finger-pointing, and trying to shirk his duties under this settlement. Most of his incoherent rambling appears to be trying to justify why he shouldn't have to cooperate with my investigations.

4.  He should have to cooperate because that's part of his contractual obligations. If he didn't want to cooperate, he shouldn't have agreed to those terms.

5.     Bear in mind that it has now been three days since I filed this motion, and he STILL has not replied with any of the financial information I requested. If he wasn't in violation of the Cooperation Clause when I first filed the motion, he certainly is now.

6.     Jones seems to believe that, as soon as I filed a motion seeking to hold him to the contractual obligations he agreed to, his obligations to comply are effectively put on hold until the motion is resolved. That is, quite simply, not how it works. What's next? If he misses one of his $100 payments, and I file a motion to enforce that, is he going to withhold any/all payments until that motion is resolved, too? If so, then the Court should probably nip it in the bud right here right now, while it has the chance.

7.     Jones seems to be arguing that he shouldn't have to cooperate with my attempts to investigate. However, (A) that just shows that he has something to hide and he knows it, and (B) if he didn't want to cooperate, he shouldn't have agreed to the Cooperation Clause.

**He says it's "taking longer," but he provides no actual details.**

8.     The Defendant tries to make excuses as to why he hasn't complied yet. First, he says he was "tired" on Monday, and then he says that it's "taking longer" to obtain the requested documents. Of course, he provides us with absolutely no details or evidence in support of these claims.

9.     His failure to actually keep me posted on his efforts to obtain the underlying documents is, in itself, an act of bad faith and noncompliance with the Cooperation Clause. When I sent him the courtesy reminder that Monday had arrived (Dkt. 79, Exhibit E), he replied merely stating that he was "at work" (Dkt. 79, Exhibit F). That was sufficient for the time-being, and so I didn't nag him further. However, Monday in its entirety came and went, and I never heard from him again. He never asked me for additional time, no explanation as to why it was taking longer than he expected, no description of what he has actually done in an attempt to obtain the documents, no new prospects for when the task might be completed, no nothing. All I got from him was dead silence.

10.    This is, in itself, a failure to provide reasonable cooperation. He acts like I'm the unreasonable one in all of this, but how is it unreasonable to expect regular updates from him

regarding the status of these requests?

11.     Even after I filed this motion, he never gave any real tangible details (or evidence in support of those details) as to why he hasn't complied. His only two excuses are (1) that he was "tired" (which isn't an excuse at all), and (2) it's "taking longer," which has the *potential* to be an excuse, but he never tells us exactly what that entails. Has he actually tried to get the documents and was met with resistance from third parties (such as the bank and IRS), or has he just been sitting on his butt? If the former, why hasn't he offered proof of the requests he's sent out? We don't know the answers to any of these questions ... because *he isn't telling us!*

12.     At this point, his complete failure to maintain adequate communication is itself a bad faith lack of cooperation, even if his attempts (or lack thereof) to obtain the requested information for me was not. The Defendant has spent **the past two years** giving me the run-around[1], has been caught in multiple bald-faced lies[2], at one point even demanded "trial by combat,"[3] and lest we forget that this whole thing all happened in the first place because Jones was actively participating in one of the most vile and toxic websites on the entire Internet[4], meaning his actions are presumptively malicious right out of the gate. So his failure to maintain adequate communication should be presumed to be in bad faith, pursuant to FRE 404(b)(2) (evidence of pior bad acts admissible to prove things such as motive and intent). At the very least, he has no right to act like I'm the objectively unreasonable one simply because I'm not giving him every conceivable benefit of the doubt, multiple times over, on cavalry, even given his complete lack of communication and the complete lack of evidence that he is actually acting in good faith.

13.     Think about it this way: Imagine if his employment wasn't at-will and he could only be fired for cause (or, alternatively, imagine if he was applying for unemployment and the employer was fighting that claim on the grounds that he was terminated for-cause). The reason he was terminated was because he didn't show up for work and never called in to explain why he wasn't going to make it to work. He gives an excuse *after the fact*, but regardless of the quality of that excuse, the employer still terminates him for failing to inform them that the absence will occur.

---

1   See Dkt. 47 for just a few illustrative examples.
2   See Dkt. 63 & 69.
3   See Dkt. 30-1.
4   See Dkt. 38-8, ¶¶ 63-68.

Unless the failure to call in is, itself, justified by an objectively good reason (e.g. hospitalized without warning and no opportunity to call in), then the termination for "no call no show" is still absolutely "for good cause."

