Case 8:24-cv-01486-JVS-KES   Document 83   Filed 08/06/24   Page 1 of 2   Page ID #:115

FILED
CLERK, U.S. DISTRICT COURT
08/06/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IGU _____ DEPUTY

David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                       acerthorn@yahoo.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                              PLAINTIFF

VS.                      Case 8:24-cv-01486-JVS-KES

JARROD JONES                                                 DEFENDANTS

### SUPPLEMENTAL BRIEF IN SUPPORT OF
### [79] MOTION FOR LIQUIDATED DAMAGES

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Supplemental Brief in Support of ECF 79, Motion for Liquidated Damages.

1. Defendant objects to my alleged lack of patience, and insists that he is indeed making good faith efforts to obtain the evidence I requested. For reasons I have already explained in the Motion for Liquidated Damages and my Reply in Support of same, it is not my lack of patience, but his repeated exhaustion of said patience, that causes me to seek liquidated damages so quickly.

2. However, as of today (August 6, 2024), the Defendant has just breached *another* portion of the settlement agreement. This additional breach constitutes an additional grounds upon which the Court can order the Defendant to pay an addition $10,000 pursuant to the Liquidated Damages Clause.

3. In ECF 78, there is another provision the Defendant agreed to. I will refer to this provision as the "Declaration Clause." It says...

> *"Defendant will execute a declaration under penalty of perjury stating that, excluding his single vehicle, he does not have assets worth more than $5,000 as of August 5, 2024."*

4. Unlike the Investigation and Cooperation Clauses, this clause had a very specific task that Jones was to complete, and also gave an exact date on which it was to be completed (August 5). Whereas the Cooperation Clause only required him to "make all reasonable efforts" to cooperate

with my investigations (which can be open to interpretation, hence why the two of us are bickering as to exactly what he is required to do), the Declaration Clause creates a bright line rule.

5. It is now August 6, 2024, and Jones has not submitted anything that could even arguably be considered compliance with the Declaration Clause. With the Cooperation Clause, there is at least the slimmest argument that can be made that he's making a good faith effort to comply and is simply running up against barriers. But with the Declaration Clause, there is no indication that he has even *attempted* to comply with it.

6. The Declaration Clause very clearly set a deadline for when he was to accomplish it. That's a bright line rule. The deadline has come and gone, and Jones has not complied.

7. Therefore, I ask that the Court use this as an independent grounds to grant the Motion for Liquidated Damages. Even if Jones appeals the order and gets it overturned on appeal because the District Court abused its discretion in declaring that he wasn't providing reasonable cooperation, his failure to comply with the Declaration Clause would still be standalone grounds to affirm the District Court's order in this regard.

8. Wherefore, premises considered, I respectfully pray that the Motion for Liquidated Damages be granted.

So requested on this, the 6th day of August, 2024.

_____
David Stebbins (pro se)