FILED
CLERK, U.S. DISTRICT COURT
08/08/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____IGU_____ DEPUTY

David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947     acerthorn@yahoo.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                 PLAINTIFF

VS.                 Case 8:24-cv-01486-JVS-KES

JARROD JONES                                                      DEFENDANTS

## MOTION TO RECONISDER [85] ORDER REGARDING [79] MOTION FOR LIQUIDATED AMAGES

      Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Magistrate Judge Scott to reconsider her order (ECF 85) regarding my Motion for Liquidated Damages.

1.     The Court gave the Defendant a choice of options: Either file the declaration or explain why he cannot do it despite reasonable diligence. The implication appears to be that, if the Defendant files the declaration, he won't have to explain why he didn't file it by the initial deadline he already agreed to.

2.     That implication is unfair to me. Even if he files the belated declaration, he should still be made to explain why he didn't file it when he was supposed to. If the only reason he didn't file it to begin with is because he was thumbing his nose at me (just like he's been doing this entire case for the past two years), then he still deserves to have to pay the liquidated damages regardless.

3.     Second, he should not be allowed to simply get out of having to file the declaration. Even if he provides an objectively good reason "why he has been unable to provide such a declaration, despite reasonable diligence," that alone should not be enough to get him out of having to comply with the contractual obligations he already agreed to. *Impossibility* is a defense to contractual performance, but not personal *inability*.

4.     If the latter were a defense to a contract, then it would theoretically become a defense that a debtor should not have to repay a loan simply because he lost his job. I'm not talking about the

creditor getting a judgment on paper but the defendant is judgment-proof, but if the debtor were to ever come into money, the creditor can still enforce the judgment. No, I'm talking about the defendant actually having a defense on the merits, and the creditor doesn't even get a judgment in the first place. So even if the debtor got a new job tomorrow, res judicata would bar the creditor from seeking to collect on the debt.

5. Here is a hypothetical scenario that the Court has most likely heard countless times before, but which can help the pro se Defendant understand how the law works: Imagine if John contracts with Steve to paint Steve's house on September 1st in exchange for Steve paying him a fee of $500. However, on August 31, John breaks his leg and must back out of the job. In that case, John is still in breach of contract. It isn't impossible to paint the house; it's just that John, personally, can't do it by the date agreed upon. However, if Steve's house *literally burns down* on August 31, *then* John has an impossibility defense to the contract. At that point, it isn't that John personally can't paint the house. NOBODY can paint a house that *literally doesn't exist anymore!*

6. Applying this legal principle to the instant case, it is axiomatic that it is not impossible to execute a declaration under penalty of perjury as to your assets, income, and net worth.

7. For this reason, in order to avoid liquidated damages, Jones should be made to do BOTH of the things the Court previously gave him a choice of. He should have to BOTH execute the declaration AND give an objective good reason why he didn't do it by the date he originally agreed to. If he cannot do the former, the Court should take that as a tacit confession from the Defendant that he does in fact have a greater net worth than what he initially represented during the mediation. If he cannot do the latter, he is still in breach of the settlement agreement and should have to pay the liquidated damages accordingly.

8. I therefore ask the Court to modify its order to require the Defendant to do both.

9. I will also be filing a Second Supplemental Brief later today, educating the Court of my latest attempts to investigate his financial status, only to repeatedly and consistently run up against a brick wall. Stay tuned for that.

10. Wherefore, premises considered, I respectfully pray that the Court modify its order so as to strictly hold the Defendant to the settlement he already agreed to, and for any other relief to

which I may be entitled.

    So requested on this, the 8th Day of August, 2024.

_____<br>
David Stebbins (pro se)