# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-01486-JVS-KES | Date: August 21, 2024 |

Title: DAVID A. STEBBINS v. CMDR IMPERIAL SALT, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

| PROCEEDINGS (IN CHAMBERS): | ORDER Denying Plaintiff's Motions for Liquidated Damages (Dkt. 79), a Hearing (Dkt. 82), and Reconsideration (Dkt. 87) |
|---|---|

**I.  BACKGROUND.**

In July 2022, Plaintiff David A. Stebbins of Harrison, Arkansas ("Plaintiff") filed a copyright infringement action in the U.S. District Court for the Northern District of California ("N.D. Cal.") against John Doe, a computer user known by the aliases "CMDR Imperial Salt" and "ZellZander," later identified as Jarrod Jones ("Defendant"). On July 3, 2024, the N.D. Cal. transferred the case to this Court because Defendant resides in this district. (Dkt. 64); see 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1404(a).

After denying multiple motions, the assigned magistrate judge referred the case for an early settlement conference with Judge Shashi H. Kewalramani. (Dkt. 75 at 11-12.) On Thursday, July 25, 2024, Judge Kewalramani entered minutes reflecting that the parties had settled. (Dkt. 78.) The terms of the parties' settlement agreement are as follows:

• Defendant Jarrod Jones ("Defendant" or "Mr. Jones") as a limited agent of Plaintiff David A. Stebbins ("Plaintiff" or "Mr. Stebbins") for the sole purpose of submitting a takedown notice of the video at issue, including all re-postings of the video.

      • Defendant will execute a declaration under penalty of perjury stating that, excluding his single vehicle, he does not have assets worth more than $5,000 as of August 5, 2024.

      • Defendant must make all reasonable efforts to cooperate with Plaintiff in confirming his net worth over the next 6 months (to be calculated from July 25, 2024).

      • If it is determined that Defendant's net worth exceeds $6,000 excluding his car, Defendant will be liable under a liquidated damages provision where Defendant will be pay Plaintiff $10,000, payable over 2 years at a rate to be agreed to by the parties.

      • Defendant shall make $100 payments over the next 18 months, totaling $1,800.

      • Defendant shall pay Plaintiff $100 by the 5th of each month unless the parties agree to another schedule or deadline.  Defendant must make his first payment to Plaintiff no later than September 5, 2024

      • Each party will bear their own costs and fees.

      • There is no admission of wrongdoing by the parties.

      • This matter will be administratively closed.

      • Upon receipt of the final payment, Plaintiff will file a document to dismiss the action with prejudice.

      • The Court retains jurisdiction over enforcement of this settlement agreement.

      • The settlement involves mutual releases for all claims, known or unknown, that could or should have been brought in this matter between the parties.

(Dkt. 78.)

      On Tuesday, July 30, Plaintiff filed a motion seeking liquidated damages against Defendant.  (Dkt. 79.)  He later filed a motion asking for a hearing on that motion and permission to appear remotely.  (Dkt. 82.)  The district judge referred both motions to the magistrate judge.  (Dkt. 84.)

      After Defendant filed an opposition (Dkt. 80), Plaintiff filed a reply (Dkt. 81) and a supplemental brief (Dkt. 83) contending that Plaintiff had failed to provide a timely declaration

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KES　　　　　　　　　　　　　　　　　Date: August 21, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

concerning his assets, as required by the settlement agreement.  The magistrate judge directed Defendant to file the declaration required by the settlement agreement by August 16, 2024.  (Dkt. 86.)  Plaintiff then filed a motion asking for reconsideration of the short extension of this deadline from August 5 to August 16 (Dkt. 87) and a second supplemental brief (Dkt. 88).

On August 16, 2024, Defendant filed a declaration saying, in relevant part, "The only asset I own is my $6,000 vehicle."  (Dkt. 89 at 18.)

