David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,   PLAINTIFF

VS.   Case 8:24-cv-01486-JVS-KES

JARROD JONES   DEFENDANTS

### OBJECTION TO [92] ORDER DENYING MOTION FOR LIQUIDATED DAMAGES

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Objection to Magistrate Judge Scott's Order Denying my Motion for Liquidated Damages in the above-styled action.

### Effect of this objection

1. According to Federal Rule of Civil Procedure 72(a), "A party may serve and file objections to the order within 14 days after being served with a copy ... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

2. Magistrate Judge Scott's order denying my Motion for Liquidated Damages was entered on August 21, 2024. Therefore, I have until September 4, 2024 to file this Objection. This objection is being filed well within that time limit. Therefore, it is properly before the Court.

### Judge Scott's of obvious bias against me

3. For the record, Judge Scott's previous order (ECF 75) has demonstrated a clear bias against me, one that arguably should necessitate recusal. See Liteky v. United States, 510 US 540, 555 (1994) (a judge's on-record statements are grounds for recusal when "they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

4. Judge Scott's previous order contains findings that clearly show this sort of deep-seated antagonism includes, but is not limited to, declaring that my Motion for Partial Summary Judgment was improperly filed because it wasn't filed in compliance with this district's local rules when the motion wasn't even filed in this district at the time, and when the motion was fully

in compliance with the local rules of the district in which it was actually filed.

5.      Such a blunder is clear evidence that she was determined to deny the motion by any means necessary, and retroactively searched for an excuse to do so. Either that, or she is so incompetent at the law that she could give Aileen Cannon a run for her money, a judge who notoriously gave a jury in a criminal case a verdict form that didn't even give the jury the option of finding the defendant not guilty even if they wanted to[1]. If we assume the latter, then Judge Scott needs to be relieved of duty entirely, so assuming the former (which, in turn, requires the Court make the finding that Judge Scott has "such a deep-rooted ... antagonism [against the Plaintiff] as to make fair judgment impossible," thereby requiring recusal) is the lesser of two evils.

6.      At the very least, she should be brought up for review by Chief Judge Gee. Any police officer who made a similar blunder while making an arrest would almost certainly be similarly brought up for review by his Police Chief.

7.      In any event, since it is clear that Judge Scott holds a grudge against me for some reason, this Court should review all of her orders in this case with a grain of salt.

**Judge Scott erroneously found that the Defendant had substantially cooperated**

8.      Judge Scott held that "The settlement agreement states Plaintiff shall cooperate in confirming his net worth over the next 6 months (to be calculated from July 25, 2024.) The civil discovery rules typically give litigants 30 days to respond to document requests, and more time is often reasonable depending on the circumstances. Plaintiff has not demonstrated that Defendant violated the settlement agreement" (citations and quotations omitted). But she gave no indication that we (the parties) had agreed that the Defendant would have thirty days to respond to each request. Nowhere in the settlement contract does it say that we are following the rules of civil litigation discovery unless explicitly specified otherwise. For example, I'm clearly not required to format my requests as formal interrogatories or requests for production; Judge Scott clearly found my requests to be valid in the first instance despite them not being so formatted. I'm clearly not limited to only 25 questions I'm allowed to ask him, like I am under Fed.R.Civ.P. 33(a)(1). So her determination that I have to wait 30 days for a response simply because that's how it works in discovery is preposterous.

---

1   See https://abovethelaw.com/2023/08/trump-judge-aileen-cannon-under-fire-in-yet-another-criminal-trial/

9. She referenced the well-established fact that extensions of time are often granted "depending on the circumstances," but she made absolutely no finding that (A) the Defendant had *requested* any extension of time, or (B) that such an extension was reasonable under the circumstances.

10. Remember that I filed this motion after Jones represented to me that he would have the "other financials" by "Monday" (aka July 29, 2024), but then, never communicated with me about any potential delay that would have taken longer than Monday to do that. So criterion (A) above was not met, and furthermore, criterion (B) was not met either because Jones never showed any proof that he was in fact making a good faith attempt to obtain the information (as I explained in ECF 88, ¶¶ 1-13.

11. Also, Judge Scott completely glosses over the fact that the Defendant has failed utterly to provide most of the information that I requested. As I explain in ECF 88, ¶¶ 1-3 and ECF 90, ¶¶ 1-20, he hasn't even provided any of the actual evidence that I asked for. Judge Scott completely ignored these arguments and simply proceeded to arbitrarily declare "Plaintiff has not demonstrated that Defendant violated the settlement agreement."

