UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx            Date: October 9, 2024

Title: DAVID A. STEBBINS v. CMDR IMPERIALSALT, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING Plaintiff's Motions [Dkt. 94, 95]

**I.   Background.**

In July 2022, Plaintiff David A. Stebbins of Harrison, Arkansas ("Plaintiff") filed a copyright infringement action in the U.S. District Court for the Northern District of California ("N.D. Cal.") against John Doe, a computer user known by the aliases "CMDR Imperial Salt" and "ZellZander," later identified as Jarrod Jones ("Defendant"). On July 3, 2024, the N.D. Cal. transferred the case to this Court because Defendant resides in this district. (Dkt. 64); see 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1404(a).

After denying multiple motions, the assigned magistrate judge referred the case for an early settlement conference with Judge Shashi H. Kewalramani. (Dkt. 75 at 11-12.) On Thursday, July 25, 2024, Judge Kewalramani entered minutes reflecting that the parties had settled. (Dkt. 78.) The terms of the parties' settlement agreement are as follows:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx Date: October 9, 2024
 Page 2

• Defendant Jarrod Jones ("Defendant" or "Mr. Jones") as a limited agent of Plaintiff David A. Stebbins ("Plaintiff" or "Mr. Stebbins") for the sole purpose of submitting a takedown notice of the video at issue, including all re-postings of the video.

• Defendant will execute a declaration under penalty of perjury stating that, excluding his single vehicle, he does not have assets worth more than $5,000 as of August 5, 2024.

• Defendant must make all reasonable efforts to cooperate with Plaintiff in confirming his net worth over the next 6 months (to be calculated from July 25, 2024).

• If it is determined that Defendant's net worth exceeds $6,000 excluding his car, Defendant will be liable under a liquidated damages provision where Defendant will be pay Plaintiff $10,000, payable over 2 years at a rate to be agreed to by the parties.

• Defendant shall make $100 payments over the next 18 months, totaling $1,800.

• Defendant shall pay Plaintiff $100 by the 5th of each month unless the parties agree to another schedule or deadline. Defendant must make his first payment to Plaintiff no later than September 5, 2024.

• Each party will bear their own costs and fees.

• There is no admission of wrongdoing by the parties.

• This matter will be administratively closed.

• Upon receipt of the final payment, Plaintiff will file a document to dismiss the action with prejudice.

• The Court retains jurisdiction over enforcement of this settlement agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                                       Date: October 9, 2024
                                                                              Page 3

> • The settlement involves mutual releases for all claims, known or unknown, that could or should have been brought in this matter between the parties.

(Dkt. 78.)

Within days of reaching this agreement, Plaintiff filed a motion seeking liquidated damages against Defendant based on allegations that Defendant had violated the agreement by failing to produce requested documents and thereby failing to "make all reasonable efforts to cooperate with Plaintiff in confirming his net worth over the next 6 months." (Dkt. 79.)

The Court denied Plaintiff's motion for liquidated damages, explaining as follows:

> The penalty of liquidated damages is not triggered merely by Defendant's failure to produce financial documents as quickly as Plaintiff would prefer. Rather, the settlement agreement states that Defendant is liable for liquidated damages only "if it is determined that Defendant's net worth [in August 2024] exceeds $6,000 excluding his car." (Dkt. 78.) No such determination has been made.

(Dkt. 92 at 4.) Since the civil discovery rules generally give litigants 30 days to produce requested documents, the Court directed Plaintiff to wait 45 days before filing another motion asserting that Plaintiff failed to produce requested documents. (Id. at 4.)

As soon as this deadline expired, Plaintiff filed a motion to compel cooperation and impose sanctions. (Dkt. 94.) He also filed a motion to hold Defendant in contempt for missing the Saturday, October 5, 2024 deadline to make the monthly $100 payment required by the settlement agreement. (Dkt. 95.) Both motions were referred to the magistrate judge. (Dkt. 96.)

## II.  Plaintiff's Motion to Compel Cooperation and Impose Sanctions.

Plaintiff contends that he has requested the following documents but Defendant has not agreed to provide them:

> (1) [Defendant's] past five 1040s;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                                        Date: October 9, 2024
                                                                                                                                   Page 4

(2) all the correspondence he made with his bank and the IRS to obtain the non-records he previously send me;

(3) a complete profile on the other Jarrod Jones in Everett, WA, who is the one with actual income between $150-$175k per year;

(4) his complete employment history from the past twelve years; and

(5) a response from WIS International regarding his employment status.

(Dkt. 94 at 1.) Plaintiff argues that he is entitled to these materials because they are "relevant" to his investigation of Defendant's July 2024 net worth, employing the same standard for relevance as civil discovery. (Id. at 2.) After attempts to meet and confer via email over relevance failed, Plaintiff asserts that Defendant "does not have a right to know why this evidence is relevant."[1] (Id.) He asks the Court to (1) order Defendant to produce all the requested documents; (2) warn Defendant that his failure to do so will trigger an adverse inference that his net worth in July 2024 was greater than $6,000, which, in turn, will trigger the settlement agreement's liquidated damages clause; and (3) sanction Defendant $1,000/day from the day Plaintiff requested the documents until the day Defendant produces them. (Dkt. 94 at 3.)

The Court DENIES Plaintiff's motion. The settlement agreement does not entitle Plaintiff to discover every document relevant to Defendant's net worth. Rather, it obligates Defendant to make "all reasonable efforts to cooperate with Plaintiff in confirming his net worth over the next 6 months (to be calculated from July 25, 2024)." (Dkt. 78.) If a document is not reasonably relevant to this calculation, or if it is not reasonably available to Defendant, then Defendant has no obligation to produce it.

