Jarrod Jones
1850 W Orangethorpe Ave
Fullerton, California, 92833
(714) 497-0035
jarrod@stangranch.com



FILED
CLERK, U.S. DISTRICT COURT
OCT 21, 2024
CENTRAL DISTRICT OF CALIFORNIA
BY ___PD___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID A. STEBBINS,

    Plaintiff,

vs.

JARROD JONES,

    Defendant

Case No.: 8:24-cv-01486-JVS-KES

RESPONSE TO RENEWED MOTION FOR CONTEMPT OF COURT

Comes now, Jarrod Jones, Pro Se, Defendant;

    In his recent motion for sanctions, Plaintiff, Mr. Stebbins, requests that the court hold me in contempt and impose a fine of $4,000, payable directly to him, for a brief four-day delay in payment. This delay was caused by my bank account being frozen due to a fraud investigation, as I explained to Mr. Stebbins during our recent conference call. A document of provisional credit is attached as Exhibit A, and while there is wording that 'provisional credit can be used while the investigation is ongoing', my debit card is closed due to the fraud report and rendered me unable to use these funds.

    During the call I informed Mr. Stebbins that I was unable to withdraw or send money because my funds were frozen in the bank account. I even explained to him the process as to why my account is frozen, and that his alternative suggestions to pay him were also out of the question because the bank account was frozen. I had hoped that my bank would resolve the investigation and unfreeze my account before the deadline to pay Mr. Stebbins came, unfortunately that did not happen. The financial stress of having no access to money to purchase food, or handle basic needs, placed me in a difficult situation where I addressed as quickly as possible the moment the funds were available.

RESPONSE TO RENEWED MOTION FOR CONTEMPT OF COURT - 1

Despite these facts, Mr. Stebbins refuses to accept any reasonable explanation. He seems to suggest that it would have been preferable for me to allow scammers to drain my account, simply so I could attempt to make the payment to him before my funds were depleted. This is an absurd and unreasonable expectation.

In reading his motion for contempt charges I noticed yet another error that Mr. Stebbins has brought forward to mislead the court. Mr. Stebbins falsely accuses me of having only one fraudulent charge on my account. As I explained during the call, this is incorrect. I clearly informed him it was multiple fraudulent charges, and I even provided him with an example, which I read aloud during our meeting. His continued disregard for the facts and refusal to acknowledge the legitimate reasons for the delay underscores the unreasonable nature of his demands.

Even if there is the option to send the Plaintiff a bank transfer in lieu of payment via PayPal, Mr. Stebbins thinks it's in his best interest to demand that I agree to a damages clause requiring me to pay him at least $5,000 in damages if his bank information ever becomes public. (Exhibit B) This clause, if accepted, would have put me in a difficult position because there is nothing stopping Mr. Stebbins from making his bank information public so he can turn around and seek the damages clause immediately. This lays down a pattern of behavior that shows, as well as his penchant to file motions of excessive fines, that his motive behind filing these motions is not about enforcing the settlement agreement but intentionally inflicting a financial burden onto me.

Point 7 of Mr. Stebbins' motion claims he experienced a similar charge from Spokeo and that he contacted his bank to report fraudulent charges to block Spokeo from charging him again. However, in his attached Exhibit B, it does not show a fraud report. Instead, it documents a routine credit card dispute over charges he believed were unauthorized when he cancelled his Spokeo subscription. A fraud claim typically involves reporting unauthorized use of personal details, or a stolen credit card. While a credit card dispute, seen in Exhibit B, is a standard procedure for contesting charges when a transaction doesn't go as expected.

RESPONSE TO RENEWED MOTION FOR CONTEMPT OF COURT - 2

Mr. Stebbins is misleading the court by characterizing this dispute as a "fraud claim." His own exhibit contradicts his assertion, revealing this to be a simple transaction dispute, not a case of fraud. This misrepresentation is just another example of the inconsistencies in his statements. Mr. Stebbins is quick to accuse me of lying whenever my responses do not align with his narrative or expectations. However, this instance shows that he himself frequently attempts to mislead the court, as demonstrated by his own exhibit. According to Mr. Stebbins, everything must be performed perfectly, an impossible standard that no one, including him, can meet. This error on his part is just one example of the inconsistencies in his claims.

Plaintiff's reliance on Federal Rule of Evidence 404 (b) (1) is completely irrelevant to the present case. Plaintiff's attempts to compare this to a criminal case involving prior bad acts to establish motive or intent, but this is a civil matter regarding a minor payment delay caused by an external factor (a frozen, inaccessible bank account). There are no "prior bad acts" or "criminal intent" here that would require the use of Rule 404(b). The delay was explained, and payment was made as soon as possible once the account was unfrozen. Plaintiff reference to criminal case law has no bearing on this straightforward issue of a delayed payment out of circumstances beyond my control.

