

David Stebbins (pro se Plaintiff)  123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947  acerthorn@yahoo.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS, PLAINTIFF

VS.  Case 8:24-cv-01486-JVS-KES

JARROD JONES  DEFENDANTS

### OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL COOPERATION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Objection to Magistrate Judge's Order Denying Motion to Compel Cooperation.

**Effect of this objection**

1. According to Federal Rule of Civil Procedure 72(a), "A party may serve and file objections to the order within 14 days after being served with a copy ... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

2. Magistrate Judge Scott's order denying my Motion to Compel Cooperation was entered on October 9, 2024. Therefore, I have until October 23, 2024 to file this Objection. This objection is being filed within that time limit. Therefore, it is properly before the Court.

**Judge Scott's of obvious bias against me**

1. For the record, Judge Scott's first order (ECF 75) has demonstrated a clear bias against me, one that arguably should necessitate recusal. See Liteky v. United States, 510 US 540, 555 (1994) (a judge's on-record statements are grounds for recusal when "they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). Judge Scott's previous orders contains findings that clearly show this sort of deep-seated antagonism includes, but is not limited to, declaring that my Motion for Partial Summary Judgment was improperly filed because it wasn't filed in compliance with this district's local rules when the motion wasn't even filed in this district at the time, and when the motion was fully in compliance with the local rules

of the district in which it was actually filed.

2. Such a blunder is clear evidence that she was determined to deny the motion by any means necessary, and retroactively searched for an excuse to do so. Either that, or she is so incompetent at the law that she could give Aileen Cannon a run for her money, a judge who notoriously gave a jury in a criminal case a verdict form that didn't even give the jury the option of finding the defendant not guilty even if they wanted to[1]. If we assume the latter, then Judge Scott needs to be relieved of duty entirely, so assuming the former (which, in turn, requires the Court make the finding that Judge Scott has "such a deep-rooted ... antagonism [against the Plaintiff] as to make fair judgment impossible," thereby requiring recusal) is the lesser of two evils.

3. At the very least, she should be brought up for review by Chief Judge Gee. Any police officer who made a similar blunder while making an arrest would almost certainly be similarly brought up for review by his Police Chief.

4. In any event, since it is clear that Judge Scott holds a grudge against me for some reason, this Court should review all of her orders in this case with a grain of salt.

## Second (currently pending) objection

5. In addition, I also have an objection pending to her Order Denying Motion for Liquidated Damages. See ECF 93. This objection contains even more evidence of her prejudice against me, including, but not limited to, raising a defense on the defendant's behalf that the defendant did not raise, in effect becoming counsel for the defense and thereby thoroughly violating my right to an impartial judiciary. See ECF 93, ¶¶ 21-24.

## Judge Scott's latest order is just as erroneous as her previous ones, and just as indicative of prejudice warranting recusal.

6. Finally, let's now talk about the order denying my motion to compel cooperation. Judge Scott's entire basis for denying my motion to compel cooperation is because the requests were not "reasonably relevant" to proving his net worth.

7. In making this determination, she completely ignores the fact that I *literally told her* what the relevance was! See ECF 94, ¶¶ 5-8, and especially ¶ 7. At no point did Judge Scott ever even so much as acknowledge these arguments, let alone make any attempt to refute them.

---

1  See https://abovethelaw.com/2023/08/trump-judge-aileen-cannon-under-fire-in-yet-another-criminal-trial/

8. Therefore, her order should be overturned for an abuse of discretion.

## Conclusion

9. Wherefore, premises considered, I respectfully pray that Judge Scott's order be overturned by the district judge, and that Judge Scott herself be brought up for review for potentially holding an unconstitutional bias against me.

So requested on this, the 22nd day of October, 2024.

_David Stebbins_ (pro se)