UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | October 25, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Objections to August 21 Order [93] and Motion for Objections to October 9 Order and Request for Recusal of Magistrate Judge [102]**

Before the Court is pro se Plaintiff David Stebbins' ("Stebbins") objection to the Magistrate Judge's Order Denying his Motion for Liquidated Damages (Second Objection, Dkt. No. 93) and objections to his Motion to Compel Cooperation. (Third Objection, Dkt. No. 102.)

On July 31, 2024, Stebbins filed a motion for Liquidated Damages against pro se Defendant Jerrod Jones ("Jones"). (Dkt. No. 79.) In a written opinion, Magistrate Judge Karen E. Scott denied the motion. (August 21 Order, Dkt. No. 92.) Stebbins objected. (Second Objection at 1.)

On October 5, 2024, Plaintiff filed a motion "to compel cooperation and for sanctions." (Dkt. No. 94.) In another written opinion, Magistrate Judge Scott denied the motion. (October 9 Order, Dkt. No. 97.) Stebbins again objected and requested recusal of the Magistrate Judge. (Third Objection at 1.)

For the following reasons, the Court affirms both the August 21 Order and October 9 Order and denies the request for recusal.

## I. BACKGROUND

This case arises out of copyright infringement action in the Northern District of California against a John Doe computer user by the aliases "CMDR Imperial Salt" and "ZellZander," later identified as Jarrod Jones ("Jones"). (October 9 Order at 1.) On July

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | October 25, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

25, 2024, the Parties settled their dispute before Judge Kewalramani. (See id.) As laid out in the Magistrate Judge's order, the terms of the settlement agreement were:

> Defendant Jarrod Jones ("Defendant" or "Mr. Jones") as a limited agent of Plaintiff David A. Stebbins ("Plaintiff" or "Mr. Stebbins") for the sole purpose of submitting a takedown notice of the video at issue, including all re-postings of the video.
>
> Defendant will execute a declaration under penalty of perjury stating that, excluding his single vehicle, he does not have assets worth more than $5,000 as of August 5, 2024.
>
> Defendant must make all reasonable efforts to cooperate with Plaintiff in confirming his net worth over the next 6 months (to be calculated from July 25, 2024).
>
> If it is determined that Defendant's net worth exceeds $6,000 excluding his car, Defendant will be liable under a liquidated damages provision where Defendant will be pay Plaintiff $10,000, payable over 2 years at a rate to be agreed to by the parties.
>
> Defendant shall make $100 payments over the next 18 months, totaling $1,800.
>
> Defendant shall pay Plaintiff $100 by the 5th of each month unless the parties agree to another schedule or deadline.
>
> Defendant must make his first payment to Plaintiff no later than September 5, 2024.
>
> Each party will bear their own costs and fees.
>
> There is no admission of wrongdoing by the parties.
>
> This matter will be administratively closed.
>
> Upon receipt of the final payment, Plaintiff will file a document to dismiss the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-01486-JVS-KES                    Date   October 25, 2024

Title   David Stebbins v. CMDR ImperialSalt et al.

action with prejudice.

The Court retains jurisdiction over enforcement of this settlement agreement.

The settlement involves mutual releases for all claims, known or unknown, that could or should have been brought in this matter between the parties.

(Id. at 2–3.)  Five days after settlement, Stebbins filed a motion seeking liquidated damages against Jones claiming that he breached the "Cooperations Clause" of the agreement by not providing a declaration of net assets.  (Id. at 3.)  The Magistrate Judge temporarily denied Stebbins' motion for liquidated damages, allowing Jones eight days to file a declaration of assets or explain why he was unable. (Dkt. No. 86.)  On August 16, Jones filed a declaration declaring his only asset was his $6,000 vehicle.  (Dkt. No. 92, at 1.)

On August 21, 2024, the Magistrate Judge issued a full ruling on the liquidated damages motion.  (Id.)  In the order, Judge Scott thoroughly outlined the parties' respective positions and denied the motion for liquidated damages finding that the agreement had not been breached.  (Id. at 3–4.)  The court succinctly determined:

> The penalty of liquidated damages is not triggered merely by Defendant's failure to produce financial documents as quickly as Plaintiff would prefer. Rather, the settlement agreement states that Defendant is liable for liquidated damages only "if it is determined that Defendant's net worth [in August 2024] exceeds $6,000 excluding his car."  (Dkt. 78.)  No such determination has been made.

