

David Stebbins (pro se Plaintiff)  123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                     acerthorn@yahoo.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                  PLAINTIFF

VS.                         Case 8:24-cv-01486-JVS-KES

JARROD JONES                                                    DEFENDANTS

### SUPPLEMENTAL BRIEF IN SUPPORT OF
### RENEWED MOTION FOR CONTEMPT OF COURT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Supplemental Brief in Support of my Renewed Motion for Contempt of Court.

**Jones has failed to address this new concern when given the chance to.**

1. On October 24, 2024, at 9:54AM central time (7:54AM Pacific), I contacted Jarrod Jones over email to notify him of this new concern which I will discuss momentarily, offering him the opportunity to refute it. It is now past 5PM central time on October 25, 2024, as of the time of this writing, and I have not received a response from Jones. This means that he had over 24 hours to reply and explain why this upcoming concern does not deserve to be brought to the Court's attention, and has not replied at all.

**Jones could still have done an in-person withdrawal to get cash.**

2. According to my research, whenever a bank chooses to freeze an account pending an investigation of a fraudulent charge, the vast majority of banks who do that will typically allow the account holder to appear in-person and withdraw cash from their account. This, apparently, is the banks' answer to the concerns I expressed in ECF 99, ¶¶ 8-9, where I asked how an account holder is supposed to pay for basic living expenses like groceries while the account is frozen. Therefore, while it is not literally impossible that this option was not available to Jones, the *preponderance of the evidence* (which is the applicable burden of proof in civil cases) says that it more than likely was available to him, unless he comes forward with unambiguous evidence that his bank is one of the few that does not allow even in-person withdrawals when the account is

frozen.

3.       Well, if Jones could have access his money by making an in-person withdrawal, then he could have withdrawn the cash he needed in order to use the "money order" method I suggested in ECF 99, ¶ 6. This means that Jones absolutely did have the ability to pay me on time, and simply didn't.

4.       Now, I have heard some people argue (although I have yet to hear Jarrod Jones himself say this) that Jones's bank is located in Oregon, whereas he lives in Southern California (I concede to that much). Therefore, his bank was allegedly a more than 10-hour drive away from him, thereby making in-person withdrawals implausible.

5.       However, that is clearly Jones's fault for keeping his old bank even after he had long moved to Southern California with no immediate plans of moving back. He has been in SoCal for over a year[1], so he has no excuse for not getting a bank that is a reasonable distance from him. At this point, even if an in-person visit was implausible for him, he's the one who *made it* implausible, and should be held to account accordingly. As I explained in ECF 99, ¶ 1, an exception to the inability defense exists when the defendant is responsible for creating the inability.

6.       Therefore, unless Jones can file a response to this Supplemental Brief and come forward with objective evidence that his bank in particular does not allow even so much as in-person withdrawals whenever the account is frozen pending a fraud investigation, then I ask the Court to hold him to account and hold him in contempt of court.

## Conclusion

7.       Wherefore, premises considered, I respectfully pray that the Renewed Motion for Contempt of Court be granted.

So requested on this, the 25th day of October, 2024.

_David Stebbins_
David Stebbins (pro se)

---

[1] See ECF 31, a document dated August 4, 2023 (more than one year ago) where the Marshal acknowledged that Jones had moved to California.