UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 8:24-cv-01486-JVS-KES                                              Date: November 8, 2024

Title: DAVID A. STEBBINS v. CMDR IMPERIALSALT et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Maria Barr for Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   Order DENYING Renewed Motion for Contempt of Court Filed by Plaintiff David A. Stebbins (Dkt. 99)

**I.   BACKGROUND**

The present case involves a lawsuit between Plaintiff David A. Stebbins ("Plaintiff") and Defendant Jarrod Jones ("Defendant"), along with a countersuit brought by Defendant against Plaintiff (Dkt. 41). On July 25, 2024, the parties reached a settlement agreement. (Dkt. 78.) One material term was that Defendant agreed to pay Plaintiff $100 per month for eighteen months, with each monthly payment being due by the fifth on each month unless the parties agree to another schedule or deadline. (Id. at 1.) According to the settlement agreement, "[u]pon receipt of the final payment, Plaintiff will file a document to dismiss the action with prejudice." (Dkt. 78 at 2.) Defendant was required to make the first payment to Plaintiff no later than September 5, 2024. (Id.) Defendant made the first monthly payment on time using PayPal. (Dkt. 95 at 1.)

For the second monthly payment, Plaintiff claims that Defendant failed to pay him by Saturday, October 5, either via PayPal or with a check. (Id.) He further alleges that Magistrate Judge Kewalramani, who conducted the settlement conference, told him that if Defendant missed a payment, Defendant "will be held in contempt of court unless he can show cause why he should not be so held." (Id.) The settlement agreement contains no such term. (Dkt. 78.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KES                                    Date: November 8, 2024
                                                                                                Page 2

On Sunday, October 6, 2024, Plaintiff filed a motion seeking to hold Defendant in contempt for the then one-day-late payment. (Id.) The District Judge referred the motion to the Magistrate Judge to decide as a non-dispositive motion. (Dkt. 96.) On October 9, the Magistrate Judge denied the motion without prejudice because it was filed in violation of Local Rule 7-3, which requires the parties to confer at least 7 days prior to filing a motion. (Dkt. 97.)

On October 20, 2024, Plaintiff filed a renewed motion for contempt. (Dkt. 99.) Plaintiff apparently attempted to satisfy Local Rule 7-3 by conferring with Defendant. (Id. at 1.) Defendant clarified that the parties conferred via a Zoom conference call on October 18, during which Defendant informed Plaintiff that he was unable to pay Plaintiff on October 5 because his bank account had been frozen following a fraud alert. (Dkt. 98; see also Dkt. 100.) Defendant paid Plaintiff the $100 on October 9, 2024, four days after it was initially due. (Dkt. 100 at 1.)

Plaintiff now asks the Court to (1) hold Defendant in contempt for delivering the October payment of $100 four days late and (2) impose a $4,000 contempt fine on Defendant. (Dkt. 99 at 6; Dkt. 100 at 1.)

**II.     DISCUSSION**

        **A.     Contempt**

                **1.     Legal Standard**

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370 (1966) (citations omitted). Courts may also "hold a party in civil contempt for violating a court order." CFTC v. Saffron, 2:19-cv-01697, 2020 WL 495557, 2020 U.S. Dist. LEXIS 15232, at *5 (D. Nev. Jan. 20, 2020).

> In order to obtain contempt sanctions, the moving party must demonstrate by clear and convincing evidence that the other party violated a court order. Once the moving party establishes the violation, the burden shifts to the alleged contemnor to produce evidence justifying his non-compliance.

Id. The purpose of civil contempt is to either coerce obedience from parties to comply with a court order or to compensate the injured party. Id. (citation omitted).

Contempt can only be used to enforce a court order or punish violation of a court order, not a private contract. "A settlement agreement is a type of contract." Rachford v. Air Line Pilots Ass'n Int'l, 375 F.Supp. 2d 908, 937 (N.D. Cal. 2005).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KES     Date: November 8, 2024
                                                                        Page 3

### 2. Analysis

Plaintiff is asking this Court to hold Defendant in contempt for delay in complying with a settlement agreement. (Dkt. 99 at 6.) The settlement agreement is not a court order, but instead is a contract made between two individuals. Therefore, this Court lacks authority to hold Defendant in contempt for allegedly violating the settlement agreement.

## B. Monetary Fine

### 1. Legal Standard

"Civil contempt is a refusal to do an act the court has ordered for the benefit of a party; the sentence is remedial." In re Sequoia Auto Brokers Ltd., Inc., 827 F.2d 1281, 1283 n.1 (9th Cir. 1987). By contrast, "[c]riminal contempt is a completed act of disobedience; the sentence is punitive to vindicate the authority of the court." Id.

