Jarrod Jones
1850 W Orangethorpe Ave
Fullerton, California, 92833
(714) 497-0035
jarrod@stangranch.com

FILED
CLERK, U.S. DISTRICT COURT

NOV 25, 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____PD_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STEBBINS, | Case No.: 8:24-cv-01486-JVS-KES |
| Plaintiff, | |
| vs. | RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| JARROD JONES, | |
| Defendant | |

COMES NOW, Defendant Jarrod Jones, Pro Se, who respectfully submits this Response in Opposition to Plaintiff David A. Stebbins's Motion to Enforce Settlement Agreement. The Defendant asserts that he has complied with the settlement agreement in good faith and that the Plaintiff's motion is based on misrepresentations, bad faith, and dissatisfaction with the agreed-upon terms.

# Introduction

The Plaintiff's motion does not arise from a genuine breach of the settlement agreement but is instead rooted in repeated misrepresentations, refusal to cooperate, and an apparent effort to alter the agreement to impose unwarranted burdens on the Defendant. Despite the Defendant's consistent good-faith efforts to meet his obligations under the settlement, the Plaintiff continues to escalate minor issues, submit unsupported claims, and waste judicial resources unnecessarily.

# Arguments

1.          **Defendant Has Fully Complied with the Settlement Agreement.**

RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT - 1

The Defendant has met all obligations under the Settlement Agreement, including making timely payments of $100 per month, as confirmed by Exhibits G, H, and K at Dkt. 106. Plaintiff's claims of shortfalls in payment are unfounded and result from Plaintiff's voluntary use of PayPal's optional Instant Pay withdrawal service, which incurs fees outside the terms of the settlement agreement. The settlement agreement does not specify the required payment method. The Defendant initially proposed a secure and cost-free ACH transfer, which the Plaintiff rejected. Instead, the Plaintiff demanded unreasonable terms, including a $5,000 liquidated damages clause, which applies if any party – Plaintiff, Defendant, or a third party – leaks the Plaintiff's bank account information. This clause would unfairly penalize the Defendant for circumstances beyond his control and underscores the Plaintiff's refusal to cooperate in good faith.

## 2.    Plaintiff Misrepresented PayPal Fees.

The Plaintiff's claim that he received less than $100 due to PayPal fees in demonstrably false. Payments were made using PayPal's "Friends and Family" option, which does not charge fees to the recipient. Additionally, as shown on PayPal's website, https://www.paypal.com/us/digital-wallet/paypal-consumer-fees, contents of which are included in Exhibit A.

Importantly, Plaintiff's own exhibits show he received $105 in payments with no fees deducted. The Plaintiff has misled both the Court and the Defendant by falsely asserting the existence of mandatory fees. Even if the fees exist, the Plaintiff's claim of $5 is unsupported by PayPal's documented fee structure.

## 3.    Defendant's Rejection of Insecure Payment Methods Is Reasonable.

The Defendant's refusal to use mailed checks or money orders as payment methods is justified for several reasons:

Risk of Theft or Loss: Mailed payments are vulnerable to interception, loss or delay.

RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT - 2

Fraud and Forgery: Paper-based payments can be tampered with, altered or misused. Given the Plaintiff's history of attempts to extract additional money and his misrepresentation of PayPal fees, the Defendant has legitimate concerns about the potential for the Plaintiff to modify or alter a check and create further disputes.

Potential for False Claims: The Plaintiff's pattern of inflating claims and seeking to impose additional costs raises concerns that he may deny receipt or dispute the payment amounts.

Defendant's reliance on secure, digital payment methods reflects a reasonable and prudent approach to fulfilling the settlement agreement.

**4.        Plaintiff's Refusal to Cooperate Demonstrates Bad Faith.**

The Plaintiff has consistently rejected reasonable and secure alternatives, such as a direct ACH transfers, which would eliminate disputes over fees entirely. Furthermore, the Plaintiff's refusal to engage in meaningful discussions is documented in the email chain provided in Dkt. 106, Exhibit N, where the Plaintiff states:

"So think long and hard if you truly prepared to die on this hill. Even if you reply to this message attempting to argue further, I will not respond. I will entertain no response from you except unequivocally affirming that you will comply fully with the settlement as outlined above."

This refusal to discuss the matter collaboratively demonstrates the Plaintiff's bad faith approach to resolving disputes. Additionally, the Plaintiff's filing at Dkt. 106, Paragraph 43, openly violates the settlement agreement's clause that:

"There is no admission of wrongdoing by the parties."

RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT - 3

By asserting that the Defendant is "in the wrong" and making ethical accusations in public records, the Plaintiff is acting contrary to the terms of the Settlement. This misstep further demonstrates Plaintiff's intent to weaponize the Court process and escalate disputes unnecessarily.

**5.        Plaintiff's Pattern of Extortionate Tactics.**

The Plaintiff's demands, such as the $5,000 liquidated damages clause allow payment through an ACH transfer and the insistence that the Defendant cover optional PayPal fees, reflect a pattern of coercive behavior. The plaintiff has also previously sought excessive penalties, such as $4,000 in contempt fines for a mere four-day delay in payment. These demands exceed the terms of the settlement and impose unwarranted burdens on the Defendant.

**6.        Plaintiff Violated Local Rules and Prior Court Warnings.**

The Plaintiff has violated Local Rule 7-3 by failing to meet and confer in good faith before filing this motion. The Defendant attempted to resolve these issues but was met with refusal. The plaintiff did not engage in any phone call or meeting to discuss the matter and stated in Exhibit N that he would not respond further to the Defendant's concerns. The Court previously warned Plaintiff about such conduct in its prior ruling, stating:

"The Court encourages parties to meaningfully meet and confer prior to filing motions to avoid wasting valuable Court resources reviewing pages upon unnecessary pages of quarreling… This is not a 'pro forma' requirement… The Court will likely impose monetary sanctions in response to the next motion that fails to comply with Local Rule 6-1 or Local Rule 7-3."

RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT - 4

Plaintiff's continued refusal to engage meaningfully and his reliance on unsupported claims demonstrates bad faith and a disregard for both the rules and the Court's prior warnings.

**7.**               **Plaintiff's Continued Misuse of Judicial Resources**

The Plaintiff has repeatedly escalated minor disagreements into unnecessary litigation, despite the Defendant's compliance with the settlement agreement. The Plaintiff's pattern of filing frivolous motions burdens both the Court and the Defendant and undermines the settlement's goal of resolving the disputes efficiently.

# Relief Requested

The Defendant respectfully requests that the Court:

1. Deny Plaintiff's Motion in Its Entirety.

   a.  The Plaintiff's claims are based on misrepresentation and lack credible support.

2. Order Plaintiff to Refund the $15 Overpayment.

   a.  The Defendant mistakenly overpaid, and the Plaintiff has no legal basis to retain this amount.

3. Remind Plaintiff of Prior Court Warnings.

   a. Plaintiff's continued refusal to comply with Local Rule 7-3 warrants a reminder of the Court's prior warning that monetary sanctions may be imposed for further violations.

4. Clarify the Settlement Terms.

   a. Confirm that payments via PayPal's "Friend and Family" option satisfy the agreement.

   b. Acknowledge that the Defendant's refusal to use insecure methods, such as mailed checks or money orders, is reasonable and justified.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Conclusion

The Plaintiff has misled both the Court and the Defendant regarding PayPal fees and other aspects of the settlement agreement. The Plaintiff's claims are based on falsehoods, including his assertion of mandatory fees, which is directly contradicted by evidence showing he received payments without any deductions. Even if fees existed, they would not amount to the $5 demanded by the Plaintiff. The Plaintiff's continued misrepresentations, refusal to cooperate, and misuse of judicial resources highlight bad faith and an intent to impose an undue burden on the Defendant. The Court has previously warned Plaintiff about such conduct, and his actions demonstrate a clear disregard for those warnings.

Dated this 24 of November 2024.

_Jarrod Jones_

Pro Se Defendant

RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT - 6

# EXHIBIT A

# Sending and Receiving Money

When you send money (initiated from the "Friends and Family" tab of the "Send Money" flow) to, or receive money into your PayPal account from, friends and family without making an underlying donation or commercial transaction (that is, the payment is not for the purchase of goods or services or for making any other commercial transaction), we call that a "personal transaction".

The rates relating to personal transactions are set out below.

## Sending domestic personal transactions

| Payment method | Fee |
|---|---|
| PayPal balance or a bank account | No fee |
| Cards | 2.90% + fixed fee |
| Amex Send™ Account | No fee |
| Visa+ transaction to Venmo Visa+-enabled digital wallets | No Fee |
| Visa+ transaction to non-Venmo Visa+-enabled digital wallets | 1.75%<br><br>• A minimum fee of 0.25 USD<br>• A maximum fee of 25.00 USD |

**Fees charged in different currencies for sending payments**: We will collect the fee from balance in the currency in which the fee is listed. To do this, we may need to convert the fee amount from your sending balance into the currency in which the fee is listed, in which case the fees for "Conversions in all other cases" also apply.

## Receiving personal transactions

### Rate

No fee (when no currency conversion is involved)