UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                    Date:  December 13, 2024

Title: DAVID A. STEBBINS v. CMDR IMPERIALSALT, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| K. Hopkins for Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):  ORDER DENYING Plaintiff's Motion to Declare Anticipatory Breach and Enforce the Settlement Agreement [Dkt. 106]

I.   BACKGROUND.

In July 2022, Plaintiff David A. Stebbins of Harrison, Arkansas ("Plaintiff") filed a copyright infringement action in the U.S. District Court for the Northern District of California ("N.D. Cal.") against John Doe, a computer user known by the aliases "CMDR Imperial Salt" and "ZellZander," later identified as Jarrod Jones ("Defendant").  On July 3, 2024, the N.D. Cal. transferred the case to this Court because Defendant resides in this district.  (Dkt. 64); see 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1404(a).

The assigned magistrate judge referred the case for an early settlement conference with Judge Shashi H. Kewalramani.  (Dkt. 75 at 11-12.)  On Thursday,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                               Date: December 13, 2024
                                                                                             Page 2

July 25, 2024, Judge Kewalramani entered minutes reflecting that the parties had settled. (Dkt. 78.) For purposes of adjudicating the instant motion, the relevant terms of the parties' settlement agreement are as follows:

> • Defendant shall make $100 payments over the next 18 months, totaling $1,800.
>
> • Defendant shall pay Plaintiff $100 by the 5th of each month unless the parties agree to another schedule or deadline. Defendant must make his first payment to Plaintiff no later than September 5, 2024.
>
> • Each party will bear their own costs and fees.
>
> • The Court retains jurisdiction over enforcement of this settlement agreement.

(Dkt. 78.) The settlement agreement "does not specify a method by which [Plaintiff] should be paid." (Dkt. 106 at 1.)

On November 20, 2024, Plaintiff filed a motion to enforce the settlement agreement. (Dkt. 106.) He claims that Defendant has "committed an anticipatory breach of the settlement agreement" by not agreeing to pay slightly *more* than $100 per month to cover PayPal fees. (Id. at 1.) On November 24, 2024, Defendant filed an opposition. (Dkt. 107.) On November 26, 2024, Plaintiff filed his reply. (Dkt. 109.) Plaintiff filed a supplemental brief on November 29, 2024 (Dkt. 110), followed by a second supplemental brief on December 7 (Dkt. 111).

**II.    SUMMARY OF THE BRIEFING.**

    **A.    Plaintiff's Motion to Enforce the Settlement Agreement.**

Plaintiff alleges that on September 4, 2024, Defendant requested Plaintiff's payment information so he could make the first $100 payment. (Id.) Plaintiff suggested that Defendant could mail a check, although it likely would not have arrived by September 5, the date on which the payment was due. (Id.) Defendant offered to pay "via a direct bank transfer." (Id.) Plaintiff was hesitant to share his bank account information with Defendant but offered to accept this payment method so long as Defendant agreed (1) not to reveal Plaintiff's bank account information to anyone and (2) to pay liquidated damages if he did so. (Id. at 1-2.) Defendant did not agree to either of Plaintiff's conditions. (Id. at 2.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx					Date: December 13, 2024
								Page 3

      Both parties then agreed that Defendant would pay Plaintiff $100 every month via PayPal.  (Id.)  Plaintiff claims that he informed Defendant that, to cover PayPal's fees, Defendant would need to "send at least $104.12" in order to ensure that Plaintiff would receive the full $100 owed.  (Id., citing Dkt. 106 at 20-21.)  Defendant sent payments of $105 on September 5, 2024, and October 9, 2024.  (Id., citing Dkt. 106 at 24-27.)  On November 3, 2024, Defendant made a payment via PayPal of $100.  (Id., citing Dkt. 106 at 32-33.)  Plaintiff claims that, after calculating PayPal fees, he would "only be left with $96.02," indicating a fee of $3.98 (not $4.12).  (Id.)

      Plaintiff contacted Defendant in an attempt to resolve the issue of payment amounts.  (Id. at 2-3, citing Dkt. 106 at 34-39.)  On November 4, 2024, Defendant paid Plaintiff an additional $5 to resolve the dispute over the November payment.  (Id. at 3, citing Dkt.106 at 40-41.)  On November 9, 2024, Plaintiff asked Defendant if "he would comply with the settlement moving forward," meaning if he would agree to pay more to cover the PayPal fees.  (Id.)  Defendant responded that he would not pay more to cover future PayPal fees, would not mail a check to Plaintiff, and would not agree to a proposed liquidated damages clause as a condition of obtaining Plaintiff's bank account information.  (Id., citing Dkt. 106 at 42-46.)

