FILED
CLERK, U.S. DISTRICT COURT
DEC 15, 2024
CENTRAL DISTRICT OF CALIFORNIA
BY_____PD_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947     acerthorn@yahoo.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,     PLAINTIFF

VS.     Case 8:24-cv-01486-JVS-KES

JARROD JONES     DEFENDANTS

## OBJECTION TO ECF 112, MAGISTRATE JUDGE'S ORDER DENYING MOTION TO ENFORCE SETTLEMENT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Objection to the Magistrate Judge's Order Denying Motion to Enforce.

### It is untrue that we agreed that PayPal's "Friends and Family" Program is "convenient and secure."

1. The Magistrate Judge makes the finding that "[t]he parties agree that this mode of payment is convenient and secure." This is a lie. She cites to no portion of any of my briefs that show that I ever agreed to that description. To the contrary, my repeated assertions that it is fraud against PayPal for us to use that program under these conditions clearly shows that I do not agree to such a description.

2. Therefore, her finding of fact should be overturned as being unsupported by the evidence.

### I am NOT "[s]pitefully insisting on personal delivery of cash payment."

3. Next, the magistrate judge claims that I am "[s]pitefully insisting on personal delivery of cash payment." This is not true. I offered that as a hypothetical example, and no reasonable person could possibly read my brief and conclude otherwise. ECF 109, ¶ 29, as well as my First Supplemental Brief, both clearly demonstrate that this is not what I was doing. The Magistrate Judge's spiteful attempts to brand this clearly hypothetical example as something that I am actually insisting on is, in itself, bad faith.

### The Defendant and I are indeed subject to PayPal's commercial program

4. The Magistrate Judge makes the determination that the transaction does not qualify for

PayPal's commercial program on the grounds that "The settlement agreement is not an agreement for the purchase or sale of goods, nor are the parties 'residents of the same market.'"

5.   The first finding is lying by omission. Earlier in this order, the magistrate judge accurately expalains that "PayPal defines a 'commercial transaction' as a transaction in which users accept the User Agreement 'to buy or sell goods or services <u>**or make any other commercial type of transaction**</u>.'" See ECF 112, Page 8 (emphasis added). Clearly, any other kind of commercial activity necessarily qualifies.

6.   So for the magistrate judge to acknowledge this miscellaneous commercial provision in PayPal's definition, and then ignore it wholesale when deciding that *this settlement* is not considered commercial, is outright bad faith and malice on the magistrate judge's part.

7.   As to the defendant and I being part of different markets, it is telling that the magistrate judge makes no effort to explain exactly how PayPal defines a market. This is a damning omission, because the definition is literally on the same webpage that the magistrate judge links to, and it clearly shows that she is out and out lying! If you scroll down, even a little bit, on the webpage of https://www.paypal.com/us/business/paypal-business-fees (which the magistrate judge herself cites to support her finding), immediately below the excerpt she cites, it shows the following:

## Relevant Market/Region

Rates published below apply to PayPal accounts of residents of the following market/region:

### Market/Region list

### United States (US)

8.   From this, it becomes immediately apparent that PayPal considers us to be in the "same market" as long as both sender and recipient are residents of *the United States!*

9.   Jarrod Jones is a resident of Fullerton, California, and last I checked, California was a

state within the United States of America.

10.   I am a resident of Harrison, Arkansas, and last I checked, Arkansas was a state in the United States of America. Then again, it has been a day or two since I remember last voting for President of the United States, so maybe my memory is just fuzzy.

11.   Therefore, Jarrod Jones and I are residents of the same market for purposes of PayPal's terms of service.

12.   For the magistrate judge to ignore and fail to acknowledge such an obvious, clearly defined standard that was literally right in front of her, literally directly below the very excerpt she cites, is astounding. This doesn't feel incompetent from her; this feels *malicious*, and it deserves to be overturned.

**The magistrate judge did not cite to any authority which authorizes her to compel me to accept anything besides legal tender.**

13.   The magistrate judge merely says that I am "mistaken" when I say that I cannot be compelled to accept anything other than legal tender as payment. But the legal citations she provides do not actually give her the power to compel me to accept anything that isn't legal tender. She mentions the covenant of good faith and fair dealing, but nothing in the case law says that I am required to be party to fraud.

14.   Therefore, her decision should be overturned as lacking legal authority.

**Conclusion**

15.   For all of these reasons and more, I humbly ask the District Court to overturn the Magistrate Judge's order, and order the Defendant to use a method of payment that meets all of the criteria specified in ECF 109, ¶ 29(a)-(d), and for any other relief to which I may be entitled.

So requested on this, the 15th day of December, 2024.

David Stebbins (pro se)