UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | December 17, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Objection to December 13, 2024 Order [113] and Motion for Extension of Time [114]

Before the Court is pro se Plaintiff David Stebbins' ("Stebbins") objection, (Objection, Dkt. No. 113) to the Magistrate Judge's Order on December 13, 2024. (December 13 Order, Dkt. No. 112.) Stebbins also files a motion for extension of time to reply to the Magistrate Judge's Order to Show Cause for sanctions. (Mot., Dkt. No. 114.)

For the following reasons, the Court **AFFIRMS** the December 13 Order and **DENIES as moot** the motion to extend in light of the Magistrate Judge's order extending the deadline to January 30, 2025.

### I. BACKGROUND

The Court has summarized the factual and procedural background of this case in previous orders. (See Dkt. No. 103.) The Court will recite the factual background only as necessary to resolve the instant objection.

Plaintiff David A. Stebbins ("Stebbins") filed a copyright infringement action against a computer user by the name "CMDR Imperial Salt" and "ZellZander," later identified as Jarrod Jones ("Jones"). In early settlement settlement conference, Judge Kewalramani entered minutes reflecting that the parties had settled. (Dkt. No. 78.) The Settlement agreement required Jones to make $100 payments, totaling $1,800, payable to Stebbins by the 5th of each month, and that each party would bear their own costs and fees. (Id.) The settlement agreement did not specify a method of payment. (See, December 13 Order at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-01486-JVS-KES                    Date    December 17, 2024

Title    David Stebbins v. CMDR ImperialSalt et al.

On November 20, 2024, Stebbins filed a motion to enforce the settlement agreement. (Dkt. No. 106.) Stebbins claims that Jones had anticipatorily breached the settlement agreement by not paying $100 where some of the $100 payment would be subject to PayPal fees. (Id. at 1.) The Magistrate Judge, choosing to overlook Stebbins' violation of Local Rule 7-3 (meet and confer), ruled the following on the merits: (1) The "Friends and Family" program on PayPal was an appropriate method of payment in light of the settlement and did not deduct a fee; and (2) Plaintiff was never charged a fee for his use of PayPal, resulting in an overpayment of $15. (See December 13 Order at 7–10.) Further, the Magistrate Judge issued an Order to Show Cause for why the Court should not impose a $1,500 sanction based on false claims that PayPal had deducted fees from Defendant's monthly settlement payments.

Stebbins objected to the Magistrate Judge's ruling and has filed a motion for extension of time to respond to the Order to Show Cause.

## II. Legal Standard

Rule 72 governs the scope of magistrate judges' authority and review of their orders. With respect to non-dispositive matter such as discovery matters, an aggrieved party may seek review before the district judge within 14 days. (Fed. R. Civ. P. 72(a). The district judge applies the following review standard: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." ( Id.)

The clearly erroneous standard applies to a magistrate's factual findings, and the contrary to law standard applies to the magistrate's legal conclusions. See Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 970–71 (C.D. Cal. 2010). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Id. at 971 (internal quotations and citations omitted). "By contrast, [t]he contrary to law standard . . . permits independent review of purely legal determinations by the magistrate judge." Id. (internal quotations and citations omitted). Courts have interpreted this standard "to provide for de novo review by the district court on issues of law." Med. Imaging Centers of Am., Inc. v. Lichtenstein, 917 F. Supp. 717, 719 (S.D. Cal. 1996). "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Forouhar v. Asa, No. C 10–3623 SBA, 2011 WL 4080862, at *1 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | December 17, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

Sept. 13, 2011) (internal quotation marks and citations omitted).

### III. DISCUSSION

*A.  Objection to December 13 Order*

    1.  PayPal's "Friends and Family" is an Appropriate Method of Payment

       **a.  Commercial or Personal Payment**

Stebbins argues that his settlement with Jones is a "commercial program" and thus, subject to PayPal's fees and restrictions.[1] (Objection at 1.) Stebbins reasons that the settlement is a "commercial transaction" as defined by the User Agreement of PayPal, which includes "buy[ing] or sell[ing] goods or services or mak[ing] any other commercial type of transaction." (Id. at 2.) Further, Stebbins argues that he and Jones are part of the same market because they both live in the United States. (Id.)

The Magistrate Judge concluded that the settlement agreement was not a commercial transaction. (December 13 Order at 8.) The Magistrate Judge found that PayPal's definition of a domestic commercial transaction required the sender and receiver to be registered with or identified by PayPal as residents of the same market. (Id.) Additionally, the Magistrate Judge found that as long as an individual makes or receives payments from a PayPal balance or attached bank account, no fees are deducted. (Id.)

