Case 8:24-cv-01486-JVS-KES    Document 117    Filed 12/18/24    Page 1 of 2    Page ID #:398

FILED
CLERK, U.S. DISTRICT COURT
DEC 18, 2024
CENTRAL DISTRICT OF CALIFORNIA
BY ___PD___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

| | |
|---|---|
| David Stebbins (pro se Plaintiff) (870) 212-4947 | 123 W. Ridge Ave., APT D, Harrison, AR 72601 acerthorn@yahoo.com |

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                           PLAINTIFF

VS.                         Case 8:24-cv-01486-JVS-KES

JARROD JONES                                              DEFENDANTS

**MOTION TO APPOINT COUNSEL FOR RESPONSE TO ORDER TO SHOW CAUSE**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Appoint Counsel for the upcoming Response to Order to Show Cause in the above-styled action.

1. The Court has ordered me to show cause why I should not be fined $1,500. See ECF 113.

2. Presumably, this fine, if imposed, would be paid directly to the court.

3. This causes the fine to be punitive in nature. See Hicks v. Feiock, 485 US 624, 632 (1988) ("If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court"). An exception to this exists "when the [party to be sanctioned] can avoid paying the fine simply by performing the affirmative act required by the court's order," (see id), but the Court has given me no means of avoiding this sanction other than to show that I should not have it imposed in the first place. Presumably, the only thing that could possibly undo the fine at this point[1] is a time machine.

4. Because it is punitive in nature, the fine "may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." See id at 632. One of the most crucial rights of accused persons in criminal proceedings is the right to appointment of counsel, as I alluded to ECF 101, ¶ 33.

5. I therefore ask the Court to appoint counsel to represent me in the response to order to show cause.

6. If this motion is denied, I will have the right to appeal it before having to respond pro se to the show-cause order. See Ward v. Smith, 721 F. 3d 940, 941 (8th Cir. 2013) ("Ward filed a

---

1 other than me not being liable for it in the first instance

second motion for appointment of counsel, which the district court denied, and Ward appealed… we have jurisdiction over this interlocutory appeal").

7.      Wherefore, premises considered, I respectfully pray that this Motion to Appoint Counsel be granted.

So requested on this, the 18th day of December, 2024.

/s/ David Stebbins
David Stebbins (pro se)