UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | January 3, 2025 |
| Title | David A. Stebbins v. CMDR ImperialSalt et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Damian Velazquez for Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Plaintiff's Motion to Appoint Counsel [117] and Motion for Extension of Time [118]**

Before the Court is Plaintiff David Stebbins' ("Stebbins") motion to appoint counsel for response to this Court's Order to Show Cause ("OSC"), (Mot. 1, Dkt. No. 117), and motion for extension of time to respond to the OSC. (Mot. 2, Dkt. No. 118.) For the following reasons, the Court **DENIES** the motions.

## I. BACKGROUND

On December 13, 2024, the Magistrate Judge ordered Stebbins to show cause in writing why he should not be sanctioned $1,500 for filing a motion with the Court based on false claims. (OSC, Dkt. No. 112, 10-11.) Specifically, the Court asked Stebbins to show cause why he did not falsely state "that PayPal had deducted fees from Defendant's monthly settlement payments" when PayPal had, in fact, not deducted any fees. (Id.) Stebbins objected to the Magistrate Judge's order and filed a motion to extend the time to respond to the OSC until the district court ruled on the objection. (Objection, Dkt. No. 113; Mot. to Extend, Dkt. No. 114.) The Magistrate Judge granted Stebbins' request for an extension of time and set a new deadline of January 30, 2025 for Stebbins' to respond to the OSC. (Order re Mot. to Extend, Dkt. No. 115.) This Court then affirmed the Magistrate Judge's prior ruling and extension of time to respond to the OSC. (Order re Objection, Dkt. No. 116.) Stebbins' subsequently filed a motion to appoint counsel for his response to the OSC and a motion for extension of time to respond to the OSC until the motion to appoint counsel is ruled on. (Mot. 1; Mot. 2.)

## II. LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | January 3, 2025 |
| Title | David A. Stebbins v. CMDR ImperialSalt et al | | |

*A.     Request of Counsel Under 28 U.S.C. 1915(e)(1)*

In the Ninth Circuit, district courts have the "discretion to designate counsel to represent an indigent civil litigant." See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). Counsel may be designated under 28 U.S.C. § 1915(e)(1) for indigent civil litigants where there are "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). In determining whether exceptional circumstances exist, courts evaluate both "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (citing Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Courts are instructed to consider both factors together before reaching a decision on a request for counsel. Wilborn, 789 F.2d at 1331.

*B.     Rule 11 Sanctions*

Under Rule 11, sanctions may be imposed "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. Cnty. of L.A., 120 F.3d 982, 985 (9th Cir. 1997). "The standard governing both the 'improper purpose' and 'frivolous' inquiries is objective." G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003) (quoting Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)). The Court's Local Rules further provide that "[t]he presentation to the Court of frivolous motions . . . subjects the offender at the discretion of the Court to . . . sanctions. . . ." L.R. 11-9.

Whether to impose sanctions is a matter within the Court's discretion. See Fed. R. Civ. P. 11(c)(2). However, the Ninth Circuit has cautioned that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988). When sanctions are imposed under Rule 11, they "must be limited to what suffices to deter reptition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

### III. DISCUSSION

*A.     Whether the Potential Sanctions are Criminal or Civil in Nature*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | January 3, 2025 |
| Title | David A. Stebbins v. CMDR ImperialSalt et al | | |

The Court must first decide whether the proposed sanctions are criminal or civil in nature. Stebbins' claims that he is entitled to counsel because, under Hicks v. Feiock, 485 U.S. 624, 632 (1988), the sanctions are punitive and, therefore, criminal. (Mot. 1 at 1.) According to Hicks:

> If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order.

Hicks, 485 U.S. at 632. Because the proposed sanction would presumably be paid to the Court, Stebbins claims that the fine is punitive in nature. (Mot. 1 at 1.) Further, Stebbins is unable to avoid this sanction, unless he can show cause as to why the sanction is not proper in the first place. (Id.) Thus, Stebbins claims that this OSC is akin to a criminal proceeding and he is constitutionally entitled to counsel. (Id.)

