FILED
CLERK, U.S. DISTRICT COURT
JAN 03, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY      PD      DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                       acerthorn@yahoo.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                           PLAINTIFF

VS.                         Case 8:24-cv-01486-JVS-KES

JARROD JONES                                              DEFENDANTS

## MOTION FOR STAY OF PROCEEDINGS PENDING RESOLUTION OF INTERLOCUTORY APPEAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Stay of Proceedings Pending Resolution of the Notice of Appeal in the above-styled action.

1. On December 18, 2024, I filed a motion to appoint counsel for my response to the Court's Order to Show Cause. See ECF 117.

2. In said motion, I notified the Court that an order denying that motion would be immediately appealable as a collateral order. See ¶ 6.

3. On January 3, 2025, the Court issued an order denying my motion to appoint counsel. See ECF 119.

4. Pursuant to this notice, I filed a Notice of Appeal concurrently with this motion. See either ECF 120 or ECF 121, depending on which filing gets filed by the Clerk first.

5. Even if the Court of Appeals determines that the order is not immediately appealable, there is a reasonable chance that the Supreme Court may grant certiorari on that matter, as it is the subject of a fairly large circuit split, whether or not an order denying appointment of counsel is immediately appealable under Cohen v. Beneficial Industrial Loan Corp., 337 US 541 (1949). The First, Fourth, Seventh, Ninth, Tenth, and Eleventh Circuits have all held that such an order is not immediately appealable[1], but the Third, Fifth, and Eighth Circuits have all held that it is[2].

---

1 See Appleby v. Meachum, 696 F. 2d 145 (1st Cir. 1983). See also Miller v. Simmons, 814 F. 2d 962 (4th Cir. 1987). See also Randle v. Victor Welding Supply Co., 664 F. 2d 1064 (7th Cir. 1981). See also Weygandt v. Look, 718 F. 2d 952 (9th Cir. 1983). See also Cotner v. Mason, 657 F. 2d 1390 (10th Cir. 1981). See also Hodges v. Department of Corrections, State of Ga., 895 F. 2d 1360 (11th Cir. 1990).

2 See Ray v. Robinson, 640 F. 2d 474 (3rd Cir.1981). See also Caston v. Sears, Roebuck & Co., Hattiesburg, Miss.,

Since it is common knowledge (at least in legal circles) that a circuit split is the single most important thing the Supreme Court looks for when deciding whether or not to grant a Petition for Writ of Certiorari, that exponentially raises the likelihood of them agreeing to hear the case.

6. To protect me from being irreversibly prejudiced by not having the assistance of counsel when there is a good chance I should be entitled to it, I humbly ask the Court to stay proceedings in this case until the appeal is ultimately disposed of.

7. I respectfully ask that the settlement agreement be excluded from the stay, so that I will continue to receive the monthly payments pursuant to it.

So requested on this, the 3rd day of January, 2025.

/s/ David Stebbins
David Stebbins (pro se)

---

556 F. 2d 1305 (5th Cir. 1977). See also Ward v. Smith, 721 F. 3d 940 (8th Cir. 2013).