UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | January 14, 2025 |
| Title | Stebbins v. CMDR ImperialSalt et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Stay [120]**

Before the Court is Plaintiff Davis Stebbins' ("Stebbins") motion for stay. (Mot., Dkt. No. 120.) There is no opposition. For the following reasons, the Court **GRANTS** the motion. The January 30, 2025 OSC Hearing is **STAYED** pending resolution of the relevant appeal at the Ninth Circuit. Stebbins shall file a status brief within ten (10) days of the resolution of his appeal, or sooner if events warrant.

## I. Background

The parties are familiar with the factual and procedural background of this matter. The Court will briefly describe the background necessary to resolve the instant motion.

On December 13, 2024, the Magistrate Judge ordered Stebbins to show cause in writing why he should not be sanctioned $1,500 for filing a motion with the Court based on false claims. (Order to Show Cause ("OSC"), Dkt. No. 112, 10–11.) Specifically, the Court asked Stebbins to show cause why he did not falsely state "that PayPal had deducted fees from Defendant's monthly settlement payments" when PayPal had, in fact, not deducted any fees. (Id.)

Stebbins objected to the Magistrate Judge's order and filed a motion to extend the time to respond to the OSC until the district court ruled on the objection. (Dkt. No. 113, 114.) The Magistrate Judge granted Stebbins' request for an extension of time and set a new deadline of January 30, 2025 ("OSC Hearing") for Stebbins' to respond to the OSC. (Order re Mot. to Extend, Dkt. No. 115.) This Court then affirmed the Magistrate Judge's prior ruling and extension of time to respond to the OSC. (Order re Objection, Dkt. No. 116.) Stebbins' then filed a motion to appoint counsel for his response to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | January 14, 2025 |
| Title | Stebbins v. CMDR ImperialSalt et al. | | |

OSC and a motion for extension of time to respond to the OSC until the motion to appoint counsel was ruled on. (Dkt. No. 117, 118.)

This Court subsequently denied both motions, finding that the proposed sanctions were civil in nature, that Stebbins could avoid the sanction by proving that he did not make false statements, that Stebbins had proven his ability to articulate his claim as a pro se litigant, and that Stebbins had sufficient time (27 days) from the date of the order to respond to the OSC. (Order re Mot. to Appoint, Dkt. No. 119.)

Stebbins appealed, (see Dkt. No. 121), and filed the instant motion for stay pending interlocutory appeal, (see Mot. at 1.)

## II. LEGAL STANDARD

### A. *Jurisdiction Pending Appeal*

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The purpose of this doctrine is to "avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir. 1988).

Beyond this divestment, a district court may stay the remaining aspects of the case pursuant to its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of a sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

## III. DISCUSSION

### A. *The Court Exercises Discretion to Stay the Matter*

A notice of appeal from an unappealable order does not divest a court of jurisdiction. Griggs, 459 U.S. at 58. Nevertheless, a court may stay the remaining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | January 14, 2025 |
| Title | Stebbins v. CMDR ImperialSalt et al. | | |

aspects of a case pursuant to its inherent powers to save time and effort for the parties and the Court's judicial economy. See Landis, 299 U.S. at 254.

Stebbins argues that this Court's denial of his motion for appointment of counsel is immediately appealable. (Mot. at 1.) Further, Stebbins contends that "[e]ven if the Court of Appeals determines that the order is not immediately appealable, there is a reasonable chance that the Supreme Court may grant certiorari on [the matter]." (Id.)

The Court need not agree or disagree with Stebbins on this contention, nor delve into a legal discussion about whether there is, indeed, a circuit split on the matter. The Court exercises its discretion to STAY the OSC Hearing set for January 30, 2025, until Stebbins has exhausted his appeal of this Court's order denying his request for counsel. The Court finds that this decision maximizes judicial efficiency and saves the parties time, money, and effort, if Stebbins appeal comes to fruition.[1]

As requested by Stebbins, the Court will exclude the settlement from this Stay Order. The Court has already affirmed the Magistrate Judge's December 13, ruling that Jarrod Jones ("Jones") "deduct $15 from his next monthly payment and send $85 instead of $100." Additionally, the Court sees no prejudice in allowing the settlement payments to continue where the Court has now resolved the proper settlement payments moving forward and Stebbins has only appealed the Order denying appointment of counsel for the OSC Hearing and not the proper amount of the settlement. (See Dkt. No. 121.)

### IV. CONCLUSION

For the foregoing reasons, the OSC Hearing is **STAYED** pending resolution of the relevant appeal at the Ninth Circuit. Stebbins shall file a status brief within ten (10) days of the resolution of his appeal, or sooner if events warrant.

**IT IS SO ORDERED.**

---

[1] Failure to stay the OSC Hearing could, perhaps, result in an unfavorable outcome to Stebbins were he to be subject to Rule 11 sanctions and ultimately prevail on appeal regarding appointment of counsel. For this reason, the Court finds it prudent and efficient to stay the OSC Hearing.