UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | June 3, 2025 |
| Title | Stebbins v. CMDR ImperialSalt et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion to Continue Stay [125]

Before the Court is Plaintiff Davis Stebbins' ("Stebbins") motion to continue stay. (Mot., Dkt. No. 125.) There is no opposition. For the following reasons, the Court **DENIES** the motion. The Magistrate Judge shall set a new date for the deadline to show cause previously set for January 30, 2025. (See Dkt. Nos. 112, 115.)

I. **BACKGROUND**

The parties are familiar with the factual and procedural background of this matter. The Court will briefly describe the background necessary to resolve the instant motion.

On December 13, 2024, the Magistrate Judge ordered Stebbins to show cause in writing why he should not be sanctioned $1,500 for filing a motion with the Court based on false claims. (Order to Show Cause ("OSC"), Dkt. No. 112, 10–11.) Specifically, the Court asked Stebbins to show cause why he did not falsely state "that PayPal had deducted fees from Defendant's monthly settlement payments" when PayPal had, in fact, not deducted any fees. (Id.)

Stebbins objected to the Magistrate Judge's order and filed a motion to extend the time to respond to the OSC until the district court ruled on the objection. (Dkt. No. 113, 114.) The Magistrate Judge granted Stebbins' request for an extension of time and set a new deadline to show cause set for January 30. (Order on Mot. to Extend, Dkt. No. 115.) This Court then affirmed the Magistrate Judge's prior ruling and extension of time to respond to the OSC. (Order on Objection, Dkt. No. 116.) Stebbins' then filed a motion to appoint counsel for his response to the OSC and a motion for extension of time to respond to the OSC until the motion to appoint counsel was ruled on. (Dkt. Nos. 117,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | June 3, 2025 |
| Title | Stebbins v. CMDR ImperialSalt et al. | | |

118.)

This Court subsequently denied both motions, finding that the proposed sanctions were civil in nature, that Stebbins could avoid the sanction by proving that he did not make false statements, that Stebbins had proven his ability to articulate his claim as a pro se litigant, and that Stebbins had sufficient time (27 days) from the date of the order to respond to the OSC. (Order on Mot. to Appoint, Dkt. No. 119.)

Stebbins appealed, (see Dkt. No. 121), and filed a motion to stay the case pending appeal to the Ninth Circuit, (Dkt. No. 120). The Court granted his request to stay. (Dkt. No. 122.) The Ninth Circuit dismissed Stebbins' appeal and on May 28, 2025, it denied en banc rehearing. (Mot. at 1.) Stebbins now intends to file a petition for writ of certiorari to the Supreme Court and requests a continuance of the stay order. (See Mot. at 1.)

## II. Legal Standard

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The purpose of this doctrine is to "avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir. 1988).

Beyond this divestment, a district court may stay the remaining aspects of the case pursuant to its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of a sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

## III. Discussion

A.   *The Court Is Not Divested of Jurisdiction*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01486-JVS-KES                        Date  June 3, 2025

Title  Stebbins v. CMDR ImperialSalt et al.

    The Court previously exercised its discretion to grant a stay in this case to allow Stebbins to appeal this Court's order to the Ninth Circuit. (Dkt. No. 122.) The Ninth Circuit dismissed Stebbins' appeal, (Dkt. No. 124) and denied his petition for en banc rehearing, (Mot. at 1). Stebbins now states that he "intend[s] to file a Petition for Writ of Certiorari to the Supreme Court." (Id.) For the following reasons, the Court finds that it is not divested of jurisdiction at this time and that the proper course is to continue forward with the order to show cause.

    "Absent the issuance of a stay of the Ninth Circuit's mandate, the filing of a petition for writ of certiorari does not divest this Court of jurisdiction to proceed. . . ." Harper ex rel. Harper v. Poway Unified School Dist., 545 F. Supp. 2d 1072, 1076 n.2 (S.D. Cal. 2007), affirmed in part and vacated in part on other grounds, 318 F. App'x 540 (9th Cir. 2009). Indeed, "the mere filing of a petition for certiorari with the Supreme Court neither stops the mandate from issuing nor stops the case from proceeding in the district court. A litigant desiring such cessation must seek and obtain a stay." U.S. v. Sears, 411 F.3d 1240, 1241–42 (11th Cir. 2005). While a petitioner can apply for a stay of mandate with the appeals court, one does not automatically issue upon a filing with the Supreme Court. See Fed. R. App. 41(d)(1)–(2). A stay order is not "a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 434 (2009) (internal citations omitted). A decision to grant stay is an "exercise of sound discretion." CMAX, 300 F.2d at 268.

    Here, Stebbins' petition for writ of certiorari does not divest the court of jurisdiction. Thus, it is left to this Court's discretion to determine whether to grant the stay. The Court finds that it is unlikely that Stebbins will succeed on the merits of his petition for writ of certiorari, weighing against granting a stay.[1] See Nken, 556 U.S. at 434 (holding that a movant's chance of success on the merits must be "better than negligible" to warrant a stay).

    Moreover, there is little to no risk of "putting the same issue before two courts at the same time," see Kern Oil, 840 F.2d at 734, because following the issuance of the

---

[1] The Supreme Court grants certiorari in a very limited number of cases. This Court has already noted that the denial of his motion for appointment of counsel is not immediately appealable. (Dkt. No. 122.) The Ninth Circuit agreed in a one paragraph disposition that the challenged order was not immediately appealable. (Dkt. No. 124.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01486-JVS-KES | Date | June 3, 2025 |
| Title | Stebbins v. CMDR ImperialSalt et al. | | |

Ninth Circuit's mandate, his case is not presently litigated in any other court besides this Court. If the Supreme Court grants certiorari, then this Court will be divested of jurisdiction. Thus, there is no needless paper shuffling, waste of time or resources, or confusion by requiring Stebbins to respond to the Magistrate Judge's OSC. See id. at 734–35. Accordingly, the Court will not stay proceedings during Stebbins' filing of his petition for writ of certiorari with the Supreme Court.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion. The Magistrate Judge shall set a new deadline for the OSC previously set for January 30, 2025. (See Dkt. Nos. 112, 115.)

**IT IS SO ORDERED.**