Jarrod Jones
Pro Se
1850 W Orangethorpe Ave
Fullerton, California, 92833
714-497-0035
jarrod@stangranch.com

FILED
CLERK, U.S. DISTRICT COURT
06/20/2025
CENTRAL DISTRICT OF CALIFORNIA
BY _____DVE_____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID A. STEBBINS,

                Plaintiff,

vs.

JARROD JONES,

                Defendant

Case No.: 8:24-cv-01486-JVS-KES

MOTION TO TEMPORARILY SUSPEND SETTLEMENT PAYMENTS DUE TO FINANCIAL HARDSHIP

Defendant Jarrod Jones, appearing pro se, respectfully moves this Court for an order to temporarily suspend monthly settlement payment obligations due to substantial financial hardship. This request is made in good faith, and Defendant remains committed to fulfilling the agreement once financial stability is restored.

## I. Factual Background

Under the settlement agreement, Defendant is required to make monthly payments of $100 to Plaintiff. Defendant has previously complied with these obligations, though occasional communication delays have occurred due to Plaintiff's escalating responses to even minor issues.

Recently, Defendant experienced significant financial hardship beyond his control:

- He lost his job, eliminating his primary source of income.

MOTION TO TEMPORARILY SUSPEND SETTLEMENT PAYMENTS DUE TO FINANCIAL HARDSHIP - 1

- His housing costs total $1,900 per month, which he splits with a friend, resulting in rent obligations fluctuating between $900 and $1,000 per month.

- He is actively seeking employment but currently remains unable to meet financial obligations.

These circumstances are temporary but severe, and continued enforcement without flexibility would risk financial destabilization, hindering Defendant's ability to resume payments in the future.

## II. Legal Authority for Equitable Relief

Contrary to Plaintiff's argument that courts lack power to modify a settlement, Ninth Circuit precedent recognizes the court's inherent equitable discretion to alter or defer enforcement when circumstances warrant.

In A & A Sign Co. v. Maughan, 419 F.2d 1152 (9th Cir. 1969), the court affirmed that settlement orders may be modified when justice so requires, emphasizing judicial discretion in adjusting prior judgments.

In Keeling v. Sheet Metal Workers Int'l Ass'n, 937 F.2d 408 (9th Cir. 1991), the court held that a party's inability to perform under a settlement may justify equitable relief, particularly where rigid enforcement would unjustly benefit the opposing party.

MOTION TO TEMPORARILY SUSPEND SETTLEMENT PAYMENTS DUE TO FINANCIAL HARDSHIP - 2

Further, the Ninth Circuit has consistently recognized Rule 60(b)(6) as a "grand reservoir of equitable power" (Phelps v. Alameida, 569 F.3d 1120 (9th Cir. 2009)) permitting courts to account for financial duress and pro se status when determining relief.

Additionally, courts applying the Rufo standard (Flores v. Rosen, 984 F.3d 720 (9th Cir. 2020)) reaffirm that significant changes in circumstances warrant modification of settlement obligations.

Courts have long recognized that contractual enforcement should not lead to unjust results when one party faces disproportionate hardship. In Williams v. Walker-Thomas Furniture Co., 350 F.2d 445 (D.C. Cir. 1965), the court acknowledged that equitable discretion is necessary when strict enforcement risks severe financial consequences. While Williams primarily addresses unconscionability, its underlying reasoning supports the principle that courts should exercise flexibility when hardship makes compliance impractical consideration highly relevant to Defendant's request for temporary relief.

Defendant does not seek to cancel or challenge the agreement but requests the Court exercise its discretion to temporarily defer payments, consistent with controlling legal precedent.

### III. Plaintiff's Unreasonable Conduct

Plaintiff has responded to Defendant's financial hardship with aggressive threats and ultimatums rather than engaging in reasonable accommodation discussions. Plaintiff's emails,

MOTION TO TEMPORARILY SUSPEND SETTLEMENT PAYMENTS DUE TO FINANCIAL HARDSHIP - 3

which include profane language and legal ultimatums, illustrate an abuse of contractual enforcement warranting court intervention.

Additionally, Plaintiff knowingly filed a Motion to Enforce Settlement despite Defendant submitting full payment on June 13, 2025, prior to the motion's filing. This demonstrates Plaintiff's retaliatory intent, rather than the actual necessity for enforcement.

## IV. Requested Relief

The defendant respectfully requests that the Court grant the following relief:

1. A 90-day suspension of Defendant's monthly settlement payment obligations.
2. A stay on any enforcement or contempt motions during this period.
3. An order requiring a financial status update from the Defendant within 60 days.

## V. Conclusion

Defendant's current inability to pay is not willful but stems from severe hardship. Controlling the Ninth Circuit authority confirms the Court's power to grant temporary relief when equity requires. Given the circumstances, Defendant respectfully requests that this motion be granted.

**Dated:** June 18, 2025, **Respectfully submitted,**

1

2

3

_____

Jarrod Jones, Pro Se

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO TEMPORARILY SUSPEND SETTLEMENT PAYMENTS DUE TO FINANCIAL HARDSHIP - 5

**CERTIFICATE OF SERVICE**

I, Jarrod Jones, certify that on June 18, 2025, I served the foregoing *Motion to Temporarily Suspend Settlement Payments Due to Financial Hardship* on Plaintiff David Stebbins by email at the address **acerthorn@yahoo.com**, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

Executed on June 20, 2025.

Jarrod Jones
Pro Se
1850 W Orangethorpe Ave
Fullerton, California, 92833
714-497-0035
jarrod@stangranch.com

MOTION TO TEMPORARILY SUSPEND SETTLEMENT PAYMENTS DUE TO FINANCIAL HARDSHIP - 6