Jarrod Jones
Pro Se
1850 W Orangethorpe Ave
Fullerton, California, 92833
714-497-0035
jarrod@stangranch.com

FILED
CLERK, U.S. DISTRICT COURT
06/23/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ____DVE____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,

    Plaintiff,

vs.

JARROD JONES,

    Defendant

Case No.: 8:24-cv-01486-JVS-KES

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

    Defendant Jarrod Jones, appearing pro se, respectfully submits this opposition to Plaintiff David Stebbins's Motion to Enforce Settlement. While Defendant does not dispute the existence of the settlement agreement, he requests that the Court deny Plaintiff's motion for the following reasons:

### I. Defendant's Financial Circumstances

Defendant is experiencing significant financial hardship, including the loss of his employment and an increase in rent to $1,900 per month. While rent is shared, his portion remains approximately $1,000 per month, leaving no discretionary income.

Defendant has not willfully defaulted on payments, nor has he abandoned the agreement. He has made numerous payments and only recently encountered circumstances beyond his control that affected his ability to comply.

Defendant is actively seeking employment and has concurrently filed a motion requesting temporary suspension of payment obligations until his financial situation stabilizes.

### II. Plaintiff's Escalating Demands and Hostile Conduct

    The plaintiff has repeatedly responded to short delays with hostility and disproportionate threats. On June 13, 2025, Plaintiff sent an email stating:

> "Motherf*****, you're already late, and I'm already planning on filing a motion against you. What time today will I be paid?"

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT - 1

In another message dated June 11, 2025, Plaintiff wrote:

"Where the hell is your payment for this month?"

These communications, attached as Exhibit A, demonstrate a pattern of escalating aggression that undercuts any claim of good faith.

Additionally, on April 2, 2025, Defendant informed Plaintiff that he was undergoing emergency surgery and would be unable to access his bank accounts to process the settlement payment. Plaintiff responded dismissively, stating:

"Can you give me the details? Also, the settlement has no exception for medical emergencies. The impossibility defense requires the thing itself be impossible, not simply that you're unable to do it."

A full copy of this exchange, including Plaintiff's continued threats, is attached as Exhibit B.

Despite Plaintiff's hostility on June 13, Defendant submitted full payment by the end of the day, before Plaintiff filed his motion. The plaintiff was aware of the payment yet proceeded with the filing regardless, demonstrating a lack of necessity for this motion and an apparent retaliatory motive.

### III. Plaintiff's Motion Is Procedurally Defective

Under Local Rule 7-3, parties are required to confer in good faith at least seven days before filing a motion. The plaintiff failed to meet this requirement.

On June 14, 2025, Plaintiff sent a single email stating

"Pursuant to Local Rule 7-3, do you have any reason why I should not file this attached motion?"

While this email included a draft of the motion, Plaintiff did not attempt a substantive discussion or meaningful resolution—he simply issued a legal ultimatum rather than a true meet-and-confer. Courts have consistently ruled that a single email exchange does not satisfy Local Rule 7-3, which requires a genuine attempt at resolution.

Furthermore, the Plaintiff unilaterally imposed an arbitrary 24-hour deadline, demanding a response by June 15, 2025, and then filed his motion that evening at 7:00 PM, despite the lack of real discussion. Such conduct violates the seven-day requirement of Local Rule 7-3 and demonstrates a disregard for procedural fairness.

Plaintiff's failure to engage in a proper meet-and-confer renders his motion procedurally defective and warrants its outright denial.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT - 2

## IV. Legal Standard, Equity, and Plaintiff's Inconsistent Position

Plaintiff argues that the Court lacks authority to modify or defer settlement payments. However, courts retain equitable discretion to grant temporary relief based on financial hardship, particularly when dealing with modest payments and demonstrated good faith.

While settlements are binding, contract enforcement must consider fairness and practicality, not just rigid adherence to timing. Courts have long recognized that contractual enforcement should not create unjust results, particularly when one party takes an overly aggressive stance in enforcing obligations.

In Williams v. Walker-Thomas Furniture Co., 350 F.2d 445 (D.C. Cir. 1965), the court ruled that contractual terms may be unenforceable if enforcing them would be unconscionable or excessively one-sided. Plaintiff has responded to short, good-faith delays with aggressive legal threats, profanity-laden messages, and an unwillingness to accommodate reasonable hardships such as medical emergencies. This approach reflects the kind of rigid enforcement courts have historically rejected when it leads to unfair outcomes.

In his Enforcement motion, Plaintiff suggests that a written extension agreed to by both parties would permit a delay in payment. However, a review of Plaintiff's subsequent email communications (Exhibits A and B) reveals that he is categorically unwilling to entertain any delay, even in genuine cases of emergency or financial hardship. This contradiction between his formal suggestion and informal behavior demonstrates that his proposed extension mechanism is nothing more than a theoretical placeholder.

The Plaintiff's inconsistent position, on the one hand implying that a mutually agreed upon extension could be acceptable, yet on the other hand refusing any delay under any circumstances in his emails, shows that his motion is designed less to enforce a fair interpretation of the settlement and more to establish an uncompromising, retaliatory standard. This inherent inconsistency underscores that the Plaintiff's motion is based on a fabrication; he invokes a non-existent practice of permitting extensions solely to subsequently reject any actual request for good faith accommodation.

Moreover, Plaintiff filed this motion knowing that Defendant had already fulfilled his payment obligation on June 13, 2025. Courts have long recognized that motions filed in bad faith or without a real controversy should be denied outright. Plaintiff's refusal to acknowledge timely payment raises concerns about the true intent behind this filing, rather than its legal necessity.

Defendant has remained transparent about his financial difficulties, acted in good faith, and is not seeking to void the settlement but rather requesting a temporary adjustment to avoid undue hardship. Courts retain authority to adjust contractual enforcement when circumstances warrant, and Plaintiff's refusal to recognize these realities underscores why equitable relief should be granted in this case.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT - 3

## V. Conclusion

Plaintiff's motion is premature, procedurally flawed, and inequitable under the circumstances. Defendant respectfully requests that the Court deny Plaintiff's Motion to Enforce Settlement and instead grant Defendant's concurrently filed Motion to Temporarily Suspend Settlement Payments.

Dated: June 23, 2025, respectfully submitted,

_____
Jarrod Jones, Pro Se

# EXHIBIT A






