# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                               Date: July 8, 2025

Title: DAVID A. STEBBINS v. CMDR IMPERIALSALT, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING Plaintiff's Motion to Enforce Settlement (Dkt. 129)**

## I.   BACKGROUND.

In July 2022, Plaintiff David A. Stebbins of Harrison, Arkansas ("Plaintiff") filed a copyright infringement action in the U.S. District Court for the Northern District of California ("N.D. Cal.") against John Doe, a computer user known by the aliases "CMDR Imperial Salt" and "ZellZander," later identified as Jarrod Jones ("Defendant"). On July 3, 2024, the N.D. Cal. transferred the case to this Court because Defendant resides in this district. (Dkt. 64); see 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1404(a).

The assigned magistrate judge referred the case for an early settlement conference with Judge Shashi H. Kewalramani. (Dkt. 75 at 11-12.) On Thursday, July 25, 2024, Judge Kewalramani entered minutes reflecting that the parties had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                                                                 Date: July 8, 2025
                                                                                                                    Page 2

settled. (Dkt. 78.) For purposes of adjudicating the instant motion, the relevant terms of the parties' settlement agreement are as follows:

> • Defendant shall make $100 payments over the next 18 months, totaling $1,800.
>
> • Defendant shall pay Plaintiff $100 by the 5th of each month unless the parties agree to another schedule or deadline. Defendant must make his first payment to Plaintiff no later than September 5, 2024.
>
> • Each party will bear their own costs and fees.
>
> • The Court retains jurisdiction over enforcement of this settlement agreement.

(Dkt. 78.)

On June 15, 2025, Plaintiff filed a motion to enforce the settlement agreement. (Dkt. 129.) He claims that, as of June 11, 2025, Defendant had "failed to make payments on time pursuant to the settlement agreement." (Id. at 1.) On June 18, the motion was referred to the Magistrate Judge. (Dkt. 130.) On June 20, 2025, Defendant filed an opposition. (Dkt. 132.) On June 24, Plaintiff filed his reply. (Dkt. 136.)

## II.     SUMMARY OF THE BRIEFING.

Plaintiff states that "[o]n June 11, 2025, [he] noticed that [he] had not yet been paid the $100 from [Defendant] for the month of June." (Dkt. 129 at 1.) He contacted Defendant, who informed him that, due to an increase in his rent payment, he had been unable to make the June settlement payment in a timely manner. (Id.) According to Plaintiff, the parties conferred via email on June 14, 2025, in an attempt to comply with Local Rule 7-3. (Id.) Plaintiff filed the motion the next day, June 15. (Dkt. 129.) Plaintiff requests that the Court hold Defendant in contempt if he fails to make future payments by the fifth of the month. (Id. at 1-2.)

On June 20, Defendant filed a motion to temporarily suspend payments due to financial hardship. (Dkt. 131.) That same day, Defendant filed an opposition to Plaintiff's motion to enforce the settlement in which he states that an increase in his monthly rent and an ongoing search for employment have prevented him from making a timely payment in June. (Dkt. 132 at 1.) Defendant also explains that, in response

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                                                 Date: July 8, 2025
                                                                                                                    Page 3

to several harassing emails from Plaintiff, he made a full payment on June 13, 2025, and confirmed that he made this payment via email.  (Id. at 1-2, 7.)

Defendant also argues that Plaintiff's motion fails to comply with Local Rule 7-3 because the parties did not meaningfully meet and confer at least seven days before Plaintiff filed the motion.  (Id. at 2.)

### III.   DISCUSSION.

#### A.  Local Rule 7-3.

On June 1, 2025, changes to Local Rule 7-3 went into effect.  The rule now requires as follows:

> In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4), applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, and motions to retax costs under L.R. 54-2.5, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion.  If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion.  Failure to include such a declaration may result in the motion being denied.

L.R. 7-3.

The Court has previously told the parties that their efforts to meet and confer must be done "meaningfully" and that this is not a "pro forma" requirement.  (Dkt. 105 at 4; Dkt. 112 at 6.)  This requires litigants to be sincere, honest, and approach the dispute with an open mind, willing to consider reasonable proposed resolutions.  Issuing ultimatums does not show a good-faith effort to meet and confer.  See Preciado v. Nissan N. Am., Inc., No. 5:22-cv-02156-SSS-KKx, 2023 U.S. Dist. LEXIS 144690, at *6 (C.D. Cal. Aug. 17, 2023).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx　　　　　　　　　　　　　　　　　　　　Date: July 8, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

　　　The parties' filings show that they communicated via email regarding the late June payment. On June 11, 2025, Plaintiff emailed Defendant asking, "Where the hell is your payment for this month?" (Dkt. 129 at 5.) Defendant responded that he was unable to pay the settlement on time due to the "unforeseen circumstances" of his increase in rent. (Id.) Plaintiff responded that he would "not accommodate" this "dilemma" and informed Defendant that if he did not receive the payment by Friday, June 13, he would "file a motion to hold [Defendant] in contempt of court." (Id. at 7.) He also informed Defendant that if he continued to make late payments, he would also file motions for contempt. (Id.) Defendant responded by informing Plaintiff that he would make the payment "as soon as [he was] able," and that, due to a lack of employment, there could be "more reasonable delays in payment" in the future. (Id.)

