# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                    Date: July 9, 2025

Title: DAVID A. STEBBINS v. CMDR IMPERIALSALT, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING Defendant's Motion to Temporarily Suspend Settlement Payments Due to Financial Hardship (Dkt. 131)

**I. BACKGROUND.**

In July 2022, Plaintiff David A. Stebbins of Harrison, Arkansas ("Plaintiff") filed a copyright infringement action in the U.S. District Court for the Northern District of California ("N.D. Cal.") against John Doe, a computer user known by the aliases "CMDR Imperial Salt" and "ZellZander," later identified as Jarrod Jones ("Defendant"). On July 3, 2024, the N.D. Cal. transferred the case to this Court because Defendant resides in this district. (Dkt. 64); <u>see</u> 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1404(a).

The assigned magistrate judge referred the case for an early settlement conference with Judge Shashi H. Kewalramani. (Dkt. 75 at 11-12.) On Thursday, July 25, 2024, Judge Kewalramani entered minutes reflecting that the parties had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx　　　　　　　　　　　　　　　　　　Date: July 9, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

settled.  (Dkt. 78.)  For purposes of adjudicating the instant motion, the relevant terms of the parties' settlement agreement are as follows:

> • Defendant shall make $100 payments over the next 18 months, totaling $1,800.
>
> • Defendant shall pay Plaintiff $100 by the 5th of each month unless the parties agree to another schedule or deadline. Defendant must make his first payment to Plaintiff no later than September 5, 2024.
>
> • Each party will bear their own costs and fees.
>
> • The Court retains jurisdiction over enforcement of this settlement agreement.

(Dkt. 78.)

　　　　On June 15, 2025, Plaintiff filed a motion to enforce the settlement agreement. (Dkt. 129.)  In the motion, Plaintiff alleged that "[o]n June 11, 2025, [he] noticed that [he] had not yet been paid the $100 from [Defendant] for the month of June."  (Id. at 1.)  He contacted Defendant, who informed him that, due to an increase in his rent payment, he had been unable to make the June payment in a timely manner.  (Id.)  On July 8, 2025, the Court denied the motion for failure to comply with Local Rule 7-3 and failure to show a material breach.  (Dkt. 137.)

　　　　On June 20, 2025, Defendant filed a motion to temporarily suspend settlement payments due to financial hardship.  ("Motion to Suspend Payments" at Dkt. 131.)  He claims that an increase in his monthly rent and the fact that he was terminated from his most reject job effectively prevent him from making timely settlement payments in the near future.  (Id. at 1-2.)  On June 23, this motion was referred to the Magistrate Judge.  (Dkt. 133.)  On June 24, Plaintiff filed an opposition.  (Dkt. 135.)

## II.　　SUMMARY OF THE BRIEFING.

　　　　In the Motion to Suspend Payments, Defendant notes that he had "previously complied" with the settlement agreement's requirement that he "make monthly payments of $100 to Plaintiff."  (Dkt. 131 at 1.)  He acknowledges that "occasional communication delays have occurred due to Plaintiff's escalating responses to even minor issues."  (Id.)  Defendant then states that he has "experienced significant financial hardship beyond his control" because (1) "[h]e lost his job, eliminating his

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx							Date: July 9, 2025
											Page 3

primary source of income," and (2) "[h]is housing costs total $1,900 per month, which he splits with a friend, resulting in rent obligations fluctuating between $900 and $1,000 per month." (Id. at 1-2.) Due to these circumstances, "continued enforcement [of the settlement agreement] without flexibility would risk financial destabilization, hindering Defendant's ability to resume payments in the future." (Id. at 2.)

Defendant cites several cases in support of his argument that courts in the Ninth Circuit have the authority "to alter or defer enforcement [of settlement agreements] when circumstances warrant." (Id. at 2-3 (citing A&A Sign Co. v. Maughan, 419 F.2d 1152 (9th Cir. 1969), Keeling v. Sheet Metal Workers Int'l Ass'n, 937 F.2d 408 (9th Cir. 1991), Phelps v. Alameida, 569 F.3d 1120 (9th Cir. 2009), Flores v. Rosen, 984 F.3d 720 (9th Cir. 2020), and Williams v. Walker-Thomas Furniture Co., 350 F.2d 445 (D.C. Cir. 1965)).)

