FILED
CLERK, U.S. DISTRICT COURT
08/02/2025
CENTRAL DISTRICT OF CALIFORNIA
BY  mba  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
Apt D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

Jarrod Jones
Pro Se
1850 W Orangethorpe Ave
Fullerton, CA 92833
714-497-0035
jarrod@stangranch.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                PLAINTIFF

VS.                             Case 8:24-cv-01486-JVS-KES

JARROD JONES                                                               DEFENDANTS

## REVISED MUTUAL NOTICE OF DISMISSAL
## WITH PREJUDICE UNDER FRCP 41(a)(1)(A)(ii)

Comes now, pro se Plaintiff David Stebbins, who hereby submit the following Revised Mutual Notice of Dismissal With Prejudice Under FRCP 41(a)(1)(A)(ii) in the above-styled action.

1. What remains of the settlement (ECF 78) has been satisfied. See **Exhibit A** as well as **Exhibit B**.

2. Therefore, the parties mutually file to dismiss the above-styled action with prejudice and close the file.

3. The Court is respectfully reminded that the effects of this notice are immediate, absolute, and outside the Court's discretion. No order of the Court, not even a perfunctory one, is necessary to give effect to the dismissal. See Commercial Space Management Co. v. Boeing Co., 193 F. 3d 1074 (9th Cir. 1999):

> "[A] court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed.
>
> ...
>
> The filing of notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. ***There is not even a perfunctory order of***

> *court closing the file. Its alpha and omega was the doing of the plaintiff alone.* He suffers no impairment beyond his fee for filing.
>
> Because *the dismissal is effective on filing and no court order is required*, the filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. The effect is to leave the parties as though no action had been brought." (emphasis added; citations and quotations omitted).

4.  This also has the effect of terminating the Court's prior order to show cause why I should not be fined $1,5000 (ECF 128). See Case 3:10-cv-03041-JLH in the US District Court for the Western District of Arkansas (Stebbins v. Mid States Promotions), where a previous order to show cause why I should not be held in contempt of court (ECF 40) was found moot after the parties settled out of court (see text-only entry in between ECF 45 and ECF 46), thereby causing the action to be dismissed with prejudice while the show cause order was automatically dissolved (ECF 46).

So submitted on this, the 2nd day of August, 2025.

_David Stebbins_ (pro se)

# Exhibit A

# Re: Let's meet over webcam and/or phone

**From:** jarrod stangranch.com (jarrod@stangranch.com)

**To:** acerthorn@yahoo.com

**Date:** Friday, July 11, 2025 at 04:46 PM CDT

Yes, this is a fair and accurate description of our agreement.

> **From:** Acerthorn <acerthorn@yahoo.com>
> **Sent:** Friday, July 11, 2025 2:33 PM
> **To:** jarrod stangranch.com <jarrod@stangranch.com>
> **Subject:** Re: Let's meet over webcam and/or phone
>
> Ok, so to recap:
>
> 1. You will pay me the $100 you owe me by the end of the day, and another, final payment of $900 by no later than August 1, 2025.
>
> 2. If you make both payments on time, I will consider the matter settled and file an administrative motion to close the action, at which point, we will never interact again.
>
> 3. However, if you fail to make either payment, then I will file the motion to terminate the settlement and reopen the copyright infringement lawsuit.
>
> Do you agree that this is a fair and accurate description of the compromise we reached?

# Exhibit B

