

David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

DAVID STEBBINS,   PLAINTIFF

VS.   Case 8:24-cv-01486-JVS-KES

JARROD JONES   DEFENDANTS

### RESPONSE TO ORDER TO SHOW CAUSE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Response to Order to Show Cause which was entered on December 13, 2024.

**Fed.R.Civ.P. 11 only authorizes sanctions for *knowing* falsehoods.**
**There is no evidence of that here.**

1. Rule 11 only authorizes sanctions for *knowingly* false statements of fact. At a minimum, Rule 11(b)(3) only requires that I represent that the statements of fact "have evidenciary support." Here, the Court not only fails to make a finding of actual knowledge on my end, but appears to openly concede that there is no evidence to support such a finding, when it states in pertinent part...

> "When Defendant confronted Plaintiff with this misrepresentation, Plaintiff said, '[Defendant] has not proven that any misrepresentation (if it even is true) was done knowingly, and when it comes to defrauding someone into parting with their money unnecessarily, knowing misrepresentation is generally required.' *That is not the standard for Rule 11 sanctions*."

See ECF 112, Page 11 (emphasis added; citations omitted).

2. Although the Court *claims* that this is not the standard for Rule 11 sanctions, it cites no authority to this effect. This is a damning omission, because in fact, there is indeed case law on this subject which explicitly states the exact opposite. On the case law search engine known as "Google Scholar," which you can see by going to the url of https://scholar.google.com/, if you enter the search terms "`Rule 11 Sanctions`" "`knowing`"[1] and limit your search results

---
1  Make sure that "Rule 11 Sanctions" are in one pair of quotation marks, and "knowing" is inside another pair.

only to the 9th Circuit Court of Appeals, the very first search result that comes up is the case of Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F. 2d 1531 (9th Cir. 1986), which reversed the Rule 11 sanctions imposed on the District Court for this exact reason.

> "The district court's ruling appears to go even beyond the principle of Rule 3.3 of the ABA Model Rules which proscribes 'knowing' false statements of material fact or law. The district court made no finding of a knowing misstatement... Both the earnest advocate exaggerating the state of the current law without knowingly misrepresenting it, and the unscrupulous lawyer knowingly deceiving the court, are within the scope of the district court's interpretation.
>
> This gives rise to serious concerns about the effect of such a rule on advocacy... Such an effect on advocacy was one of the principal risks associated with the 1983 amendments. It is an effect which the proponents of the amended Rule sought to avoid... [T]he Rule is not intended to chill an attorney's enthusiasm or creativity.
>
> The imposition of the district court's requirement appears to be at cross purposes with the Rule 11 amendments in still another fundamental respect. The key objective of the amendments to the Rule was to reduce cost and delay in the courts. Asking judges to grade accuracy of advocacy in connection with every piece of paper filed in federal court multiplies the decisions which the court must make as well as the cost for litigants."
> See id at 1540-41 (citations and quotations omitted)

3.  This is binding precedent, so the magistrate judge is clearly in error when it says that a requirement of finding of *knowing* misstatement "is not the standard for Rule 11 sanctions."

4.  Therefore, the Court must first show evidence that I *knowingly* misrepresented the court first, and then give me at least two weeks to prepare a response to that, before it can impose any sanctions on me.

### There is no finding that the *entire motion* was based on falsehoods.

5.  As explained above, the Golden Eagle case law sets a very high bar for Rule 11 sanctions. One of the restrictions it imposes on district courts is thus:

> "Moreover, Rule 11 does not apply to the mere making of a frivolous argument. The Rule permits the imposition of sanctions only when the pleading, motion, or other paper *itself* is frivolous, not when one of the arguments in support of a pleading or motion is frivolous. Nothing in the language of the Rule or the Advisory Committee Notes supports the view that the Rule empowers the district

court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified. In short, the fact that the court concludes that one argument or sub-argument in support of an otherwise valid motion, pleading, or other paper is unmeritorious does not warrant a finding that the motion or pleading is frivolous or that the Rule has been violated." See id at 1540.

6. Although that excerpt only directly addresses sanctions under Rule 11(b)(2), there is no good reason why that same logic should not apply to sanctions under Rule 11(b)(3).

7. Therefore, in order for me to be sanctioned, the *entire motion* must be predicated on false statements of fact. The Court has not made such a finding. Everything the Court states in its order to show cause suggests that the factual contention at issue here (that I paid fees to receive the payments) were merely one factual contention out of many.

8. Even if the Court were to turn around and make that finding, that would only restart the sanctions process, and I would still be entitled to some time to respond to that new finding.

