Jarrod Jones
Pro Se
1850 W Orangethorpe Ave
Fullerton, California, 92833
714-497-0035
jarrod@stangranch.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>       Plaintiff,<br><br>vs.<br><br>JARROD JONES,<br><br>       Defendant | Case No.: 8:24-cv-01486-JVS-KES<br><br>DEFENDANT'S RESPONSE TO REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(A)(1)(A)(II) |

DEFENDANT'S RESPONSE TO REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(a)(1)(A)(ii)

I, Jarrod Jones, Defendant, appearing pro se, submit this response to Plaintiff's recently filed "REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(a)(1)(A)(ii)"

## I. INTRODUCTION

The Defendant does not oppose dismissal of this matter with prejudice. The underlying settlement has been fully performed, and the case may properly be concluded.

However, Plaintiff's recent actions — including filing a "mutual" dismissal on August 1, 2025, that fraudulently bore Defendant's signature without his knowledge or consent, then filing a "revised" dismissal on August 2, 2025, that removed Defendant's signature but still

DEFENDANT'S RESPONSE TO REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(A)(1)(A)(II) - 1

falsely claimed to be "mutual" and used Defendant's name — without ever serving either document on Defendant — reflect gamesmanship and bad faith that this Court should not ignore.

These actions are part of a pattern: Plaintiff has repeatedly used procedural maneuvers to evade judicial oversight in other federal cases. For example, in Stebbins v. Polano, No. 4:21 cv 04184 (N.D. Cal.), at Dkt. 128, Plaintiff voluntarily dismissed the corporate defendants, including Google/Alphabet/YouTube, minutes before they could file a motion to dismiss that likely would have resulted in dismissal of his entire case. This maneuver was aimed at avoiding a likely adverse ruling and preserving his position by cutting off the Court's review.

The judge in *Stebbins v. Polano*, No. 4:21-cv-04184 (N.D. Cal.), at Dkt. 134 stated (Exhibit A):

"However, the Court does not endorse Plaintiff's efforts to manipulate the litigation process and his blatant gamesmanship. Should Plaintiff continue to dismiss and refile cases in bad faith to obtain a different result, he risks being declared a vexatious litigant in this district."

Also, in *Stebbins v. Hixson*, 3:18-cv-03040 (W.D. Ark.), at Dkt. 32, Plaintiff attempted gamesmanship tactics and was admonished by the court:

"Further, the Court believes that th[e] only reason why Mr. Stebbins filed the instant action lawsuit in the Eastern District [of Arkansas], when, for the reasons stated above, it clearly should have been filed in the Western District [of Arkansas], was either to avoid judicial review

DEFENDANT'S RESPONSE TO REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(A)(1)(A)(II) - 2

by the undersigned, who is very familiar with these facts, or to avoid the filing restrictions that were imposed upon him by the Honorable P.K. Holmes, III, Chief United States Judge for the Western District of Arkansas, in David A. Stebbins v. Rita F. Stebbins and David D. Stebbins, Case No. 3:12-CV-03130, Doc. 10." (Exhibit B)

Allowing him to do so in this case — especially through filings that include a forged signature, repeat the same false statements after being confronted, misrepresent the nature of a "mutual" stipulation, and bypass service obligations — would reward misconduct and undermine the integrity of these proceedings.

## II. PLAINTIFF'S AUGUST 1 AND AUGUST 2 FILINGS ARE DEFECTIVE AND MISLEADING

A. The August 1 "mutual" dismissal was fraudulent

On August 1, 2025, Plaintiff filed a "Mutual Notice of Dismissal With Prejudice" under Rule 41(a)(1)(A)(ii) (Dkt. 139), which stated:

"Comes now, pro se Plaintiff David Stebbins and pro se Defendant Jarrod Jones, who hereby submit the following Mutual Notice of Dismissal With Prejudice Under FRCP 41(a)(1)(A)(ii) …"

DEFENDANT'S RESPONSE TO REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(A)(1)(A)(II) - 3

This document falsely bore Defendant's name and signature block as if he had signed or concurred in the filing. The Defendant was not informed of the filing, did not review it, and did not authorize Plaintiff to sign or file it on his behalf. This constitutes forgery and fraud on the Court. The Defendant then made the plaintiff aware that he will bring this matter to the court and the plaintiff responded with "I've decided that it's better to just file a revised notice of dismissal containing only my signature, so I went ahead and filed it."