14. Likewise, the Defendant's failure to keep me posted on the status of his efforts to obtain the information is in itself a violation of the Cooperation Clause, even if his alleged failure to meet the deadline in the first instance was not.

15. Therefore, the Court should hold him in breach of the Cooperation Clause and order him to pay the Liquidated Damages accordingly.

**The six month timeline was for me to complete the ENTIRE investigation, not simply for him to respond to the first waive of requests.**

16. The Defendant says the Cooperation Clause says "six months," not "a few days." Just so we're on the same page, this is the provision he is agreeing to:

> *"Defendant must make all reasonable efforts to cooperate with Plaintiff in confirming his net worth over the next 6 months (to be calculated from July 25, 2024)."* - See Dkt. 78.

17. This is the "Cooperation Clause" which is at issue in this motion. However, notice exactly what it says. It doesn't say that the Defendant must reply to my attempts to confirm his net worth "within" six months. It says that he must make "all" reasonable "efforts" (efforts with a S... as in plural) to cooperate with me "over the next" 6 months.

18. From this, the only reasonable interpretation of the Cooperation Clause is that my efforts to confirm his net worth are going to be continuous over the next months, and he must provide reasonable cooperation at every step of this investigation. The idea that it only requires him to respond once within the entire six month period, and then his contractual obligations are entirely fulfilled, is absurd.

19. Think about it this way: Six months is typically the amount of time parties in a civil case have to complete discovery. However, that obviously doesn't mean that parties are allowed to hold off on providing discovery requests for 179 days before finally submitting their responses to the first waive of discovery requests! That would be ridiculous! It is a foregone conclusion that, once parties receive their first round of discovery responses, they will obviously want to conduct

follow-up discovery. Six months is simply the total length of time the parties have to conclude their entire discovery, not the time limit for the responding party to reply once.

20. But even if that were true, maybe Jones should have thought about that when he was admitting in writing that he would have the other information to me by Monday. Once he agreed to that deadline, he should be held to it. Either that, or he should have reached out to me and communicated about why exactly he needs more time. It's as simple as that.

21. As such, Jones should be held to be in breach of the Cooperation Clause and should be subject to liquidated damages accordingly.

**Jones is attempting to litigate what he has already signed away his right to litigate.**

22. In one of the most baffling litigation strategies I've seen in quite some time, the Defendant ignores entirely his failure to respond to my requests to see his financial information by the agreed upon date, and instead focuses entirely on why I *should not be suspicious* of his allegations that there are multiple Jarrod Jones people living in Everette, Washington, let alone conduct any investigations to verify it. I am reminded of some potent words of wisdom that are applicable here: "The truth never minds being questioned. However, a lie does." See https://www.tiktok.com/@therapythoughtswithjb/video/7138477751794814250.

23. Bear in mind that his declaration of "Monday" only applied to "the other financials." See Dkt. 79, Page 10. He explicitly said that the "other Jarrod Jones" wasn't included in that. So when I filed this Motion for Liquidated Damages, I didn't include that. My motion only complained about his failure to reasonably and timely provide to me (A) his tax returns, (B) his bank statements, and (C) his employment history.

24. The majority of Jones' response to my motion instead consists of him trying to establish how unreliable Spokeo is. His argument, it seems, is that I have no right to be suspicious that he might be hiding wealth from me, simply because Spokeo doesn't fit his definition of a reliable source. Nevermind the fact that Spokeo and Been Verified have both proven to be quite useful to me throughout this entire case so far (see Dkt. 38-8, ¶¶ 30-31 for just one example where the odds that the report was inaccurate are one in a million).

25. Rather than simply cooperate with my attempts to confirm his net worth *like he already*

*agreed to do*, he instead uses this lack of reliability to argue that I shouldn't be allowed to even investigate his financial status *at all*, no matter what other grounds I may have for suspicion.

26. Here's the simple bottom line: He *already agreed* to the Cooperation Clause. Period. He can't get out of it now simply by arguing that my suspicions that he's hiding wealth from me are frivolous. Even if he might have convinced the Court that my suspicions were frivolous initially, he has lost the right to raise that argument now that he's agreed to the Cooperation Clause.

27. I don't know how much simpler I can put that. What part of "agreement" do you not understand?!

28. What's next? If he ends up missing one of his $100 monthly payments, and I move for sanctions over that, is he then going to recommence his arguments that he shouldn't be liable to me for copyright infringement because of blah blah blah? HE'S ALREADY AGREED TO THE SETTLEMENT! That means he's forfeited his right to his day in court in this regard!

29. Likewise, just because he doesn't think Spokeo is a very good source doesn't matter. Even if it might have mattered before, it doesn't matter now. He still has to cooperate with my investigations. Why? Because he agreed to! That's why!