## II.     THE LIQUIDATED DAMAGES MOTION (DKT. 79).

### A.     Summary of the Briefs.

The briefing consists of the motion (Dkt. 79), Defendant's response/opposition (Dkt. 80), Plaintiff's reply (Dkt. 81), and Defendant's supplemental brief (Dkt. 83).[1]

Plaintiff argues that he accepted a certain amount to settle this case based, in part, on representations that Defendant has very limited financial resources.  (Dkt. 79 at 1.)  Plaintiff doubted Defendant's honesty, so he negotiated three clauses into the settlement agreement: (1) the Investigation Clause; (2) the Cooperation Clause; and (3) the Liquidated Damages Clause.  According to Plaintiff, the Investigation Clause gives Plaintiff the "right to investigate [Defendant's] financial status."  (Id. at 2.)  The Cooperation Clause requires that Defendant reasonably cooperate in such an investigation.  If Defendant materially lied during the settlement negotiations about his financial status, then he would owe Plaintiff liquidated damages of $10,000.  (Id.)

At about 2:00 p.m. on July 25 (the date of the settlement conference), Plaintiff sent Defendant an email with his "first batch of requests for you to prove your net worth."  (Id. at 7.)  The email requested five years of tax returns, two years of bank statements, and other information.  (Id.)  At 2:19 p.m., Defendant responded by email, saying he would "get on it" and sending a table of "taxable income as reported by SSI."  (Id. at 8.)

In response, Plaintiff sent four emails in rapid succession asking for the table "in a verified format" and asking when Defendant could send "the rest of the stuff."  (Id. at 9.)  At

---

[1] When a party files a non-discovery motion, the only briefing permitted is an opposition and a reply, unless otherwise ordered by the Court.  See Local Civil Rule ("L.R.") 7.  In the future, the Court will not consider unauthorized sur-replies, supplemental briefs, etc.
　　The Local Civil Rules are available on the Court's website at: https://www.cacd.uscourts.gov/sites/default/files/documents/2024%20June%20LRs%20Chap%201.pdf.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01486-JVS-KES | Date: August 21, 2024 |
| | Page 4 |

2:53 p.m., Defendant responded, "Give me until Monday for the rest of the financials," noting that finding some of the other requested information "is going to take a bit." (Id. at 10.)

On Monday at 9:21 a.m., Plaintiff emailed, "It's Monday." (Id. at 11.) Defendant responded, "I'm still at work. I do not know my end time." (Id. at 12.) That is the end of the emails attached to the motion.

Plaintiff contends that this proves lack of cooperation sufficient to trigger the obligation to pay liquidated damages. (Id. at 3 ("[Defendant] should not be allowed to later dispute the reasonableness of the time frame he previously agreed to").) He also contends that Defendant lied, because he represented at the settlement conference he was "chronically unemployed, just like me" but later stated he was at work. (Id. at 1, 4.)

Defendant opposes the motion saying, "I approach the court absolutely flabbergasted and bamboozled at the Plaintiff's inability to adhere to and be patient enough to follow the court-ordered settlement agreement." (Dkt. 80 at 1.) Defendant explains that he recently obtained part-time employment and that "it has taken longer than my guesstimation [of Monday] to obtain the documents that he requests." (Id. at 1-2.)

**B.      Discussion.**

The Court **DENIES** Plaintiff's motion for liquidated damages. The penalty of liquidated damages is not triggered merely by Defendant's failure to produce financial documents as quickly as Plaintiff would prefer. Rather, the settlement agreement states that Defendant is liable for liquidated damages only "if it is determined that Defendant's net worth [in August 2024] exceeds $6,000 excluding his car." (Dkt. 78.) No such determination has been made.

The settlement agreement states Plaintiff shall cooperate "in confirming his net worth **over the next 6 months** (to be calculated from July 25, 2024.)" (Dkt. 78 at 1 (emphasis added).) The civil discovery rules typically give litigants 30 days to respond to document requests, see, e.g., Fed. R. Civ. P. 34(b)(2)(A), and more time is often reasonable depending on the circumstances. Plaintiff has not demonstrated that Defendant violated the settlement agreement.

Plaintiff shall wait **at least 45 days** before filing another motion arguing that Defendant has not complied with the "Cooperation Clause" of the settlement agreement.