12. This is an arbitrary ruling and should be overturned by the district judge.

### The cooperation clause needs to be enforceable on its own

13. Next, Judge Scott declared "The penalty of liquidated damages is not triggered merely by Defendant's failure to produce financial documents as quickly as Plaintiff would prefer. Rather, the settlement agreement states that Defendant is liable for liquidated damages only if it is determined that Defendant's net worth [in August 2024] exceeds $6,000 excluding his car."

14. First of all, I didn't file the motion because he didn't produce the documents "as quickly as [I] would prefer." That is an absurd statement. I sought liquidated damages because he failed to produce the documents ***by the date he himself said he would have them***, and then I doubled down on the motion because he failed to produce the vast majority of documents ***at all***. There's a big difference.

15. Second, the magistrate judge is basically saying that the cooperation clause doesn't have any real enforcement power. He can refuse to cooperate, in blatant violation of the agreement,

without any consequences. What's the point of having a cooperation clause in the first place in that case?

16. Maybe you could argue that a more appropriate response to his noncompliance would be sanctions such as contempt of court. But Judge Scott didn't consider even that much!

17. Therefore, her order should be overturned.

### Requiring me to wait 45 days to file another motion to enforce the settlement agreement is an absurd restriction that serves no purpose other than to show personal antagonism towards me.

18. Out of nowhere, and for absolutely no reason whatsoever, Judge Scott issues another restriction: "Plaintiff shall wait at least 45 days before filing another motion arguing that Defendant has not complied with the 'Cooperation Clause' of the settlement agreement."

19. There is no rhyme or reason for this restriction. It is a restriction on my First Amendment right[2] to court access done entirely for its own sake. At a minimum, the magistrate judge doesn't give any reason for this restriction, and she certainly cites no legal authority which gives her the ability to arbitrarily restrict my right to file motions like that. At a bare minimum, I was never afforded any due process of law before this restriction was imposed, which brings the constitutionality of this restriction into serious dispute, even if the act itself was not unconstitutional.

20. Therefore, it should be overturned as being entirely arbitrary.

### Order denying the motion for reconsideration should also be overturned

21. Last but not least, the magistrate judge denied my motion for reconsideration, finding "The Central District of California's Civility and Professionalism Guidelines require, 'Unless time is of the essence, as a matter of courtesy [lawyers] will grant first requests for reasonable extensions of time to respond to litigation deadlines.' The Court expects the same from self-represented litigants."

22. Judge Scott either overlooks or intentionally ignores one key detail: Defendant Jarrod Jones never asked for an extension of time. Therefore, it was improper for Judge Scott to grant one sua sponte. At that point, Judge Scott is effectively acting as de facto counsel for the Defendant: Coming up with excuses and defenses on his behalf.

---

2  See California Motor Transport Co. v. Trucking Unlimited, 404 US 508, 510 (1972) ("The right of access to the courts is indeed but one aspect of the right of petition").

23.     At that point, I shouldn't even *have* to explain how that is an egregious affront to my constitutional rights. Judge Scott says I haven't "not identified any prejudice that flowed from the very short extension?" Well, that's because I was **never asked to!** However, if the magistrate judge is becoming a de facto advocate for the Defendant, that is inherently prejudicial to me, per se, to the exclusion of all other factors. The right to an impartial judge is so fundamental that it can "never be treated as harmless error." See Arizona v. Fulminante, 499 US 279, 308 (1991) (citing Tumey v. Ohio, 273 U.S. 510 (1927).

24.     Therefore, the Magistrate Judge's order should be overturned, and the Defendant should be made to show cause why he didn't fulfill his obligations under the Declaration Clause by the first deadline, otherwise he should be declared to be in breach thereof, and either have to pay the liquidated damages or be held in contempt of court.

## Conclusion

25.     As I explained in the first section of this Objection, Magistrate Judge Scott has had a clear bias against me since day one. District Judge Selna should not only overturn her order, but refer her to Chief Judge Gee for potential sanctions.

26.     Wherefore, premises considered, I respectfully pray that the Magistrate Judge's order be overturned.

So requested on this, the 25th day of August, 2024.

_____
David Stebbins (pro se)