This is a sufficient reason for the Court to deny Plaintiff's motion as to Request (2) (because Defendant's communications with his bank and the IRS attempting to obtain records has no tendency to show his net worth); Request (3) (because there is no reason to think that Defendant possesses this information, and public records about other people named Jarrod Jones are equally available to

---

[1] To the contrary, the Court's prior order instructed Plaintiff that if he did not receive everything he requested, he was required to explain to Defendant why Plaintiff "believes that the outstanding information is reasonably necessary to confirm Defendant's net worth as of July 2024." (Dkt. 92 at 4.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                              Date: October 9, 2024
                                                              Page 5

Plaintiff); Request (4) (because Defendant's employment history over 12 years is not reasonably relevant to his net worth in July 2024, although his more recent employment might be); and Request (5) (because the settlement agreement's cooperation clause neither obligates Defendant to create documents that do not exist nor imposes burdens on third parties, such as Defendant's employer).[2]

As for Request (1), Defendant previously declared, "I have provided the Plaintiff with documentation of my Social Security Association taxed income, Tax Returns of the last few years, and a two-year history of my bank transactions from 8/9/2022 to 8/14/2024. I believe that this is sufficient …." (Dkt. 89 at 18 (dated 8/16/24).) Plaintiff must have received the referenced tax information, because on August 18, he emailed Defendant asking, "why do the tax whatevers you sent me say that you were filing single?" (Dkt. 94 at 7.)

Later on August 19, 2024, Defendant declared that he sent Plaintiff "receipts of my tax returns" because they were "quickly available to download from the IRS website." (Dkt. 91 at 2.) He declared that he lacks resources to obtain his previously filed 1040 forms because the IRS charges $30 per form. (Id.) He also wrote, "I've been struggling with filing taxes due to the terrible ID.me system that the IRS relies on to verify identity and prevent fraud. I'll start the process of filing my 2022 tax returns." (Id. at 6.)

Plaintiff says that after the Court issued Dkt. 92 (an order dated 8/25/24), he "submitted new requests for evidence" to Defendant, including the request for his past five 1040s. (Dkt. 94 at 1, 5.) He does not, however, describe what tax information he had already received from Defendant or explain why it was insufficient. Did he only receive receipts showing that tax returns were filed without showing the amount of Defendant's income? If so, for what years did he receive receipts? Per the receipts, when were Defendant's most recent federal tax returns filed? If Defendant's most recent tax return was filed for the year 2021 or earlier, then why are his last five 1040s reasonable evidence of his net worth in July 2024? Does Plaintiff disagree that the IRS charges $30 to obtain copies of past 1040s? Is it reasonable to ask Defendant to pay $150 to obtain past copies of

---

[2] Defendant explained that he acquired a parttime job to help fund the settlement. (Dkt. 90 at 1.) Plaintiff says that he contacted Defendant's employer to try to verify his employment. (Dkt. 94 at 1.) Plaintiff should carefully consider what actions serve his interests. If Plaintiff disrupts Defendant's employer, causing Defendant to lose his job, that could possibly impair Defendant's ability to fund the settlement, temporarily excuse Defendant's performance, and/or give Defendant a basis to take legal action against Plaintiff.

Case 8:24-cv-01486-JVS-KES   Document 97   Filed 10/09/24   Page 6 of 6   Page ID #:234

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                  Date: October 9, 2024
                                                                  Page 6

1040s, given the other evidence of Defendant's indigency?  Because the motion does not answer these questions, Plaintiff fails to carry his burden as the moving party to show that Defendant failed to cooperate reasonably with Plaintiff's efforts to investigate Defendant's net worth.

### III.  Plaintiff's Motion to Hold Defendant in Civil Contempt.

Plaintiff alleges that a $100 payment was due on Saturday, October 5, but he did not receive it, so he filed a motion for contempt on Sunday, October 6.  (Dkt. 1 at 2.)

The Court DENIES the motion without prejudice for failure to comply with Local Rule 7-3 and the Court's prior order.  Litigants may not file motions with first conferring with the opposing party.  (Dkt. 92 at 6, explaining L.R. 7-3.)

Plaintiff's motion for contempt demonstrates no attempt to reach Defendant during the work week to discuss what happened with the October payment.  Was it sent via PayPal but not received?  Was it mailed?  Was Defendant relying on the normal court rule that extends weekend deadlines to the next weekday?  Plaintiff's motion does not say, because Plaintiff filed it without conferring with Defendant.  For this reason, the motion is DENIED without prejudice.

To cure this non-compliance, Plaintiff may email Defendant to propose five dates/times at least seven days in the future when Plaintiff is available to talk on the phone, taking into consideration the time zone difference.  Upon receiving such an email, Defendant shall respond promptly by accepting one of the proposed dates/time or proposing some reasonable alternatives.  Defendant is not required to miss work to participate in conferences with Plaintiff concerning this lawsuit.  During the call, Defendant shall be prepared to discuss when and how he sent the October payment, or if he did not send it, why not and when it will be sent.  Plaintiff shall tell Defendant if he has received the payment and when.  Any renewed motion by Plaintiff shall (1) describe the date, time, and content of this phone discussion and (2) explain why the parties were unable to reach a resolution eliminating the need for a motion.

Per Local Rule 7-3, the conference must take place at least 7 days before Plaintiff re-files the motion.  (Dkt. 92 at 6.)

Initials of Deputy Clerk <u>jd</u>