Regarding Plaintiff's claim, (point 15(b) of Dkt. 99), that I deliberately ignored the summons and only engaged with the case after a motion for a default judgment is misleading and a distortion of the facts. While there have been delays in my response, I did not ignore the case altogether. As the court record shows, I filed a motion to set aside default judgment promptly upon realizing the default (see Dkt. 45), outlining the circumstances that led to the delay.

Plaintiff claims to have served me via the email address "zellzander@gmail.com." However, this email account had been disabled and locked since August 2022. The plaintiff was aware that this email address was no longer active, as evidence by a bounce-back notification or other communication indicating the account's inactivity. Despite this, the Plaintiff had failed to inform that he attempted service on an inactive email address, leading to a significant delay in my receipt of any official documents, as well as an

RESPONSE TO RENEWED MOTION FOR CONTEMPT OF COURT - 3

email that I rarely checked that the Plaintiff did not get expressed court permission to serve via email.

The plaintiff relied heavily on an inaccurate third-party service for my information, Mr. Stebbins had located some sort of information from me from Spokeo and BeenVerified. However, had he used proper channels to verify his information, he'd have discovered my most up to date information at the time, and that the primary email address he had for me at the time was invalid. This reliance on disinterested third-party services has contributed to the communication issues and delays in this case.

In an effort to correct the situation, I had filed my as forementioned Motion to Set Aside Default, as required by the court, and I've done my best to provide Mr. Stebbins with what he has requested, within the boundaries of reasonable intent. I have done nothing but follow the directions of the Court to work with Mr. Stebbins, but the only wall that prevents this case moving forward in the settlement process is one that is solely constructed by the Plaintiff.

In Point 22 of the Plaintiff's Motion, Mr. Stebbins demands that I be fined $4,000, which is more than double the total amount of the original settlement agreement of $1,800. Not only is this demand completely disproportionate to the brief, four-day delay in payment that was caused by a legitimate, external issue, but Plaintiff's request is also fundamentally flawed. Fines resulting from contempt of court are payable to the court, not to the Plaintiff, as Mr. Stebbins seems to believe. His demand that these fines are paid directly to him, rather than the court, is a clear attempt to try to exploit the legal process for financial gain.

Such an excessive and unreasonable demand is malicious and demonstrates Plaintiff's intent to harass and intimidate me into paying far more than what is due under the terms of the settlement. The settlement agreement for $1,800, and Plaintiff's attempt to extract an additional $4,000 beyond this amount is not only baseless but also reflects an ongoing effort to financially and psychologically pressure me. This is further evident by his use of phrases like, "He needs a good 'contempt of court' kick in the rear" (see

RESPONSE TO RENEWED MOTION FOR CONTEMPT OF COURT - 4

Point 20 of Dkt. 99), which clearly shows his intent to use legal mechanisms as a form of punishment rather than resolution.

Throughout his motion, Plaintiff engages in a series of personal attacks and derogatory comments that further demonstrate his intent to harass and inflict emotional distress. In point 28, for example, Plaintiff sarcastically mocks my financial situation by stating "Oh, cry me a river!" and proceeds to belittle me, saying, "WELCOME TO BEING AN ADULT!" such comments serve no legitimate legal purpose and instead highlight Plaintiff's ongoing pattern of psychological harassment. Furthermore, Plaintiff's statement in Point 30, that the court has "coddled" me and that I need "tough love" is not only inappropriate but also indicative of his belief that this legal process is a personal matter between him and me, rather than a formal legal proceeding. His insistence that I need to be "disciplined" like a child (point 30), and that I am an "8-year-old trapped in a 33-year-old-body" (point 29) further illustrates his use of legal fillings as a platform for personal attacks.

These statements are part of a continued pattern of harassment designed to wear me down emotionally and financially. Plaintiff's demands for excessive funds, coupled with his derogatory language and constant personal attacks, amount to psychological terror. This behavior has caused me significant distress and has made it clear that the Plaintiff's true intent is not to resolve this matter but to continue harassing me.

**Request for Court Intervention and Sanctions**

Considering the ongoing harassment, personal attacks, and malicious demands from Plaintiff David Stebbins, I respectfully ask the Court to intervene to stop this pattern of psychological terror and harassment. Plaintiff's behavior has escalated beyond the scope of a legal dispute and now amounts to a persistent effort to inflict emotional distress, all while exploiting the legal system for personal financial gain.