(Id. at 4.)  The court then informed Stebbins of the civil discovery rules that typically give litigants 30 days to produce requested documents.  (Id.)  Further, the court ordered Stebbins to wait "at least 45 days" before filing another motion regarding the "Cooperation Clause" of the settlement agreement.  (Id.)  Stebbins objected to this order. (Second Objection, Dkt. No. 93.)

Stebbins "immediately" submitted new requests for evidence to Jones, including: (1) his past five 1040s, (2) correspondences with the bank and IRS, (3) a "complete profile on the other Jarrod Jones . . . who is the one with actual income between $150-$175k per year," (4) his complete employment history for the last 12 years, (5) a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | October 25, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

response from WIS International regarding Jones' employment status, and (6) "all of his Discord conversations." (Dkt. No. 94.) Jones allegedly complied with certain requests, but objected to the relevance of other requests. (Id.) Exactly 45 days after his previous motion, Stebbins filed new motions to compel cooperation and impose sanctions. (Id.) This Court referred the matters to the Magistrate Judge. (See Dkt. No. 96.)

The Magistrate Judge denied the new motions to compel cooperations and impose sanctions. (October 9 Order at 3.) As it related to requests (2)–(5), the court stated:

> The settlement agreement does not entitle [Stebbins] to discover every document relevant to [Jones'] net worth. Rather, it obligates [Jones] to make "all reasonable efforts to cooperate with [Stebbins] in confirming his net worth over the next 6 months (to be calculated from July 25, 2024)." (Dkt. 78.) If a document is not reasonably relevant to this calculation, or if it not reasonably available to [Jones], then [Jones] has no obligation to produce it."

(Id. at 4.) With regard to the first request, the past five 1040s, the court found that Stebbins had been provided with some of the past tax information, but failed "to carry his burden as the moving party to show that [Jones] failed to cooperate reasonably with [Stebbins'] efforts to investigate [Jones'] net worth." (Id. at 5–6.) Stebbins objected to the court's finding. (Third Objection at 1.)

## II. LEGAL STANDARD

Rule 72 governs the scope of magistrate judges' authority and review of their orders. With respect to non-dispositive matter such as discovery matters, an aggrieved party may seek review before the district judge within 14 days. (Fed. R. Civ. P. 72(a). The district judge applies the following review standard: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

The clearly erroneous standard applies to a magistrate's factual findings, and the contrary to law standard applies to the magistrate's legal conclusions. See Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 970–71 (C.D. Cal. 2010). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Id. at 971 (internal quotations and citations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | October 25, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

omitted). "By contrast, [t]he contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." Id. (internal quotations and citations omitted). Courts have interpreted this standard "to provide for de novo review by the district court on issues of law." Med. Imaging Centers of Am., Inc. v. Lichtenstein, 917 F. Supp. 717, 719 (S.D. Cal. 1996). "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Forouhar v. Asa, No. C 10–3623 SBA, 2011 WL 4080862, at *1 (N.D. Cal. Sept. 13, 2011) (internal quotation marks and citations omitted).

### III. DISCUSSION

 *A. Objection to August 21, 2024 Order (Dkt. No. 92)*

 In his objection to the August 21 Order, Stebbins argues the following: (1) Judge Scott erroneously found that Jones had substantially cooperated; (2) the cooperation clause needs to be enforceable on its own; and (3) the 45 day waiting period was "absurd" and showed "personal antagonism." (Second Objection at 2–4.) The Court will take each argument in turn.

  1. Jones had Substantially Cooperated

 The clearly erroneous standard applies to a magistrate's factual findings. See Crispin, 717 F. Supp. 2d at 970–71. The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Id. at 971 (internal quotations and citations omitted). A court's factual findings in the interpretation of a contract are reviewed for clear error, while "principles of contract interpretation" are reviewed de novo. Penthouse Intern., Ltd. v. Barnes, 792 F.2d 943, 948 (9th Cir. 1986).

 In interpreting the settlement agreement, the Magistrate Judge looked at the plain reading of the agreement and found that the agreement "states that Defendant is liable for liquidated damages only 'if it is determined that Defendant's net worth [in August 2024] exceeds $6,000 excluding his car.'" (August 21 Order at 4.) The timeline for this determination was set out in the proceeding paragraph, which stated that Defendant must cooperate with Plaintiff "in confirming his net worth over the next 6 months." (Id.) The Magistrate Judge committed no error of law or fact in this reading. Indeed, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | October 25, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

agreement unambiguously states that Jones must cooperate with Stebbins *over the next 6 months*. This does not mean that Jones may sit on his feet for six months; but rather, as the Magistrate Judge notes, it means that the parties will "reasonably" work together over the next six months to discover his net worth.