The key purpose of a civil and remedial contempt fine is to either coerce the defendant to comply with a court order or to compensate the complainant for their losses. Int'l Union v. Bagwell, 512 U.S. 821, 829 (1994) (quoting United States v. Mine Workers, 330 U.S. 258, 303-04 (1947)). If a fine is intended to coerce compliance rather than to compensate an injury, "it is civil only if the contemnor is afforded an opportunity to purge." Id. Therefore, a "'flat, unconditional fine'… announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance." Id. (quoting Penfield Co. of Cal. V. SEC, 330 U.S. 585, 588 (1947)).

### 2. Analysis

Here, the Court declines to impose a civil fine on Defendant. First, as discussed above, the fact that Defendant violated a private contract as opposed to a court order means that this Court lacks the ability to hold Defendant in contempt of court. A civil contempt fine is not an available remedy in this case. Second, the fine requested by Plaintiff would not be imposed to induce compliance because Defendant has already made the October payment, albeit four days late. (Dkt. 100 at 1.) The fine would also not be intended to compensate Plaintiff for losses sustained because the amount of the requested fine greatly exceeds the monthly $100 payments due under the settlement agreement.

## C. Meet and Confer Efforts

### 1. Legal Standard.

Local Rule 7-3 requires parties to meet and confer prior to "the filing of any motion," unless a narrow exception applies. The parties must confer at least seven days before the motion is filed. "If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion" a statement indicating that the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01486-JVS-KES | Date: November 8, 2024 |
| | Page 4 |

parties conferred pursuant to the Local Rule.

      **2.**      **Analysis.**

On October 6, 2024, Plaintiff filed his initial motion for contempt. (Dkt. 95.) This Court denied the motion without prejudice because Plaintiff failed to comply with the meet and confer requirements of Local Rule 7-3. (Dkt. 97 at 6.) Plaintiff also violated the Court's prior order directing the parties to meet and confer in compliance with Local Rule 7-3 before filing any motions. (Dkt. 92 at 6.)

Defendant filed a status report summarizing the results of the Zoom conference, which was held on October 18, 2024. (Dkt. 98.) During the call, Defendant informed Plaintiff that he could not make the required payment because his "bank account had been temporarily frozen due to a fraud investigation after [he] discovered unauthorized charges." Id. at 1. The account was unfrozen on October 8, and Defendant made the $100 payment the next day, October 9. Id. Thus, when Plaintiff filed his renewed motion on October 20, he had already received the October payment. Id. In his renewed motion for contempt of court, Plaintiff alludes to a conference with Defendant, although he did not state the date of the call or refer to Local Rule 7-3. (Dkt. 99 at 1.)

Defendant failed to comply with Local Rule 7-3 for two reasons. First, Local Rule 7-3 requires parties to meet and confer at least seven days before filing a motion. According to Defendant, the parties conferred on October 18, 2024. (Dkt. 98 at 1.) Plaintiff filed the renewed motion for contempt of court on October 20, only two days later. (Dkt. 99.) Second, Local Rule 7-3 requires the party filing the motion to include in the notice of motion a statement confirming that the motion follows the required conference of counsel. Plaintiff's renewed motion did not contain a notice of motion, which is required by Local Rule 6-1. While Plaintiff did mention that the parties held a conference, he does not make the required statement anywhere in his motion because he does not state the call's date. (Dkt. 99.) Therefore, Plaintiff's motion does not comply with the requirements of Local Rule 7-3.

**III.**      **CONCLUSION**

For these reasons, the Court DENIES Plaintiff's renewed motion for contempt of court.

The Court has discretion to sanction parties for violations of the Local Rules. Local Rule 83-7. The Court encourages parties to meaningfully meet and confer prior to filing motions to avoid wasting "valuable Court resources reviewing pages upon unnecessary pages of quarrelling about issues that are either narrower than the Parties represent or altogether could have been resolved without the Court's assistance." Mobile Tech, Inc. v. Hitachi Sols. Am., Ltd., 8:21-cv-00461, 2023 WL 3150109, 2023 U.S. Dist. LEXIS 76232, at *4 (C.D. Cal. Jan. 23, 2023). This is not a "pro forma" requirement. Local Rule 7-3 is an important rule with an important purpose. The Court will likely impose monetary sanctions in response to the next motion that fails to

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KES         Date: November 8, 2024
                                       Page 5

comply with Local Rule 6-1 or Local Rule 7-3.

                                        Initials of Deputy Clerk _mba_