      Plaintiff asks the Court to order "Defendant to ensure, by any means necessary, that [Plaintiff is] paid $100 per month, per the settlement agreement, and that [Defendant] be responsible for any fees or costs associated with getting that money to [Plaintiff] each month."  (Id. at 10.)  He also asks the Court to warn Defendant "that failure to follow this order will result in him being held in contempt of court."  (Id.)

**B.  Defendant's Opposition.**

      Defendant claims that Plaintiff is misrepresenting the PayPal fees.  (Dkt. 107 at 2.)  He argues that, because he paid Plaintiff using PayPal's "Friends and Family" option, PayPal did not charge Plaintiff any fees.  (Id.)  He attached information from PayPal's website stating that no fees are charged when parties use the "Friends and Family" option and make payments using a PayPal balance or a bank account.  (Id. at 8.)  Defendant also claims that "Plaintiff's own exhibits show he received $105 in payments with no fees deducted."  (Id. at 2, citing Dkt. 106 at 24-27.[1])  Defendant also argues that "Plaintiff has violated Local Rule 7-3 by failing to meet and confer in good faith before filing this motion."  (Id. at 4.)

---

[1] The Court has reviewed Plaintiff's Exhibits G and H, which appear to be screenshots of two payments of $105 each made by Defendant via PayPal.  The exhibits do not show that PayPal has charged either party any fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                    Date: December 13, 2024
                                                                              Page 4

Defendant asks the Court to (1) deny Plaintiff's motion in its entirety; (2) order Plaintiff to refund the $15 that Defendant overpaid to Plaintiff to date; (3) remind Plaintiff of the Court's prior warnings regarding previous failures to comply with Local Rule 7-3; and (4) clarify the terms of the settlement to reflect that PayPal's "Friends and Family" option satisfies the settlement agreement. (Id. at 5.)

### C. Plaintiff's Reply.

Plaintiff argues that, because Defendant did not file a separate motion after complying with Local Rule 7-3 (which requires litigants to meet and confer before filing a motion) to request the return of the extra $15 payments, the Court should deny Defendant's request for a refund. (Dkt. 109 at 1.) He claims that, prior to filing his motion to enforce the settlement agreement, he complied with Local Rule 7-3 by conferring with Defendant via email. (Id. at 2.) Plaintiff also claims that the "Friends and Family" option on PayPal should not apply to the settlement payments because this is "an out-of-court settlement" and is therefore not a "non-commercial transaction." (Id. at 3.)

### D. Plaintiff's First Supplemental Brief.

On November 29, 2024, Plaintiff submitted a supplemental brief in support of his motion to enforce the settlement agreement. (Dkt. 110.) He states that he has learned that some courts facilitate payments between parties. (Id.) He would be willing to use this method to receive future payments from Defendant with the Court's approval. Plaintiff proposes that "[t]he Court itself would set up an account to facilitate the payments." (Id.) Plaintiff "would then file, under seal, a statement giving the Court [his] bank account information" so that Defendant could not access it. (Id.) Defendant "would then pay $100 per month into that account," which would be sent to Plaintiff. (Id.) According to Plaintiff, he "would not have to pay any fees to receive the payments pursuant to this method." (Id.)

### E. Plaintiff's Second Supplemental Brief.

On December 7, 2024, Plaintiff filed a second supplemental brief in support of his motion to enforce the settlement agreement. (Dkt. 111.) Plaintiff claims that, because Defendant's most recent payment was made via PayPal's "Friends and Family" option, and Plaintiff "already made it clear" that he does "not consent to being paid via that method," the payment "is merely a personal gift and therefore does not count toward the settlement." (Id. at 1-2.) He requests that the Court "declare that the December 2024 payment for this settlement has not been made, and that the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                    Date: December 13, 2024
                                                                                              Page 5

Defendant still owes [him] $100 via whatever payment method [he is] willing to accept." (Id. at 2.) He also requests that the Court hold Defendant in contempt if he fails to make any future payments in a timely manner. (Id.) He attached the most recent communications between himself and Defendant. (Id. at 4-12.)