This Court reviews the Magistrate Judge's legal findings de novo to determine whether they are contrary to law. See Lichtenstein, 917 F. Supp. at 719. In this case, there is a dearth of case law with respect to whether a legal settlement agreement is a "commercial transaction" according to PayPal. Indeed, the only case this Court can find that touches the subject was Hoffman v. GC Services Ltd. Parnership, 2010 WL 9113645, at *1 (E.D. Tenn. Mar. 3, 2010). In Hoffman, the court concluded in a

---

[1] From the outset, the Court notes the oddity of this claim. The Plaintiff—seeking remedy—is arguing that fees should apply to the remedy. The most obvious reason, it would seem, is that Stebbins desires this additional fee for the purpose of economically frustrating Jones who would have to cover the merchant's fee. Stebbins claims, however, that it is his desire to avoid fraudulent schemes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | December 17, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

footnote that whether a PayPal transaction is "commercial" or "personal" is defined by the User Agreement.  Id. at *1 n.2.  Further, the court noted that "[a] commercial transaction involves buying and selling goods or services, and payments received when you send a 'request money' using PayPal.  A personal transaction involves sending money to and receiving money from friends and family without making a purchase."  Id.  Hoffman does not resolve the issue at hand, but suggests that there is a component of purchasing involved with a PayPal commercial transaction.

  A plain reading of the User Agreement supports this interpretation that commercial transaction implies a purchase.  Commercial transaction rates apply when an individual accepts the "User Agreement to buy or sell goods or services or make any other commercial type of transaction."[2]  While Stebbins is certainly correct that this includes more than mere buying and selling goods or services, the User Agreement does not define "commercial type transaction" nor provide examples of such.[3]  On every occasion that "commercial" is mentioned in the User Agreement, it refers to buyers and sellers of goods or services, business accounts or business entities, or customers.[4]  Even the commercial entity agreements relate to this consumer-business interpretation of a commercial transaction.[5]  Thus, because there was no exchange of goods or services and no customer-business relationship, nothing precludes Jones and Stebbins from using the "Friends and Family" feature on PayPal for legal settlement payments.

### b.  The Settlement is Silent as to Method of Payment

  Stebbins next argues that even if the Court finds that the settlement agreement is not a commercial transaction (and thus not subject to fees), he has the right to refuse payment.  (See Dkt. No. 109 at 6.)  Specifically, Stebbins states:

---

[2] PayPal Merchants Fees, https://www.paypal.com/us/business/paypal-business-fees#statement-2 (last visited Dec. 16, 2024).

[3] User Agreement, https://www.paypal.com/us/legalhub/paypal/useragreement-full (last visited Dec. 16, 2024).

[4] Id.

[5] Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | December 17, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

> Even if I'm wrong, and even if the personal option isn't fraudulent, it doesn't matter because, as I've already discussed, I have the absolute and non-reviewable right to refuse any payment method except legal tender, and the Court can't stop me even if it wanted to. . . . The Court doesn't have the authority to '[c]onfirm that payments via PayPal's "Friend and Family" option satisfy the agreement,' as Defendant requests, because that's not legal tender.

(Id.)  Stebbins is incorrect.[6]  First, Stebbins fails to cites any precedent for his rather bold assertion that he can refuse (without review or court order) any payment besides U.S. coin.  Rather, Stebbins simply provides links to Websters Dictionary, Investopedia, Elibrary, and Cornell Law—which all state that a creditor may not refuse legal tender.  Presumably, Stebbins infers that the inverse of this must be true: that he can deny anything that is not legal tender.  Stebbins takes this a step further believing that a court does not have any authority to interpret and enforce a settlement that is silent as to method of payment.  The Court reviews the Magistrate Judge's ruling of law de novo.

   An agreement to settle a case involving federal law is a contract governed by the applicable state law.  Botefur v. City of Eagle Point, 7 F.3d 152, 156 (9th Cir. 1993).  This Court agrees with the Magistrate Judge that the Settlement is silent or ambiguous as to the manner of payment.  See Indep. Qualify Foods, LLC v. Kansas City Steak Co., LLC, 585 S.W.3d 855, 861 (Mo. Ct. App. 2019) ("the reference to 'payment terms' would normally be read to refer to such matters as the timing of payment . . . and the manner of payment (such as by wire transfer, cashier's check, or by other means of payment.").

   Under California law, courts may rely on admissible extrinsic evidence to resolve an ambiguity in a contract, including course of dealing, court of performance, industry custom, statements during negotiation, and circumstances under which the contract was

---

[6] As an initial matter, by Stebbins' own words, it would be unreasonable to consider this argument with any seriousness.  (See Objection at 1 (stating that Stebbins' own argument as to demanding legal tender was merely a "hypothetical" and that "no reasonableness person could possibly read [his] brief and conclude otherwise").  Indeed, Stebbins provides threadbare legal support for this "hypothetical" argument.  Nonetheless, the Court will continue to discuss the merits of Stebbins' objection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-01486-JVS-KES   Date   December 17, 2024

Title   David Stebbins v. CMDR ImperialSalt et al.

made. See Heston v. Farmers Ins. Grp., 160 Cal. App. 3 402, 412 (1984); Cal. Civ. Code § 1647. Additionally, "the manner of payment . . . may be determined by reference to custom and reason when the contract is silent on the question." See Patel v. Liebermensch, 45 Cal. 4th 344, 349 n.2 (2008).