The Court disagrees with Stebbins, and finds that the proposed sanctions are civil in nature. First, Hicks is not dispositive in this case. The Ninth Circuit has held that "[w]hether a fine is payable to the court . . . as opposed to the complainant is a relevant, although not necessarily determinative, factor in determining whether a sanction is punitive." F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1138 n.7 (9th Cir. 2001). Further, the Ninth Circuit has recognized that the Court in Hicks "did not contemplate a situation [regarding sanctions for bad faith conduct] where the court to which the fine was ordered to be paid was in effect the injured complainant." Lasar v. Ford Motor Co., 399 F.3d 1101 (9th Cir. 2005) (citing United States v. Dowell, 257 F.3d 694, 700 (7th Cir. 2001)); see Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 n.2 (1994) (citations omitted) ("Direct contempts that occur in the court's presence may be immediately adjudged and sanctioned summarily . . . and, except for serious criminal contempts in which a jury trial is required . . . the traditional distinction between civil and criminal contempt proceedings does not pertain.") Here, Stebbins faces sanctions for potential false statements made directly to the Court. (OSC, at 11.) Thus, the fact that Stebbins may be ordered to pay sanctions to the Court does not necessitate a finding that such sanctions are criminal under Hicks.

Second, the Court notes that Stebbins can avoid the potential sanction if he proves that he did not make false statements to the Court in violation of Rule 11. Thus, unless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | January 3, 2025 |
| Title | David A. Stebbins v. CMDR ImperialSalt et al | | |

Stebbins lied to the Court, he may avoid paying the sanctions if he properly complies with the Court's OSC.

Finally, the Court looks to the purpose of Rule 11 sanctions. Sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Thus, assuming that the Magistrate Judge intends to impose a sanction that is limited to deterrence under Rule 11, it is unlikely that such a sanction would be punitive. See United States v. Laurins, 857 F.2d 529 (9th Cir. 1988) (citing Hicks, 485 U.S. 624) ("If the intent is remedial . . . the contempt is civil"). Consequently, the Court finds that the possible sanctions are civil in nature. Stebbins is, therefore, entitled only to notice and an opportunity to be heard before the imposition of sanctions. See Lasar, 399 F.3d at 1112-13.

　　B.　*Request of Counsel Under 28 U.S.C. 1915(e)(1)*

Because the potential sanctions are civil in nature, the Court must next consider whether it is proper to appoint counsel under 28 U.S.C. § 1915(e)(1). Exceptional circumstances do not exist to warrant the appointment of counsel. Stebbins' likelihood of success on the merits is uncertain. Stebbins can successfully avoid sanctions if he proves that he did not falsely claim that Paypal deducted fees; however, the Court previously found that Stebbins "must have seen that Paypal did not deduct any fees." (OSC, at 10.) Therefore, there is chance that Stebbins may not succeed on the merits.

However, Stebbins has proven to the Court his ability to "articulate his claims pro se in light of the complexity of the legal issues involved." Palmer, 560 F.3d at 970 (citing Weygandt, 718 F.2d at 954). First, Stebbins demonstrated his ability to articulate his claims in various prior motions filed with this Court, and in his current motion to appoint counsel. Specifically, Stebbins cited relevant, persuasive authority in his motion, which is considered by the Court in its decision. (See Mot. 1.) Second, the Court has asked Stebbins to show cause why his own statements were not false. This is not a complex legal issue for which an attorney is required. Indeed, it is a factual issue where Stebbins is likely the best person to respond. Consequently, weighing this factor alongside Stebbins' likelihood of success, the Court finds that the potential sanctions are not an exceptional circumstance warranting the appointment of counsel. Thus, the motion to appoint counsel is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01486-JVS-KES | Date | January 3, 2025 |
|---|---|---|---|
| Title | David A. Stebbins v. CMDR ImperialSalt et al | | |

C. *Stebbins' Motion for Extension of Time to Respond to OSC*

Stebbins has also filed a motion for extension of time to respond to the OSC until the motion to appoint counsel is ruled on. Because the Court now denies the motion to appoint counsel, it does not find that Stebbins requires an extension of time to respond. The Magistrate Judge originally gave Stebbins until December 30, 2024, which was 17 days after the issuance of the OSC, to show cause in writing. (OSC, at 11.) The time to respond to the OSC was then extended to January 30, 2025. (Order re Mot. to Extend.) Given that Stebbins has 27 days from the date of this Order to respond, the Court does not find it necessary to grant Stebbins any additional time. Thus, the second motion for extension of time to respond is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to appointment counsel and the motion for extension of time to respond to the OSC.

**IT IS SO ORDERED.**