　　　In his motion to enforce the settlement agreement, Plaintiff specified that "[t]his motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 14, 2025 over email." (Dkt. 129 at 1.) According to Defendant, this email "conference" on June 14 consisted of a singular sentence, "Pursuant to Local Rule 7-3, do you have any reason why I should not file this attached motion?[1]" (Dkt. 132 at 2, 8.)

　　　These emails are insufficient to comply with the requirements of Local Rule 7-3 for at least four reasons. First, Plaintiff failed to meaningfully confer with Defendant prior to filing the motion or discuss any potential resolution. Second, Plaintiff filed the motion the date after the alleged email conference in violation of the requirement that the parties meet and confer at least seven days prior to the filing of a motion with the Court. Even if the conference began on June 11, filing a motion on June 15 was still too early. Third, Plaintiff failed to include a declaration setting forth "the position of each party with respect to each disputed issue that will be the subject of the motion" as required by the amendments to L.R. 7-3. Fourth, the conference was only an exchange of emails with no attempt to discuss the motion "in person, by telephone, or via video conference …."

　　　Therefore, Plaintiff's motion does not comply with the requirements of Local Rule 7-3.

---

[1] The "attached motion" refers to a copy of the motion to enforce settlement. (Dkt. 132 at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                                      Date: July 8, 2025
                                                                      Page 5

### B. Plaintiff has Failed to Show Material Breach of the Settlement Agreement.

"Principles of contract law apply to the interpretation of settlement agreements." Rosen v. Urb. Commons, LLC, No. 8:20-cv-01973, 2023 WL 4155368, 2023 U.S. Dist. LEXIS 83204, at *6 (C.D. Cal. May 10, 2023) (citation omitted). When enforcing settlement agreements, federal courts generally follow state law contract principles. See id. (citing Jeff D. v. Andrus, 899 F.2d 753, 759-60 (9th Cir. 1989)); see also Hisel v. Upchurch, 797 F.Supp. 1509, 1517 (D. Ariz. 1992) ("Generally, the construction and enforcement of settlement agreements … are governed by general contract principles under state law."). Because the settlement agreement was created in California, California contract principles shall apply to the enforcement of the settlement agreement.

In California, "courts apply the preponderance of the evidence standard to motions to enforce settlement agreements." Flores v. Sessions, 394 F. Supp. 3d 1041, 1048-49 (Jun. 27, 2017) (citing Buss v. Superior Court, 16 Cal. 4th 35, 54 (1997)). Under California law, courts also must review a settlement agreement to determine whether the parties have substantially complied with its terms. (Id. at 1049.)

Under California law, "[u]nless a contract states that time is of the essence, a payment made within a reasonable time after the specified due date will usually constitute substantial compliance." Hernandez v. Sohnen Enterprises, Inc., 102 Cal.App.5th 222, 233 (2024) (citing Magic Carpet Ride LLC v. Rugger Investment Group, L.L.C., 41 Cal.App.5th 357, 364 (2019)). While the settlement agreement states that monthly payments are due on the fifth of the month, there is no clause specifying that time is of the essence in regard to these payments. The Court finds that Defendant made the June payment on June 13, 2025, eight days after it was due and two days before Plaintiff filed the instant motion. Plaintiff has failed to show prejudice or that Defendant has not substantially complied with the terms of the settlement agreement.

### IV. CONCLUSION.

For these reasons, the Court DENIES Plaintiff's motion to enforce settlement.

The Court has discretion to sanction parties for violations of the Local Rules. Local Rule 83-7. The Court encourages parties to meaningfully meet and confer prior to filing motions to avoid wasting "valuable Court resources reviewing pages upon unnecessary pages of quarrelling about issues that are either narrower than the Parties

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                                                                           Date: July 8, 2025
                                                                                                                                                    Page 6

represent or altogether could have been resolved without the Court's assistance." Mobile Tech, Inc. v. Hitachi Sols. Am., Ltd., 8:21-cv-00461, 2023 WL 3150109, 2023 U.S. Dist. LEXIS 76232, at *4 (C.D. Cal. Jan 23, 2023). Again, this is not a "pro forma" requirement. Local Rule 7-3 is an important rule with an important purpose.

                                                                                                                       Initials of Deputy Clerk jd