"Defendant does not seek to cancel or challenge the [settlement] agreement but requests the Court exercise discretion to temporarily defer payments, consistent with controlling legal precedent." (Id. at 3.) Specifically, he requests that the Court grant (1) a ninety-day "suspension of Defendant's monthly settlement obligations;" (2) a stay on both motions to enforce and motions for contempt during this ninety-day period; and (3) "an order requiring a financial status update from the Defendant within [sixty] days." (Id. at 4.)

Finally, Defendant discusses what he refers to as "Plaintiff's [u]nreasonable [c]onduct." (Id.) Specifically, he notes that "Plaintiff has responded to Defendant's financial hardship with aggressive threats and ultimatums rather than engaging in reasonable accommodation discussions." Plaintiff's emails "illustrate an abuse of contractual enforcement warranting court intervention." (Id. at 3-4.) The fact that Plaintiff filed the motion to enforce the settlement (Dkt. 129) after and "despite Defendant submitting full payment on June 13, 2025" further "demonstrates Plaintiff's retaliatory intent, rather than the actual necessity for enforcement." (Id. at 4.)

In his response to the Motion to Suspend Payments, Plaintiff argues that Defendant "never made any effort to confer with [him] before filing the motion, as is required by Local Rule 7-3." (Dkt. 135 at 1.) Plaintiff further alleges that he attempted to confer with Defendant, who failed to respond. (Id.) He argues, without any evidence, that Defendant "**is probably lying about losing his job, the amount of his rent, and/or his current search for employment**." (Id. (emphasis in original).) He therefore requests that the Court order Defendant to provide proof that he lost his job and describe the circumstances that caused the termination of employment in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01486-JVS-KESx | Date: July 9, 2025 |
| | Page 4 |

detail.  (Id. at 3.)  He also argues that the requested relief of suspending settlement payments most likely falls "beyond the Court's authority."  (Id.)

### III.   DISCUSSION.

On June 1, 2025, changes to Local Rule 7-3 went into effect.  The rule now requires as follows:

> In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4), applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, and motions to retax costs under L.R. 54-2.5, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion.  If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion.  Failure to include such a declaration may result in the motion being denied.

L.R. 7-3.

The Court has previously told the parties that their efforts to meet and confer must be done "meaningfully" and that this is not a "pro forma" requirement.  (Dkt. 105 at 4; Dkt. 112 at 6.)  This requires litigants to be sincere, honest, and approach the dispute with an open mind, willing to consider reasonable proposed resolutions.  Issuing ultimatums does not show a good-faith effort to meet and confer.  See Preciado v. Nissan N. Am., Inc., No. 5:22-cv-02156-SSS-KKx, 2023 U.S. Dist. LEXIS 144690, at *6 (C.D. Cal. Aug. 17, 2023).

Although the parties' filings show that they communicated via email regarding the late payment as well as the timing of future payments, Defendant's Motion to Suspend Payments does not explicitly declare that he complied with Local Rule 7-3 prior to filing the Motion.  (Dkt. 129, 131.)  These email discussions are described below.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                        Date: July 9, 2025
                                                                                         Page 5

      On June 11, 2025, Plaintiff emailed Defendant asking, "Where the hell is your payment for this month?" (Dkt. 129 at 5.) Defendant responded that he was unable to pay the settlement on time due to the "unforeseen circumstances" of his increase in rent. (Id.) Plaintiff responded that he would "not accommodate" this "dilemma" and informed Defendant that if he did not receive the payment by Friday, June 13, he would "file a motion to hold [Defendant] in contempt of court." (Id. at 7.) He also informed Defendant that if he continued to make late payments, he would also file motions for contempt in the future. (Id.) Defendant responded as follows:

> Mr. Stebbins,
>
> We've gone through this multiple times, and it is tiring, very tiring. Your hollow legal threats of contempt of court are an overextension of your role in the Settlement Agreement. You don't get to decide that the court does.
>
> There are reasonable circumstances to delay payments, and keeping a roof over my head is a reasonable delay.
>
> I understand the importance of the settlement agreement and my responsibility under it.
>
> In the case that I've lost my job, that would lead to more reasonable delays in payment. In fact, if that does happen, I would have to inform the court and ask them to pause payments until I am able to acquire another job to make those payments.
>
> As other financial hardships, like the rent at my place increasing from $1700/mo. to $1900/mo.
>
> With that in mind, I will pay you as soon as I am able. Please remain patient during this time for me.
>
> Thank you for your understanding,
>
> [Defendant]

(Id.)