**There was evidentiary support for my statements of fact, which I have already given.**

9. Rule 11(b) does not require every statement made in a motion to be objectively true. Rather, the preamble to Rule 11(b) only requires that the parties represent to the Court that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." This is clearly a much more lenient standard than what the magistrate judge seeks to impose onto me. The magistrate judge appears to seek to impose strict liability on me for making any statement of fact it ultimately determines to be false. But as the plain text of Rule 11 clearly shows, that is not the standard.

10. Furthermore, Rule 11(b)(3) does not even require the statements I make in a motion to be objectively true, or even that they must be reasonable based on the totality of the circumstances. It only requires the statements to "have evidentiary support." Even if the statements of fact are ultimately found to be untrue, that is no more grounds for sanctions than if the judge were to ultimately decide "that the law is not as a lawyer argued it," which, as the Golden Eagle precedent above clearly demonstrates, is not grounds for sanctions. See id at 1540.

11. In fact, pursuant to the plain text excerpt mentioned above, one could reasonably argue that the Rule does not even authorize sanctions for knowing misrepresentations, even though that

is the standard I personally advocate for. After all, it is still possible for the author of a factual allegation to know a fact is false while still knowing of at least some evidence to suggest it might be true. Of course, I do not advocate for this standard[2], but the fact that one could reasonably make that argument, based on the plain text of the Rule, just puts into perspective just how erroneous the magistrate judge's imposition of strict liability for any factual statements she, in her arbitrary discretion, determines to be false, regardless of reasonableness, is.

12.     My representation to the Court was that PayPal had deducted merchant fees before giving me the remainder. This representation did indeed have evidentiary support. Specifically, it was supported by my good faith belief that Jarrod Jones and I had <u>agreed to use PayPal's commercial process!</u> I had no reason to suspect he was using something different until he *told me* that he was using something different.

13.     Here's another example to hopefully illustrate what I'm talking about, and this time, it's a real example, not just a hypothetical one. Remember when I said that what I wanted, more than anything, was to get a car so I could get a job? Well, I finally managed to get financing for an ultra-cheap $1,000 vehicle, and with that, I was able to get a job as a mobile phone salesman. On December 13, 2024, I was sent home after working for half an hour, because as it turns out, my shift had been canceled since there was no supervisor to supervise me[3]. I made a post in the company Discord server because, since I wasn't informed that my shift had been canceled, I wasted time and gas coming into work when I didn't need to. A screenshot of that discord message is being attached as **Exhibit A**, with my coworkers' names (except for the first letters) being redacted to protect their privacy.

14.     See, I didn't bother to check the company schedule for that day because I had no reason to believe that the schedule was any different than what I had already been told about several days earlier. As the Discord post clearly shows, the fact that I wasn't expressly notified thereof is precisely what I was so frustrated over, not just the cancellation itself. People get sick; that's a part of life. It was the lack of notice, not the illness itself, that annoyed me.

---

2   Although, let's be honest, the magistrate judge is going to say I advocate for this standard anyway, just like it said that I spitefully insisted on in-person cash payments when I very clearly didn't. See ECF 113, ¶ 3.

3   I was working alongside a man who had been with the company for 5 years and thus didn't need a supervisor. So the store wasn't going to be closed down entirely just because neither I nor my supervisor were present.

15. Applying that logic to the instant case, I never checked whether Jones's payments had fees deducted from them or not because I had no reason to suspect they wouldn't have fees deducted, at least not until Jones unequivocally and in writing put me on notice that they weren't. *That* is why my factual statements in the motion had evidentiary support.

16. The magistrate judge arbitrarily declares that I "must have seen that PayPal did not deduct any fees," yet she offers not one single iota of evidence, or even a specific finding of fact, to support such an arbitrary finding. This finding came completely out of nowhere, which is ironic considering she is threatening to sanction me for making factual contentions without evidentiary support.

**The magistrate judge's arbitrary and inconsistent rulings in this very case, on this very issue, is further proof of the magistrate judge's personal bias against me.**

17. The magistrate judge is threatening to sanction me for making a *supposedly* false representation of fact, yet this very issue has come up in this very case before, and the magistrate judge did the complete opposite. Lack of consistency in judicial rulings tends to undermine a court's legitimacy. See https://www.qil-qdi.org/the-impact-of-a-lack-of-consistency-and-coherence-how-key-decisions-of-the-international-criminal-court-have-undermined-the-courts-legitimacy/. See also https://www.commoncause.org/articles/consistency-in-judicial-opinions-the-case-of-chief-justice-roberts/. Also, this preference for consistency in rulings is one of the most important public policy considerations behind the doctrine of stare decisis and the concept of binding precedent. So when confronted with allegations of inconsistency in rulings, the confronted judge should take these allegations seriously and address them publicly.