The plaintiff then threaten the defendant with "if you try to nullify the dismissal. I will simply file a motion to terminate the Settlement and Re-Open the copyright infringement lawsuit. You may have paid the settlement, but then you are not letting me dismiss the case as we agreed on. So don't choose this hill to die on." (Exhibit C.)

B. The August 2 "revised" dismissal is equally defective

On August 2, 2025, Plaintiff filed a "Revised Mutual Notice of Dismissal," which simply removed Defendant's signature block but otherwise kept the exact same text, including the language:

"Comes now, pro se Plaintiff David Stebbins and pro se Defendant Jarrod Jones, who hereby submit the following Mutual Notice of Dismissal With Prejudice …"

This change did not correct the original misrepresentation. Plaintiff again used Defendant's name in the body of the filing and repeated the same misleading statements about

DEFENDANT'S RESPONSE TO REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(A)(1)(A)(II) - 4

the Court's lack of authority, continuing to present the document as a "mutual" stipulation when no such agreement existed.

It was again not served on Defendant, who only learned of its content when it appeared on the docket on August 4, 2025. This continues Plaintiff's pattern of misleading the Court and acting without compliance with Rule 41(a)(1)(A)(ii), Local Rule 5 4.3.4, and Rule 5(b).

### III. DEFENDANT CANNOT MAKE A STIPULATION ON THE OSC

In providing a document purported to be signed by Defendant, Plaintiff places Defendant in a precarious position.  It is clear on its face that the purpose of the Motion is to stop the Court's Order to Show Cause and the ensuing sanction for $1,500, as that is specifically mentioned in the Motion. While Defendant is in no way trying to tell the Court what it has the authority to do, Plaintiff has placed Defendant in a position where he must explain his reasoning for drawing attention to this fact.

Should the Court decide that Mr. Stebbins's action is specifically to escape a decision for his infraction, the Court could rightfully conclude that Defendant is an accomplice and accessory to this act. The defendant has worked diligently to communicate with Mr. Stebbins and provide meaningful dialogue and not burden the Court's valuable and limited resources with a buried docket.  If the Court were to decide that Mr. Stebbins should be further sanctioned for this inappropriate conduct, the Court could likewise determine that sanctions should similarly issue to Defendant for supporting this action.

DEFENDANT'S RESPONSE TO REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(A)(1)(A)(II) - 5

Defendant stipulates that he has no issue with the dismissal itself, because the terms of the settlement have been met. However, Defendant takes issue with how it was handled, and the attempt by Plaintiff to escape court sanctions. More to the point, Defendant takes issue with Mr. Stebbins attempting to rope him into what could be seen as legal gamesmanship to evade a negative ruling against him, something that he has done before. *see* Stebbins v. Polano, 4:21-cv-04184, (N.D. Cal.), at Dkt. 128 (in which Mr. Stebbins voluntarily dismissed the "corporate defendants" including Google/Alphabet/YouTube mere minutes before they could file their Motion to Dismiss and overturn his default judgment against individual defendants in the case who had not entered appearances.)

Defendant has no standing with regards to the Order to Show Cause, as that was a *sua sponte* decision. This conduct reflects Plaintiff's unclean hands and continued procedural gamesmanship, which cannot be imputed to Defendant or used to draw him into Plaintiff's improper tactics. He should stand on his own, as the sanctions are from his own making. Defendant had no part in that.