30. Again, what part of "agreement" do you not understand?!

31. For this reason alone, everything in Defendant's Response, from Page 2 Line 6 until the end of the document should be stricken and not considered, as it is entirely immaterial and Jones is precluded from arguing it pursuant to the settlement agreement that he willingly and voluntarily agreed to.

### Miscellaneous Rebuttals

32. This ends the more structured part of my Reply. I will now take this opportunity to address some of the issues I noticed with his Response Brief that don't require entire sections.

33. I never once said, or even implied, that he's "not allowed to be exhausted" after getting off work. What I have a problem with is his using this alleged tiredness as an excuse to get out of his contractual obligations. If him being "tired" wouldn't be an excuse to get out of taking out the trash, why should it be an excuse here?

34. He says that he found five people in the State of Washington named Jarrod Jones, but he

doesn't provide any *actual evidence* for any of these findings. By contrast, he seems quite happy to provide multiple Spokeo reports of me, despite the fact that this is far beyond the scope of what he is supposed to provide pursuant to the Cooperation Clause. Jones literally provides evidence for everything *except* what he is contractually obligated to provide evidence for!

35. Furthermore, he said in the mediation that there was another man with a similar name to his in *Everett*, Washington, not simply the State of Washington. See Dkt. 79, ¶ 3(d). None of the five examples he provides are actually from Everett.

36. Spokeo's EULA is of no relevance here. Jones is not in privity of contract regarding the EULA Spokeo and I agreed to in exchange for their services.

37. Furthermore, I am not using Spokeo for any purpose related to the Fair Credit Reporting Act, and I'm certainly not using it for purposes of Bank Loans, Employment, or Housing. So it's inapposite here.

38. If my reliance on Spokeo was so inadmissible, don't you think at least one of the judges involved in this case (across two federal district courts, no less) would have said something?

39. Even if Spokeo is an inherently unreliable source of information, that doesn't mean I have no right to investigate to make sure that he really is as broke as he says he is.

40. He insists that Spokeo says I have income and assets beyond what I claim to have in my In Forma Pauperis Application (Dkt. 80, Page 4, Line 16 through Page 5, Line 8), but there's a big difference between myself and Jones: I have not agreed, pursuant to the settlement agreement, to have my finances be investigated. If I had agreed to that, then yes, I would indeed have to cooperate, just as Jones is required to cooperate now. His obligation to cooperate is not merely because I have reasonable and nonfrivolous grounds for suspicion, but because he *agreed to cooperate!* Again, what part of "agreement" do you not understand?!

41. It bears repeating one more time, just to ensure that it gets drilled into Jones' thick skull:

# **_WHAT PART OF "AGREEMENT" DO YOU NOT UNDERSTAND?!_**

42. Therefore, the Court should order the Defendant to pay the Liquidated Damages of $10,000 for his failure to cooperate in good faith.

## Conclusion

43. In conclusion, Jones' behavior in this case, and also in his response brief, remind me of a wise quote I once heard on TikTok:

> *"People will literally drain the nice, loving personality out of you and then get mad that you changed."*[5]

Also

> *"People will act like you're hard to deal with because you're not easy to fool."*[6]

44. Jones complains about my alleged bad faith (key word being "alleged") when he has not shown one iota of good faith throughout this entire ordeal. He obtained a channel membership for the sole purpose of reposting my stream just so others could see it without having to pay me for it. He bragged on the forum that he did that. His participation in that forum was in itself an inherently malicious and evil. He demands trial by combat, then spends two years giving me the run-around and actively evading service of process. When he finally does decide to get off his deadbeat hiney and appear in the case, his Answer is filled with nothing but lies. When he attends a mediation (which he only attended because he was forced to), he then lies about his financial status in order to drive down the value of the settlement.

45. Then, when I do nothing more than avail myself of my rights under the settlement agreement, following the agreement to the letter, and seeking to hold him to his contractual obligations, suddenly I'm the objectively unreasonable one who lacks patience.

46. To the contrary, I do indeed have patience. Lots of it. It's just that the nonsense I've had to deal with for the past two years would completely deplete nearly any reasonable person's patience.

47. Wherefore, premises considered, I respectfully pray that the Motion for Liquidated Damages be granted, and for any other relief to which I may be entitled.

---

5   https://www.tiktok.com/@cindyguy/video/7150265132994579754
6   https://www.tiktok.com/@mrswinderley/video/7135377839490092293

So requested on this, the 1ˢᵗ day of August, 2024.

_____<br>
David Stebbins (pro se)