During that time, if Plaintiff believes that Defendant needs to produce more information in order to reasonably cooperate, Plaintiff shall send Defendant a polite email acknowledging what Plaintiff has already received, stating what Plaintiff still believes is outstanding, and explaining why Plaintiff believes that the outstanding informaton is reasonably necessary to confirm Defendant's net worth as of July 2024.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KES　　　　　　　　　　　　　　　　　　　　　　　Date: August 21, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

　　　　The Court stresses that the settlement agreement does not require proof beyond a reasonable doubt of Defendant's July 2024 net worth – only reasonable cooperation. If after 45 days of polite communications and document review, Plaintiff is still convinced that Defendant has failed in his duty to reasonably cooperate, Plaintiff may file a motion asking that the Court order Defendant to produce specific documents. The Court will consider whether Plaintiff's request and Defendant's efforts to comply are consistent with a duty to reasonably cooperate. Any such motion should carefully follow the redaction and "meet and confer" requirements discussed below.

### III.　THE MOTION HEARING (DKT. 82).

　　　　The Court has discretion to decide motions without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. The Court exercises its discretion to **DENY** Plaintiff's request for a hearing because oral argument would not assist the Court. Moreover, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Holding a hearing on this motion would not promote these aims.

### IV.　THE RECONSIDERATION MOTION (DKT. 87).

　　　　Plaintiff asks for reconsideraton of the extension of Defendant's deadline for providing a declaration from August 5 to August 16, arguing such an extension is unfair. (Dkt. 87.)

　　　　The motion for reconsideration is **DENIED**. The Court sees no unfairness. The Central District of California's Civility and Professionalism Guidelines require, "Unless time is of the essence, as a matter of courtesy [lawyers] will grant first requests for reasonable extensions of time to respond to litigation deadlines."[2] The Court expects the same from self-represented litigants. Here, Plaintiff has not identified any prejudice that flowed from the very short extension. The economic value of the parties' settlement agreement remains unchanged.

### V.　FILING DOCUMENTS WITH THE COURT AND COMMUNICATING WITH OPPOSING PARTIES.

　　　　The Court has received several emails from the parties (not submitted for electronic filing through the EDSS program). The Court is not going to review those filings. Because the parties are self-represented, the Court provides the following guidance:

---

　　　　[2] These guidelines are available on the Court's website at: https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KES                       Date: August 21, 2024
                                                                                                                   Page 6

• Except when acting as a settlement nuetral (as Judge Kewalramani did in this case), the Court only considers documents that are properly filed. To be properly filed, a document must be (a) sent to the Court via the EDSS program, (b) mailed to the Court, (c) or e-filed through the CM/ECF system. This ensures that there are no improper ex parte communcations between the Court and the litigants.

• When publicly filing documents, the **parties must redact** any information that might expose someone to identify theft, such as social security numbers, bank account numbers, credit card numbers, bank routing numbers, driver's license numbers, etc. See Fed. R. Civ. P. 5.2. It is good practice to redact home addresses and personal phone numbers when that informaton is not a relevant part of the exhibit. Failing to follow this rule can subject a party to sanctions.

## VI. THE CENTRAL DISTRICT'S MEET AND CONFER REQUIREMENT.

In the future, the Court will enforce Local Rule 7-3, which requires the parties to "meet and confer" before filing motions, as follows:

> **L.R. 7-3 Conference of Counsel Prior to Filing of Motions**. In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F. R. Civ. P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

L.R. 7-3. Pro se litigants who are not in custody are not exempt from this rule. L.R. 1-3; L.R. 16-12.

To comply with this rule, the parties should use reasonable, good faith efforts to schedule "meet and confer" conferences with the opposing party and only request conferences for non-frivolous motions. Neither party is expected to miss work to attend such a conference. Launching an email and then filing a motion after not receiving an immediate response does not satisfy Local Rule 7-3.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KES     Date: August 21, 2024
                                                                       Page 7

     In sum, the parties are expected to discuss disputes civilly before filing motions. For example, if something is late or incomplete, the opposing party should send a polite email inquiring about it and perhaps request a phone call at at mutually convenient date/time. Sending emails with profanity, mean-spirited names, and accusations of "gotcha" violatons and threats is inconsistent with the parties' duties under Federal Rule of Civil Procedure 1 and can subject a party to sanctions.

MINUTES FORM 11                                                         Initials of Deputy Clerk jd
CIVIL-GEN