RESPONSE TO RENEWED MOTION FOR CONTEMPT OF COURT - 5

Plaintiff's filings are not only designed to attack me personally but are also a waste of the Court's time and resources. His repeated motions filled with demands for exorbitant sums of money far exceeding the original settlement agreement demonstrate that his intent is not to resolve this matter in good faith, but to continue harassing me and prolonging the litigation unnecessarily.

Given the ongoing nature of these actions and the impact they have had on me both financially and emotionally, I ask the Court to consider imposing sanctions on Mr. Stebbins as the Court sees fit. These sanctions could serve to deter future malicious filings and ensure that this legal process is not further abused.

I further request that the Court take appropriate action to put an end to Mr. Stebbins' attempts to use the legal system as a tool for harassment, and to restore a sense of fairness and professionalism to these proceedings.

Dated this 21 of October, 2024.

_____
Jarrod Jones, Pro Se

RESPONSE TO RENEWED MOTION FOR CONTEMPT OF COURT - 6

# EXHIBIT A



2880 Chad Drive
Eugene, OR 97408





JARROD MIKAEL JONES
1850 W Orangethorpe Ave Spc 80D
Fullerton, CA 928334486

September 24, 2024

## NOTICE OF PROVISIONAL CREDIT

RE: Card ending in 5963/Account ending in 5799

This letter is to inform you we have received your notice regarding an error on your account. It may take forty-five (45) calendar days to complete our investigation into this matter. If the investigation involves a new personal account, a business account, or the transaction(s) in question is a Point of Sale (POS) or an international-initiated transaction(s), the allowance for completion of our investigation is increased to ninety (90) calendar days.

Effective today, your account has been provisionally credited $59.90 for the transaction(s) listed immediately below. You have full use of these funds during the course of our investigation. This is provisional credit only and is subject to reversal depending on the research findings on the disputed transaction(s). If the credit is reversed, you will receive a letter of notification from OCCU.

| Date | Amount | Merchant | Provisional Credit |
|---|---|---|---|
| Jan 10, 2024 | $29.95 | CARSCENT3185248999 470-5706323 FL | $29.95 |
| Feb 09, 2024 | $29.95 | PERSONALREPORTS9787050 978-7050853 FL | $29.95 |

Effective today your account has been given final credit in the amount of $10.90 and as listed in the table immediately below.

| Date | Amount | Merchant | Approved |
|---|---|---|---|
| Jan 10, 2024 | $1.00 | CARSCENTME 470-5706323 FL | $1.00 |
| Jan 12, 2024 | $4.95 | ALPHAREPORT8776427371 877-6427371 FL | $4.95 |
| Jan 29, 2024 | $4.95 | PERSONALREPORTS9787050 978-7050853 FL | $4.95 |

Transaction(s) listed immediately below included in your claim have been denied for the reason(s) shown.

Page 1

| Date | Amount | Merchant | Reason |
|---|---|---|---|
| Jul 30, 2024 | $29.95 | CARINFOSTORY.NET 877-6424336 FL | PAST 60 DAYS STMNT DATE |
| Aug 26, 2024 | $29.95 | GET CAR DETAILS 877-3562290 KY | PAST 60 DAYS STMNT DATE |
| Sep 02, 2024 | $29.95 | GET CAR DETAILS 877-3562290 KY | PAST 60 DAYS STMNT DATE |
| Sep 09, 2024 | $29.95 | CARINFOSTORY.NET 877-6424336 FL | PAST 60 DAYS STMNT DATE |
| Sep 16, 2024 | $29.95 | CARINFOSTORY.NET 877-6424336 FL | PAST 60 DAYS STMNT DATE |

The following evidence may have been used where an error was denied due to transaction authorized:
- Transaction was authorized with chip. Chip technology cannot be replicated.
- Transaction was authorized with PIN. PIN is valid consumer identification.
- Transaction was authorized with card present indicators and cardholder specific identifiers.
- Member confirmed transaction was valid.

Other denials can occur due to the following:
- Invalid card: One or more items are not associated with the card for which the claim was submitted.
- No documentation: After multiple attempts to obtain documentation, appropriate docs were not received.
- Untimely notice: OCCU was notified of one or more errors where the first unauthorized transaction is past the regulatory 60 day statement timeframe.
- Member withdrew claim.

Thank you for being an OCCU member. Our team is here to help. If you have any further questions, please give us a call at 541.687.2347.

Thank you,

Fraud Claims Processing
541.687.2347
FraudClaimsProcessing@MyOCCU.org

# EXHIBIT B