To that effect, the Magistrate Judge informed Stebbins, a pro se plaintiff, about the rules of conduct he is expected to follow, including no profanity and meeting and conferring before filing motions. (Id. at 5.) Moreover, the Magistrate Judge noted, for reference only, that the civil rules of discovery generally allow up to 30 days to produce documents, and provide leniency if circumstances warrant. (Id. at 4.) Stebbins contends he is "clearly not required to format [his] requests" in accordance with the rules of civil procedure and thus, it is "preposterous" that he must comply with the rules of civil procedure for discovery timelines. (Second Objection at 2.)

Stebbins misunderstands the Magistrate Judge's ruling. The Magistrate Judge is not requiring Stebbins to comply with discovery rules for timing, formatting, or limitations of questions.[1] Rather, the Magistrate Judge plainly ruled Jones had not violated the agreement because "reasonable efforts" to cooperate "over the next 6 months" had not yet been violated. (August 21 Order at 4.) Indeed, the Magistrate Judge stressed that after 45 days, the court would "consider whether [Stebbins'] request and [Jones'] efforts to comply are consistent with a duty to reasonable cooperate." (Id. at 5.) Accordingly, the Magistrate Judge did not err when providing Jones more time to produce documents in accordance with the plain reading of the agreement.

### 2. Cooperation Clause is Not "Enforceable On its Own"

Stebbins' next objection is not entirely clear to the Court. Stebbins argues that the Magistrate Judge erred in not finding the Cooperation Clause as "enforceable on its own." (Objection at 3.) On the one hand, Stebbins argues that the cooperations clause does not merely dictate discovery "as quickly as [he] prefers." (Second Objection at 3.) Indeed, the thought of such interpretation is, according to Stebbins, "an absurd statement" and renders the clause without "any real enforcement power." (See id.) But

---

[1] This Court does not address in this Order whether it would be appropriate, in the absence timing provisions in the agreement, to rely on federal discovery rules to define "reasonable efforts" to cooperate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01486-JVS-KES                              Date  October 25, 2024

Title  David Stebbins v. CMDR ImperialSalt et al.

in the next breathe, Stebbins seems to contend that it could justifiably require discovery by any date that Jones himself chooses. (See id. ("I sought liquidated damages because he failed to produce the documents by the date he himself [Jones] said he would have them . . . .").) Thus, it appears that the cooperation clause fails to provide any real timing requirements beyond what is "reasonable." Therefore, whether or not it is "enforceable on its own" is a question for the Magistrate Judge of what is reasonable cooperation—a term left undefined by the settlement agreement.

The Court will presume then that the crux of Stebbins objection is to the Magistrate Judge's findings on reasonableness.[2] As discussed above, this Court finds no errors at law nor clearly erroneous factual findings regarding the Magistrate Judge's determination of reasonableness under the agreement.

Accordingly, this objection is overruled.

### 3. The 45 Day Waiting Period

Finally, Stebbins argues that "for absolutely no reason whatsoever, Judge Scott issues another restriction: [the 45 day waiting period]." (Second Objection at 4.) Stebbins' objection and subsequent conduct following the August 21 Order make it clear that he does not understand the purpose of the 45 day waiting period.

The 45 day period was neither arbitrary nor "another restriction." As the Magistrate Judge clarified, the entire purpose of setting the 45 day period was to allow a period of "polite communications and document review." (August 21 Order at 5.) If, after 45 days, Stebbins believed that Jones did not "reasonably cooperate," then Stebbins

---

[2] Whether Stebbins was intentionally speaking in hyperbole or misunderstands the Magistrate Judge's ruling on reasonableness and timing is unclear. Thus, for clarity, the Court will expand on the Magistrate Judge's ruling. The Magistrate Judge did not, in fact, rule that the cooperation clause has no enforcement power. It does. Nor did the Magistrate Judge find that the cooperation clause is set by whenever either party would prefer. It does not. The Magistrate Judge's ruling is clear: Stebbins did not show that Jones was unable to "reasonably cooperate" merely because he did not provide documents within a week—even if Jones initially agreed to do so. This finding still gives the cooperations clause power. Indeed, consistent with the agreement, the Magistrate Judge ordered cooperation between the parties for the next 45 days, at which point in time, Stebbins is free to file another motion if Jones does not cooperate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | October 25, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

would be free to file another motion saying so. (Id.) Thus, the 45-day period was part and parcel with the finding of "reasonable cooperation" in interpreting the agreement.