**III.    Legal Standard.**

"Principles of contract law apply to the interpretation of settlement agreements." Rosen v. Urb. Commons, LLC, No. 8:20-cv-01973, 2023 WL 4155368, 2023 U.S. Dist. LEXIS 83204, at *6 (C.D. Cal. May 10, 2023) (citation omitted). When enforcing settlement agreements, federal courts generally follow state law contract principles. See id. (citing Jeff D. v. Andrus, 899 F.2d 753, 759-60 (9th Cir. 1989)); see also Hisel v. Upchurch, 797 F.Supp. 1509, 1517 (D. Ariz. 1992) ("Generally, the construction and enforcement of settlement agreements … are governed by general contract principles under state law."). Because the settlement agreement was created in California, California contract principles shall apply to the enforcement of the settlement agreement.

In California, "courts apply the preponderance of the evidence standard to motions to enforce settlement agreements." Flores v. Sessions, 394 F. Supp. 3d 1041, 1048-49 (Jun. 27, 2017) (citing Buss v. Superior Court, 16 Cal. 4th 35, 54 (1997)). Under California law, courts also must review a settlement agreement to determine whether the parties have substantially complied with its terms. (Id. at 1049.)

Thus, as the moving party, Plaintiff bears the burden of proof to show by a preponderance of the evidence that Defendant has not substantially complied with the terms of the settlement agreement or has committed an anticipatory breach.

"An anticipatory breach of contract occurs on the part of one of the parties to the [contract] when [it] positively repudiates the contract by acts or statements indicating that [it] will not or cannot substantially perform essential terms [of the contract]." Guerrieri v. Severini, 51 Cal. 2d 12, 18 (1958) (citations omitted). The anticipatory breach "may be either express or implied." Norcen Energy Resources v. Pacific Gas & Elec. Co., No. C-94-0911-VRW, 1995 U.S. Dist. LEXIS 21943, at *14 (N.D. Cal. Dec. 4, 1995) (citing Jeppi v Brockman Holding Co., 34 Cal. 2d 11, 18 (1949)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx             Date: December 13, 2024
Page 6

## IV. DISCUSSION.

### A. Local Rule 7-3.

Local Rule 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion." L.R. 7-3. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect:

> This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).

(Id.) While this rule references "counsel," it applies to self-represented litigants. L.R. 1-3.

Judge Scott's online Procedure and Schedules state that for discovery motions, "In no event may the parties stipulate to conduct their meet and confer efforts exclusively via emails, letters, or voicemail messages with no same-time interactions by phone, Zoom, or in person. The Court expects the parties to extend professional courtesies in scheduling such conferences, to come prepared, to listen to the other side's position in good faith, and to use reasonable efforts to try to resolve the discovery dispute." Honorable Karen E. Scott, United States District Court for the Central District of California, https://www.cacd.uscourts.gov/honorable-karen-e-scott (last visited Dec. 13, 2024). Sometimes, however, a letter or email exchange can satisfy Local Rule 7-3. See Colodney v. County of Riverside, No. EDCV 13-00427-VAP (SPx), 2013 U.S. Dist. LEXIS 201207, 2013 WL 12200649, at *4 (C.D. Cal. Aug. 16, 2013) (collecting cases).

The Court has previously told the parties that their efforts to meet and confer must be done "meaningfully" and that this is not a "pro forma" requirement. (Dkt. 105 at 4.) This requires litigants to be sincere, honest, and approach the dispute with an open mind, willing to consider reasonable proposed resolutions. Issuing ultimatums does not show a good-faith effort to meet and confer. See Preciado v. Nissan N. Am., Inc., No. 5:22-cv-02156-SSS-KKx, 2023 U.S. Dist. LEXIS 144690, at *6 (C.D. Cal. Aug. 17, 2023).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx	Date: December 13, 2024
	Page 7

Plaintiff's motion says, "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 9-13, 2024. See Exhibit N." (Dkt. 106 at 1.) That exhibit contains an email exchange the concludes with a message from Plaintiff telling Defendant, in relevant part, "Even if you reply to this message, attempting to argue further, I will not respond. I will entertain no response from you except unequivocally affirming that you will comply fully with the settlement" as interpreted by Plaintiff. (Dkt. 106 at 43.) Plaintiff filed the motion seven days later on November 20. (Dkt. 106.)

Defendant contends that Plaintiff did not satisfy Local Rule 7-3 because he "did not engage in any phone call or meeting to discuss the matter and stated in Exhibit N that he would not respond further to the Defendant's concerns." (Dkt. 107 at 4.) Plaintiff, however, contends that he "had *already* conferred" with Defendant, so ending the communications with an ultimatum "standing firm on [his] rights" does not show bad faith. (Dkt. 109 at 3.)