It is apparent to this Court that the Magistrate Judge, properly applying California, determined that the PayPal "Friends and Family" feature was a reasonable manner of payment in light of the ambiguity in the contract. The reasonableness of the Magistrate Judge's finding is supported by the strict parameters set by Stebbins, himself, which preclude almost any form of payment that is not cash in hand. The Court is not bound to yield to Stebbins personal desire to see Jones "drive[] all the way out here himself [from California to Arkansas], walk[] up to [his] door, and personally hand[ him] $100 in cold hard cash every single month. . . ." (See Dkt. No. 109 at 5.) Indeed, Paypal is appropriate in light of the parties lack of proximity to one another and Stebbins' strong desire for only a few possible repayment choices.

Accordingly, the Magistrate Judge's December 13 Order is affirmed with regard to the method of payment.[7]

### 2. Stebbins Objection to Factual Findings in the December 13 Order

Stebbins also objects to two "factual" findings of the Magistrate Judge, which this Court will review for clear error. See Crispin, 717 F. Supp. 2d at 970–71.

First, Stebbins objects to the Magistrate Judge's comment that the "parties agree that [PayPal's Friends and Family] payment is convenient and secure." (See Objection at 1 (citing December 13 Order).) The Court acknowledges that this statement is clearly refuted by Stebbins' briefings. (See Dkt. No. 109 ("I refuse to accept PayPal's 'personal transaction' option due to it being fraudulent for reasons I've already discussed.").)

---

[7] Stebbins does not ask this Court to review the Magistrate Judge's finding that he is required to return the excess $15 that Jones paid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | December 17, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

However, to the extent that this comment was a factual finding,[8] the Magistrate Judge had several other reasons discussed above to conclude that the personal transaction feature was consistent with custom and reason. Thus, the Magistrate Judge's statement that both parties agreed to PayPal's personal transaction feature is, at most, a harmless error.

Second, Stebbins objects to the Magistrate Judge's finding that he is "[s]pitefully insisting on personal delivery of cash payment, when no such term is part of the settlement agreement. . . ." (See December 13 Order at 9.) Once more, this finding is difficult to construe as a factual finding rather than a mere comment as to the state of affairs of the parties in the case. However, to the extent that this comment was a factual finding, this Court will not reverse under clear error. Indeed, by all accounts, the Magistrate Judge appears to be correct. In Stebbins' own words:

> If I really, really, *really* wanted to be an a-hole about this, I could, in theory, demand nothing less than Jarrod Jones driving all the way out here himself, walking up to my door, and personally handing me $100 in cold hard cash every single month, or at least hiring a local courier to do the same. It would be extremely bitter and spiteful of me, but strictly speaking, I would be sequarely within my legal right to require that, simply because that's how 'legal tender' works.
>
> So when you think about it that way, the fact that I am offering **literally any alternatives** at all is generous of me.

(Dkt. No. 109 at 5) (bold emphasis added). Courts take parties pleadings seriously—including the language they use and the assertions they make. If a party insists that it has the ability to refuse all payment methods beside personal delivery, then the court will note as much in its Order.

---

[8] It is unclear whether the Magistrate Judge was merely opining on Stebbins' lack of earlier objection to PayPal or making a factual finding that both parties agreed to PayPal. It is equally possible that the Magistrate Judge was merely commenting that PayPal personal transaction fits within the very strict payment parameters that Stebbins would like the Court to enforce.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | December 17, 2024 |
| Title | David Stebbins v. CMDR ImperialSalt et al. | | |

Thus, the Magistrate Judge's conclusion that Stebbins was spitefully insisting on personal delivery of cash payments appears to be correct. This is further supported by the fact that Stebbins now argues in his objection that he is within his legal right to insist on only legal tender, which ostensibly would be personally delivered. Accordingly, this Court affirms the Magistrate Judge's finding.

Worth noting is that Stebbins makes contradictory claims on this point. On the one hand, Stebbins wants this Court to take seriously his claim that he has a right to refuse anything that is not "legal tender." Yet, in the same breathe, Stebbins tells this Court in his objection that this was "clearly a hypothetical" and that "no reasonable person could possible read [his] brief to conclude otherwise." (Objection at 1.)

Accordingly, the December 13 Order is affirmed.

B.  *Motion for Extension of Time to Respond to Order to Show Cause*

In light of the Court's affirming of the Magistrate Judge's December 13 Order, and the Magistrate Judge granting an extension of time (Dkt. No. 115), the motion to extend time to respond to the Order to Show Cause is **DENIED** as moot. The deadline set by the Magistrate Judge will be the deadline for Stebbins to explain why he should not be sanctioned $1,500 for filing a motion with the court based on false claims that PayPal deducted fees from Jones when he knew such deductions were not happening.

**IV. CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the December 13 Order and **DENIES as moot** the motion for extension of time to reply to the Order to Show Cause. The new deadline is set for January 30, 2025.

**IT IS SO ORDERED.**