      Defendant alleges that he made the $100 payment on June 13, 2025. (Dkt. 132 at 2.) He confirmed that he made this payment via email. (Id. at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01486-JVS-KESx                                                                 Date: July 9, 2025
                                                                                                                                       Page 6

The next day, Plaintiff sent him another email stating, "Pursuant to Local Rule 7-3, do you have any reason why I should not file this attached motion?[1]" (Id.)

      These emails are insufficient to comply with the requirements of Local Rule 7-3 for at least four reasons. First, Defendant failed to meaningfully confer with Plaintiff prior to filing the motion or discuss any potential resolution. For example, rather than discussing any proposed modifications to the settlement payments, Defendant stated in his email that he would temporarily stop making payments altogether for an unspecified period. (Dkt. 129 at 7.) Defendant also discussed via email only what might happen "[i]n the case that [he has] lost [his] job …." (Id.) This was insufficient to inform Plaintiff that he had actually lost his job, a fact Defendant mentions for the first time in the Motion to Suspend Payments. (Dkt. 131 at 1.) Taken together, these facts show that the parties failed to meaningfully confer with one another prior to Defendant's filing the Motion.

      Second, Defendant failed to include a declaration in the Motion to Suspend Payments stating that a conference had taken place along with the date and time of the conference, as is required by L.R. 7-3. (Dkt. 131.) The argument that Plaintiff's emails "illustrate an abuse of contractual enforcement warranting court intervention" is insufficient to excuse Defendant from complying with L.R. 7-3's requirements. (Id. at 3-4.)

      Third, Defendant failed to include a declaration setting forth "the position of each party with respect to each disputed issue that will be the subject of the motion" as required by the June 1, 2025 amendments to L.R. 7-3.

      Fourth, the conference was only an exchange of emails with no attempt to discuss the motion "in person, by telephone, or via video conference …." L.R. 7-3.

      Therefore, Defendant's motion does not comply with the requirements of L.R. 7-3. As such, the Court declines to address whether it has the authority to temporarily suspend the settlement payments.

## IV. CONCLUSION.

      For these reasons, the Court DENIES Defendant's motion to temporarily suspend settlement payments due to financial hardship.

---

[1] The "attached motion" refers to a copy of the motion to enforce settlement filed on June 15, 2025 (Dkt. 129). (Dkt. 132 at 2.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01486-JVS-KESx                                                                     Date: July 9, 2025
                                                                                                                       Page 7

The Court has discretion to sanction parties for violations of the Local Rules. Local Rule 83-7. The Court encourages parties to meaningfully meet and confer prior to filing motions to avoid wasting "valuable Court resources reviewing pages upon unnecessary pages of quarrelling about issues that are either narrower than the Parties represent or altogether could have been resolved without the Court's assistance." Mobile Tech, Inc. v. Hitachi Sols. Am., Ltd., 8:21-cv-00461, 2023 WL 3150109, 2023 U.S. Dist. LEXIS 76232, at *4 (C.D. Cal. Jan 23, 2023). This is not a "pro forma" requirement. Local Rule 7-3 is an important rule with an important purpose.

Furthermore, the Court notes that the terms of the Settlement Agreement specify that "Defendant shall pay Plaintiff $100 by the 5th of each month *unless the parties agree to another schedule or deadline*." (Dkt. 78 at 1 (emphasis added).) The Court encourages both parties to meet and confer to discuss any reasonable potential alternative schedule for the remaining payments. For example, if Plaintiff agreed to suspend payments for three months, what could Defendant offer in return? If Defendant could get a loan and make the remaining settlement payments early, what could Plaintiff offer in return? The Court also encourages Defendant to provide Plaintiff with evidence as to the changes in his finances discussed above, such as a lease showing the increase in his monthly rent or paperwork demonstrating his lack of employment. As always, both parties should consider whether their interests are best served by fighting versus listening to each other and reaching well-informed agreements.