18. When the defendant first appeared in the case, he filed an Answer which contained numerous bald-faced lies, including but not limited to (A) denying that he ever reposted my copyrighted stream in the first place, despite said reposting, at the time, being publicly visible to the Court's own two eyes, (B) claiming that I had not registered the copyright, despite said registration being public record and, therefore, again, visible to the Court's own two eyes, and (C) claiming that he downloaded the video for reposting by using YouTube's Premium download button, despite the underlying stream not having such a button on its watch page and, for that

matter, the download feature (even if it was available to him) did not provide him with the video in a format that he would be able to repost to another site.

19. Unlike in the instant matter, these were bald-faced lies. Jarrod Jones wasn't just *mistaken* about the facts; he was *lying*. As I explained in ECF 69, ¶¶ 2&8, "it is literally impossible that the defendant is telling the truth... I am [not] saying that the Defendant knew or should have known that his factual contents were *impossible*. But he still knew that his factual contentions were *untrue*, and that is all that is necessary for a Rule 11 violation."

20. I followed Rule 11(c)'s safe harbor period to the letter, sending him copies of both motions for sanctions over private email, and waiting three weeks for him to withdraw his lies. When he not only did not withdraw them, but filed his own motion for sanctions without even sending the motion to me first in violation of Rule 11(c), I proceeded to file these two motions after the 21 day waiting period expired. See ECF 63 & 69.

21. Despite me following Rule 11's safe harbor provision to the letter, and despite the defendant's factual representations to be *knowingly* false (which places Jones' culpability far exceeding my own, regardless of what the actual legal standard is), the Court still declined to sanction the defendant, just cuz. See ECF 75, Pages 8-9.

22. The Court *claimed* that I had not complied with the safe harbor provision, but I very clearly did, and went out of my way to document how I had so complied. See ECF 63, ¶ 5 and ECF 63-1. Even the Defendant himself admitted that I sent the motions to him three weeks before filing them, when he filed his own premature motion for sanctions. See ECF 60.

23. This makes the Magistrate Judge just as much of a bald-faced liar as the defendant is.

24. So let me get this straight: When the defendant tells multiple bald-faced lies that he knew full well to be lies, the Court will lie alongside him and say I didn't comply with the requirements I clearly did comply with in order to avoid having to sanction him, but any time the Court finds that I made a factual assertion that it ultimately decides is incorrect, even when it admits that I did not do so knowingly, it leaps at the opportunity to fine me for it, even without the defendant asking for it?! Is that how it works?!

25. So far, the only real consistency in the Court's rulings seems to be "David Stebbins loses

because he's David Stebbins," regardless of the actual facts and the actual law. So is that *actually* what the magistrate judge is doing? Is that actually the driving motivation behind the Court's rulings? If so, then the Court has just admitted to having "such a high degree of favoritism or antagonism as to make fair judgment impossible," as described in Liteky v. United States, 510 US 540, 555 (1994), and so should recuse accordingly. If not, the the Court should explain how, exactly, her rulings are both consistent and fair at the same time.

26.     Just for this reason alone, sanctions should not be imposed.

   **A $1,500 fine in this case is excessive and a violation of my Eighth Amendment rights.**

27.     The Eighth Amendment to the US Constitution forbids excessive fines from being imposed. Also, in civil cases, monetary judgments that are penal in nature must be proportionate to the harm caused in order to not violate due process. See TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443 (1993). An exception to that general rule exists for acts which are extraordinarily malicious or reckless. See id at 460-61:

> "For instance, a man wildly fires a gun into a crowd. By sheer chance, no one is injured and the only damage is to a $10 pair of glasses. A jury reasonably could find only $10 in compensatory damages, but thousands of dollars in punitive damages to teach a duty of care. We would allow a jury to impose substantial punitive damages in order to discourage future bad acts."

28.     However you might classify my behavior in the instant case, can we at least agree that my behavior doesn't rise to *that* level, that at a minimum, my behavior doesn't constitute a reckless disregard for human life?! Can we at least agree on that much?!

29.     Probably not, for reasons I alluded to in ¶ 25 above. But regardless of whether the court wants to admit it or not, it is true.

30.     That said, the Court is threatening to fine me $1,500 just for making a *single* statement it ultimately found to be incorrect. In addition to all the reasons I've already given for why sanctions should not issue at all, this fine is outrageous. It seems more likely that the Court is simply lashing out against me, personally, because the Court personally does not like me, similar to how a corrupt police officer may trump up charges against a citizen, beyond what the situation actually calls for, in order to teach that citizen a lesson about "respecting police officers[4]."