## IV. RELIEF REQUESTED

Defendant respectfully requests that the Court:

1. Decline to close this case based on Plaintiff's defective filings;

DEFENDANT'S RESPONSE TO REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(A)(1)(A)(II) - 6

2.      Strike the August 1 "Mutual Notice of Dismissal" (Dkt. 139) as fraudulent and unauthorized;

3.      Strike or disregard the August 2 "Revised Mutual Notice of Dismissal" for failure to comply with Rule 41 and Local Rule 5 4.3.4;

4.      Direct Plaintiff to submit a proper joint stipulation of dismissal for Defendant's review and signature;

This motion does not oppose dismissal on the merits. It seeks only to ensure that dismissal is carried out in compliance with the Federal Rules and that this Court's authority is preserved in the face of Plaintiff's bad faith tactics.

Additionally, Defendant respectfully requests that the Court keep the docket open for at least 60 days following dismissal, to allow Defendant to consider whether to file any additional motions or respond to any filings related to Plaintiff's conduct or other filings by Plaintiff in this matter.

**Dated:** August 4, 2025, respectfully submitted**,**

_____
Jarrod Jones, Pro Se

DEFENDANT'S RESPONSE TO REVISED MUTUAL NOTICE OF DISMISSAL WITH PREJUDICE UNDER FRCP 41(A)(1)(A)(II) - 7

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>v.<br><br>KARL POLANO, et al.,<br><br>    Defendants. | Case No. 21-cv-04184-JSW<br><br>**ORDER REGARDING NOTICE OF VOLUNTARY DISMISSAL AND STRIKING MOTIONS**<br><br>Re: Dkt. No. 129, 130, 133 |

On April 11, 2022, Plaintiff filed a notice of voluntary dismissal without prejudice as to Defendants Alphabet Inc., Discord Inc., and Amazon.com Inc. pursuant to Federal Rule of Civil Procedure 41(a)(1). Shortly thereafter, the Corporate Defendants filed a joint motion to dismiss. (Dkt. No. 129.) Plaintiff then filed a motion to strike the motion to dismiss in light of his notice of voluntary dismissal. (Dkt. No. 130.) Corporate Defendants filed a response to Plaintiff's motion to strike. (Dkt. No. 131.) Plaintiff filed a reply followed by a motion styled as an "Emergency Motion to Expedite" the motion to strike. (Dkt. Nos. 132, 133.)

A dismissal under Rule 41(a)(1) is effective on filing, and the Court lacks the authority to disregard it or place a condition on the dismissal. *Com. Space Mgmt. Co. v. Boeing Co*., 193 F.3d 1074, 1078 (9th Cir. 1999). For these reasons, this action is terminated as to the Corporate Defendants, and the Court STRIKES Defendants' motion to dismiss.

However, the Court does not endorse Plaintiff's efforts to manipulate the litigation process and his blatant gamesmanship. Should Plaintiff continue to dismiss and refile cases in bad faith to obtain a different result, he risks being declared a vexatious litigant in this district.

//

//

Finally, the Court STRIKES Plaintiff's "Emergency Motion to Expedite" for failure to comply with the Civil Local Rules. *See* N.D. Civ. L.R. 6-1.

**IT IS SO ORDERED.**

Dated: April 12, 2022

_____
JEFFREY S. WHITE
United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                    PLAINTIFF

V.                                          CASE NO. 3:18-CV-03040

KENNETH HIXSON; DAVID GLOVER;
PHILLIP WHITEAKER; and STATE OF ARKANSAS                              DEFENDANTS

## OPINION AND ORDER

Now before the Court are three ripe motions: a Motion to Transfer (Doc. 31), filed by Plaintiff David A. Stebbins, a Motion to Dismiss (Doc. 14) filed by Defendants Kenneth Hixson, David Glover, and Phillip Whiteaker, and a Motion to Dismiss (Doc. 23) filed by Defendant State of Arkansas.[1]  The Court will consider and resolve all three Motions in the following discussion.