To be clear, the Magistrate Judge was *not* placing an "arbitrary" bar on Stebbins from filing a claim in court, nor was the Magistrate Judge imposing a separate limitation, unrelated to the finding on "reasonable cooperation." Likewise, the Magistrate Judge was not inviting Stebbins to subsequently demand more documents within a one-week span—believing the 45 day waiting period to only apply to the previously requested documents. The 45 day period was meant to ensure "reasonable cooperation" consistent with the agreement, regarding "outstanding information [that] is reasonable necessary to confirm Defendant's net worth as of July 2024." (August 21 Order at 4.) The Court finds that there were no errors at law nor clearly erroneous factual findings in giving this order.

Accordingly, the August 21 Order is affirmed in its entirety.

B.  October 9, 2024 Order

Stebbins objects to the October 9, 2024 order. (Third Objection at 1.) In his objection, Stebbins reiterates the above complaints from his Second Objection. (Id. at 2.) Stebbins additionally argues that Magistrate Judge Scott should be recused because of alleged bias against Stebbins. (Id.) Stebbins does not state a clear legal basis for recusing the Magistrate Judge,[3] but the Court assumes he is proceeding under 28 U.S.C. § 455, the general recusal statute. For the reasons set forth below, the Court denies the Motion.

Section 455(a) provides a broad, fact-driven rule for disqualification: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The fact that a judge has made rulings adverse to a party, standing alone, is not a basis for disqualification. Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Hernandez-Escarsega, 886

---

[3] Stebbins cites Liteky v. United States, 510 U.S. 540, 555 (1994), in which the Supreme Court analyzes recusal under § 455(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | October 25, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

F.2d 1560, 1581 (9th Cir. 1989).

Stebbins' only argument made with specificity is a previous ruling where the Magistrate Judge denied a motion for partial summary judgment because it did not comply with local rules "when the motion wasn't even filed in this district . . . and when the motion was fully in compliance with the local rules of the district in which it was actually filed." (Third Objection at 2–3.) Stebbins argues that this demonstrates a "deep-seated antagonism" and that "Judge Scott holds a grudge . . . for some reason." (Id.)

Stebbins' arguments are without merit. First, Stebbins was not in compliance with Central District of California Local Rules governing motions for summary judgment and requirements that parties meet and confer. (See Dkt. No. 75.) At this time, the Magistrate Judge was properly assigned his case from the Northern District. (Id. at 4.) Second, even if the case had not yet been transferred, which it had, the Magistrate Judge also denied Stebbins' motion on independent grounds that it violated Federal Rule of Civil Procedure 56(d), which certainly applied to him at the time of his motion. (Id. at 8.) Third, the Magistrate Judge also analyzed the merits of the motion, finding that the motion was premature given and that it was not "undisputed" that Defendant acted with malice. (Id.) Finally, the Magistrate Judge denied the motion without prejudice, allowing Stebbins to file the same motion "at a later time when authorized by the Court." (Id.) None of these actions signal any sort of personal bias that would necessitate recusal. Moreover, Stebbins has provided no other support for such a claim.

The only basis for recusal is disagreement with the Magistrate Judge's rulings. That is insufficient. Liteky, 510 U.S. at 555. There is nothing more here. There is no external evidence of personal bias or conflict. For present purposes, "personal bias" means a bias derived from extra-judicial origins, as opposed to an opinion formed during the course of litigation. Craven v. Unites States, 22 F.2d 605, 607 (1st Cir. 1927); accord United States v. Carignan, 600 F.2d 762, 763-64 (9th Cir. 1979). It is an "attitude toward [the challenging party] that is significantly different from and more particularized than the normal general feeling of society at large." Mims v. Shapp, 541 F.2d 415, 417 (10th Cir. 1977). Stebbins' vague accusations would not cause a reasonable person to believe that there is a basis to question the Magistrate Judge's impartiality. 28 U.S.C. § 455.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | October 25, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

Accordingly, the Court denies the recusal request.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion for recusal and affirms the Magistrate Judge's August 21 Order and October 9 Order.

**IT IS SO ORDERED.**