In the interest of avoiding future conflict between the parties, the Court declines to decide whether the Plaintiff complied with Rule 7-3 and will address the merits of Plaintiff's motion.

### B. Plaintiff's Objection to Evidence From PayPal's Website Showing that PayPal Did Not Charge Any Fees.

Plaintiff objects:

> [Defendant] introduces Exhibit A, a webpage which purportedly shows that there are no fees associated with this transaction. This is brand new evidence that I had not see or even heard about before. Because [Defendant] failed to bring it up during our L.R. 7-3 conference, he should not be allowed to surprise me with it here. That's the equivalent to introducing new documents or surprise witnesses at trial that weren't previously disclosed during discovery.

(Dkt. 109 at 3.)

This objection lacks merit and is OVERRULED. First, parties are allowed to attach new evidence to opposition briefs. L.R. 7-9. Second, Defendant told Plaintiff during their pre-filing email exchange that he did not think PayPal charged a fee based on "research," presumably referring to reading about PayPal's procedures on PayPal's

Case 8:24-cv-01486-JVS-KES    Document 112    Filed 12/13/24    Page 8 of 11    Page ID #:381

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx          Date: December 13, 2024
                                          Page 8

website. (Dkt. 106 at 44.) Plaintiff says Defendant misunderstood and was referring to the wrong fees – but that is precisely why civil conversation to expose and resolve such misunderstandings is needed. (Dkt. 106 at 3.) Third, Plaintiff's allegation of surprise is not credible. The parties' entire dispute is over fees that PayPal allegedly deducted from Defendant's $100 payments, causing Plaintiff to purportedly receive less than $100. Having already received three months' payments, Plaintiff would know whether PayPal was charging him a fee – which it apparently was not.

Indeed, PayPal defines a "commercial transaction" as a transaction in which users accept the User Agreement "to buy or sell goods or services or make any other commercial type of transaction." PayPal Merchant Fees, https://www.paypal.com/us/business/paypal-business-fees (last visited Dec. 2, 2024). A "domestic commercial transaction" is defined as "[a] transaction occurring when both the sender and receiver are registered with or identified by PayPal as residents of the same market." Id. The fee for commercial transactions is 3.49%. Id. By contrast, PayPal defines a "personal transaction" as sending money under the "Friends and Family" tab "without making an underlying donation or commercial transaction." PayPal Consumer Fees, https://www.paypal.com/us/digital-wallet/paypal-consumer-fees, (last visited Dec. 3, 2024). So long as an individual makes or receives payments from a PayPal balance or attached bank account, ***no fees are deducted.*** Id.

### C. Plaintiff Has Not Proven Anticipatory Breach.

Defendant told Plaintiff that he would continue to send Plaintiff $100 per month using PayPal's "Friends and Family" program which does not deduct a fee. (Dkt. 106 at 44-45; Dkt. 107.)

Plaintiff's response is telling. First, Plaintiff claims that he did not *knowingly* misrepresent that PayPal charged him a fee. (Dkt. 109 at 2.) He faults Defendant for not researching the truth of Plaintiff's claims before agreeing to pay a few extra dollars for the first three months. (Id.)

Next, Plaintiff claims that Defendant is not allowed to use PayPal's "Friends and Family" program because the settlement is a commercial transaction. (Id. at 3.) He insists that Defendant must use PayPal's commercial program, even if that program would charge Plaintiff a fee. (Id. at 3-4.) He accuses Defendant of defrauding PayPal by using the "Friends and Family" program. (Id. at 4.)

So in essence, Plaintiff admits that he demanded Defendant pay extra for fees that PayPal never charged. By failing to prove that fees were deducted (and essentially

Case 8:24-cv-01486-JVS-KES   Document 112   Filed 12/13/24   Page 9 of 11   Page ID #:382

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                                                                   Date: December 13, 2024
                                                                                                                     Page 9

admitting they were not), Plaintiff has failed to prove anticipatory breach. For these reasons, Plaintiff's motion is DENIED.

### D. Manner and Amount of Future Payments.

Plaintiff says, "I refuse to accept PayPal's 'personal transaction' option due to it being fraudulent." (Dkt. 109 at 6.) He further contends, "Even if I'm wrong, and even if the personal option isn't fraudulent, it doesn't matter because … I have the absolute and non-reviewable right to refuse any payment method except legal tender, and the Court can't stop me even if it wanted to." (Id.) Plaintiff further explains his thought process as follows:

> If I really, really, *really* wanted to be an a-hole about this, I could, in theory, demand nothing less than [Defendant] driving all the way out here himself [from California to Arkansas], walking up to my door, and personally handing me $100 in cold hard cash every single month, or at least hiring a local courier to do the same. … I would be squarely within my legal right to require that ….