---

4   Like this example: http://www.thenewspaper.com/news/19/1961.asp   Or like in this example:

31.     The Court has only found, at most, compensatory damages of fifteen dollars. This means that the Court is threatening to fine me *one hundred times more* than the compensatory damages. How is such a multiplier even remotely justifiable in this case?! Even a fine of $150 would be ten times the compensatory damages, which, as the TXO Court explained, would most likely still be excessive, especially seeing as this Court has not made, or even hinted at, a finding of malice, knowledge, or intent from me (and in fact insists that these findings are *not* required), or even a finding of recklessness, which is usually the minimum finding to award punitive damages in the first place under tort law. At least when I asked for $4,000 in fines for Jarrod Jones' late payment, I at least used his prior conduct and prior bald-faced lies to create a presumption of malicious intent, pursuant to FRE 404(b)(2). Here, the Court doesn't even have that much!

32.     Then again, who needs pesky things like evidence when the Court just personally doesn't like me and already has its mind made up, right?

33.     On top of that, the Court knows how indigent I am, as it has access to my in forma pauperis application in this case. So it must know that I don't have $1,500 to pay to the Court even if I wanted to[5]. What, is the Court *intentionally* trying to fine me an amount it knows full well I can't afford, just so it can have an excuse to arrest me?!

34.     Perhaps the Court could justify the fine because of how much time and taxpayer money was expended uncovering the untruth. For example, in my state of Arkansas, the crime of "filing a false police report" can be upgraded from a misdemeanor to a felony if any one of the statutory aggravating factors are met. It only takes one, not all of them, and one of those aggravating factors is if "[t]he law enforcement agency or prosecuting attorney's office to whom the false report is made has expended in excess of five hundred dollars ($500) in order to investigate the false report, including the costs of labor." See law.justia.com/codes/arkansas/title-5/subtitle-5/chapter-54/subchapter-1/section-5-54-122/. But the Court has not made any finding that it

---

    https://www.cracked.com/personal-experiences-1502-6-things-i-learned-as-innocent-man-death-row.html ("I stopped at that point, yelling, 'OK!' and he put me in the car. He then sat in the car and calmly composed himself before calling dispatch and telling them he was now under attack, that there were shots fired and he needed assistance, because he was still under attack. And then he looked in the mirror at me with a smirk, like, 'Now you're gonna get it'").

5   And no, the fact that I finally have a job now does not change the fact that I absolutely do not have $1,500 to pay. I recently parted ways with that employer for reasons I prefer not to get into at the moment. See **Exhibit B**. So I am right back to the same spot I was at when this Court first ordered me to show cause in the first place.

expended any non-nominal amount of time and/or taxpayer money making this finding of fact. It certainly hasn't *stated* anything to this effect. For the Court to make such a finding would require it conduct an itemized account of all the costs, including (but not limited to) the time the magistrate judge personally spent looking over the matter and prorate her annual salary accordingly. Doing that would probably cost the taxpayers more money than the Court actually expended investigating the initial allegation in question.

35. Even if the Court were to come forward with such a finding, I would be entitled to *another* fair opportunity to show cause, in a similar manner to that described ¶ 9 above.

36. Therefore, even if, despite all of the arguments discussed in ¶¶ 1-28 above, the Court still feels I deserve to be fined, it should reduce the fine to something far, far more reasonable.

## Conclusion

37. To briefly recap, I should not be fined because...

 (a) There is binding precedent which clearly states that a finding of actual knowledge of falsity is necessary to impose Rule 11 sanctions.

 (b) The entire motion has to be based on falsehoods, and the Court has not made such a finding.

 (c) I had no reason to suspect that no fees were deducted because I had no reason to believe that Jones was using a payment method other than the one we agreed on.

 (d) Judge Scott has proven herself to be a hypocrite who sides against me simply because it's me, and these inconsistent rulings heavily undermine her legitimacy as a judge.

 (e) $1,500 is an outrageous fine that's in egregious violation of my 8th Amendment rights.

 (f) I cannot afford this fine, and the Court *knows* it.

 (g) If the Court were to make any of these findings she previously failed to make, then it would have to give me a brand new opportunity to show cause, as this would constitute new evidence and, thus, new notice.

38. The Court should address ALL of these points, every single last one of them, not just cherry-picking which points it thinks it can address and then handwaiving everything else away as "so ridiculous they're not worth addressing."

39. Wherefore, premises considered, I respectfully pray that sanctions not issue.

So requested on this, the 30th day of July, 2025.

$\underline{\hspace{3cm}\textit{/s/ David Stebbins}\hspace{3cm}}$
David Stebbins (pro se)

# Exhibit A



"R" is the district manager. "H" was my main boss, who was supposed to directly supervise me in my first five shifts, but she got sick. Meanwhile, "D" is another employee who is officially the same rank as me, but he's been with the company for 5 years, so they trust him to be on his own so they don't have to close up shop completely.

# Exhibit B