By way of background, this case was transferred to this District on April 2, 2018, see Doc. 28, by the Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.  In the transfer order, Judge Moody noted that the interests of justice would best be served by transferring the case to this District because the majority of facts occurred in Boone County, which is located in the Western District of Arkansas.  Plaintiff also resides in Boone County.  On April 3, 2018, Mr. Stebbins filed a Motion to Transfer the matter back to the Eastern District, see Doc. 31, arguing

---

[1] A fourth motion, one for default as to Defendant State of Arkansas, was also filed by Mr. Stebbins, see Doc. 17.  The State of Arkansas contends it was not properly served, but it nevertheless filed a responsive pleading in this matter and has been actively litigating this case.  The Motion (Doc. 17) is **DENIED** without further discussion.  "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." Fed. Trade Comm'n v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977) (per curiam).

that venue is not proper in the Western District, and that the majority of facts actually occurred in Little Rock, which is in the Eastern District.

After consideration of the Motion to Transfer (Doc. 31), it is hereby **DENIED**. Judge Moody's decision to transfer the case to this District was, indeed, in the interests of justice, for the reasons given in the transfer order and for the following reasons, as well. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, the Plaintiff resides in the Western District, and he suffered all alleged injuries in this District. In addition, the facts in the instant case are directly related to and flow from the claims he made in a prior lawsuit brought against the State of Arkansas and the Boone County Circuit Court Clerk in Case Number 3:17-CV-0316, which the undersigned presided over and dismissed with prejudice on April 14, 2017.[2]

Further, the Court believes that the only reason why Mr. Stebbins filed the instant lawsuit in the Eastern District, when, for the reasons stated above, it clearly should have been filed in the Western District, was either to avoid judicial review by the undersigned, who is very familiar with these facts, or to avoid the filing restrictions that were imposed upon him by the Honorable P.K. Holmes, III, Chief United States Judge for the Western District of Arkansas, in *David A. Stebbins v. Rita F. Stebbins and David D. Stebbins*,

---

[2] The Court of Appeals for the Eighth Circuit summarily affirmed this Court's order of dismissal on October 3, 2017. *See David A. Stebbins v. State of Ark. and Boone Cnty. Circuit Court Clerk*, Case No. 3:17-CV-03016, Doc. 63-1.

2

Case No. 3:12-CV-03130, Doc. 10. These filing restrictions limit Mr. Stebbins to filing one federal lawsuit in the Western District of Arkansas per every three calendar months. They further enjoin him from filing any such lawsuit unless he first: (1) posts a $100 refundable bond with the Clerk of Court (to be forfeited if the case fails to pass a pre-screening review for frivolousness or for failure to state a claim, or if Mr. Stebbins fails to behave in accordance with Federal Rule of Civil Procedure 11), (2) attaches to his complaint a copy of the order imposing the filing restrictions, and (3) attaches a signed affirmation that states the date of his most recent prior filing of a new case in this District. See id. at 6.[3] For all of these reasons, venue is properly laid in this District, and the Court will now turn to the matter of Defendants' Motions to Dismiss.

In the case at bar, Mr. Stebbins claims that three Arkansas Court of Appeals judges—Defendants Hixson, Glover, and Whiteaker—violated his statutory and constitutional rights when they jointly denied a motion he filed in his appellate case, *David A. Stebbins v. David D. Stebbins*, Case No. CV-16-16 (Ark. Ct. App. 2017). The motion in question concerns the mandate that was issued in the case by the Arkansas Court of Appeals on September 6, 2017. According to the opinion accompanying the mandate, the Court of Appeals determined that it lacked jurisdiction to hear Mr. Stebbins's appeal, since "a final order [of the trial court] ha[d] not been entered disposing of all the claims."