(Id. at 5.)

Plaintiff is mistaken. "A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts." Weddington Productions, Inc. v. Flick, 60 Cal.App.4th 793, 810 (1998). All contracts governed by California law contain an implied covenant of "good faith and fair dealing." Walker v. Blue Cross of Cal., 4 Cal. App. 4th 985, 996 (1992). "The duty imposed by the covenant is one of good faith and fair dealing in the *performance* and *enforcement* of the contract." Id., emphasis added. Spitefully insisting on personal delivery of cash payment, when no such term is part of the settlement agreement, would clearly violate the implied covenant of good faith and fair dealing. Rather, basic contract law provides that "the manner of payment … may be determined by reference to custom and reason when the contract is silent on the question." Patel v. Liebermensch, 45 Cal. 4th 344, 349 n.2 (2008).

Here, Defendant made his first three monthly payments using PayPal's Friends and Family program. The parties agree that this mode of payment is convenient and secure. Plaintiff received those payments and was not charged a fee.

The Court finds that Defendant's use of PayPal's Friends and Family program to pay money due under the settlement agreement is consistent with custom and reason. The settlement agreement is not an agreement for the purchase or sale of goods, nor are

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx Date: December 13, 2024
  Page 10

the parties "residents of the same market." The Court hereby authorizes Defendant to continue using that method of payment and declares that Defendant has not breached (and will not breach) the settlement agreement by doing so.

For these reasons, the December payment that Defendant sent in this manner counts towards satisfying Defendant's obligations under the settlement agreement.

The parties agree that Defendant paid $105 for September, $105 for October, $105 for November, and $100 for December. (Dkt. 106 at 2, 3, 37, 41; Dkt. 111 at 1-2.) This adds to an overpayment of $15. Defendant may deduct $15 from his next monthly payment and send $85 instead of $100.

## V.ORDER FOR PLAINTIFF TO SHOW CAUSE RE RULE 11 SANCTIONS.

By signing a paper filed with the Court, a party represents that "to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support …." Fed. R. Civ. P. 11(b). On its own, the Court may order a party to show cause why sanctions should not be imposed for a violation of Rule 11. Fed. R. Civ. P. 11(c)(3). Rule 11 is intended to prevent frivolous filings and filings made for an improper purpose, such as personal or economic harassment. Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir. 1986).

In his motion to enforce the settlement agreement, Plaintiff wrote that Defendant needed to pay him more than $100 per month so that Plaintiff would still have $100 "after the PayPal fees were taken out." (Dkt. 106 at 2.) He told Defendant "exactly how much he would need to send to ensure I would receive $100 after the fees were deducted." (Id. at 4.) He contends that when Defendant offered to pay him $100, Defendant did so "knowing that would leave [Plaintiff] with less than the agreed upon amount once the PayPal fees were deducted …." (Id. at 5.) He claimed that Defendant should pay $104.12 every month because "PayPal takes $4.12 for itself and then turns around and gives me $100." (Id. at 7.) He represented, "I never receive $104.12, not even for a split second." (Id. at 10.)

In fact, prior to Plaintiff filing this motion on November 11, 2024, PayPal had not deducted any fees from the payments Defendant sent, because Defendant made all the previous monthly payments using his PayPal balance or bank account along with the "Friends and Family" tab. (Dkt. 107 at 2, citing Dkt. 106 at 24-27, Dkt. 107 at 8-9.) As the recipient of multiple payments, Plaintiff must have seen that PayPal did not deduct any fees. Yet he falsely claimed that PayPal had deducted fees.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                                                       Date: December 13, 2024

Page 11

When Defendant confronted Plaintiff with this misrepresentation, Plaintiff said, "[Defendant] has not proven that any misrepresentation (if it even is true) was done *knowingly*, and when it comes to defrauding someone into parting with their money unnecessarily, *knowing* misrepresentation is generally required." (Dkt. 109 at 2.) That is not the standard for Rule 11 sanctions.

Accordingly, **by December 30, 2024**, Plaintiff shall show cause in writing, if any he has, why he should not be sanctioned $1,500 for filing a motion with the Court based on false claims that PayPal had deducted fees from Defendant's monthly settlement payments.