---

[3] The Court of Appeals for the Eighth Circuit affirmed these filing restrictions on September 26, 2014, observing that "Stebbins has proceeded in forma pauperis on at least sixteen complaints that proved meritless, and has filed numerous frivolous motions, since May 2010 . . . ." *Stebbins v. Stebbins*, Case No. 3:12-CV-03130, Doc. 36-1, p. 2.

Soon after the mandate entered, the trial court reopened Mr. Stebbins's case, and a new judge was assigned to the matter. But on September 27, 2017, Mr. Stebbins filed before the Court of Appeals a motion and brief to enforce the Court's mandate. Even though Mr. Stebbins was aware that his case had been reopened at the trial court level, he nonetheless asked the Court of Appeals "to issue whatever writs, orders, or sanctions it feels appropriate in order to enforce its mandate on September 6, 2017," and to "caution" the new presiding judge that Mr. Stebbins is "entitled to due process of law." The Court of Appeals briefly denied Mr. Stebbins's motion on October 25, 2017. Mr. Stebbins responded by filing the instant lawsuit against the Court of Appeals judges who presided over his appeal, and against their employer, the State of Arkansas. The lawsuit, filed on October 31, 2017, claims that when Judges Hixson, Glover, and Whiteaker denied his motion to enforce the mandate, they and/or the State of Arkansas engaged in First Amendment retaliation in violation of 42 U.S.C. § 1983, and in retaliation pursuant to the American with Disabilities Act (as Mr. Stebbins is disabled).

On November 1, 2017, the trial court judge who had been assigned to Mr. Stebbins's case issued a final, appealable order as to the disposition of all claims. Rather than simply appeal this final order to the Court of Appeals, Mr. Stebbins elected instead to file a second motion to enforce the mandate on November 3, 2017. The second motion was also denied. Since then, Mr. Stebbins has doggedly persisted in litigating the instant claims against the judges and the State in federal court.

The facts above speak for themselves. This case is frivolous and will be dismissed with prejudice. Not only has Mr. Stebbins failed to state any claims for which

4

relief may be granted as per Rule 12(b)(6), but he has also sued three appellate court judges and the State of Arkansas without regard to the fact that the judges are immune from suit for performing functions in their judicial capacities—as the Defendants did here, when they denied Mr. Stebbins's motions in his appellate case. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (explaining judicial immunity). As for Mr. Stebbins's claims against the State, he references a "longstanding vendetta" against him by "[t]he State of Arkansas, and all of her employees," due, allegedly, to the State's "disdain" for his habit of filing lawsuits. (Doc. 2, p. 4). Section 1983 claims for damages are not cognizable against a state, absent its explicit consent to suit, due to the sovereign immunity conferred by the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979). Moreover, Mr. Stebbins's demand that the Court issue "an everlasting injunction against the State of Arkansas" to protect him against all perceived future wrongs that the government and its employees may commit against him is, in a word, ludicrous.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 14) filed by Defendants Kenneth Hixson, David Glover, and Phillip Whiteaker, and the Motion to Dismiss (Doc. 23) filed by Defendant State of Arkansas are both **GRANTED**. This case is **DISMISSED WITH PREJUDICE**, and a final judgment will enter for the reasons stated in this Opinion.

**IT IS FURTHER ORDERED** that Plaintiff David A. Stebbins is **CAUTIONED** against filing lawsuits in the Eastern District of Arkansas when the venue for those lawsuits is more properly laid in the Western District of Arkansas. The Court finds that

Mr. Stebbins's recent practice of filing lawsuits in the Eastern District and waiting for them to be transferred to the Western District is a transparent end-run around this Court's filing restrictions, which were imposed on him in Case Number 3:12-CV-03130, Doc. 10. If he continues this practice, he may be subject to further sanctions, including, but not limited to, the immediate dismissal of any future complaints that are filed by him in the Eastern District and then transferred to the Western District due to improper venue.

**IT IS SO ORDERED** on this \_8th\_ day of May, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**MAY 0 8 2018**

DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

# Exhibit C



