JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

Case No. 8:24-cv-01486-JVS-KESx                                    Date: August 13, 2025

Title: DAVID A. STEBBINS v. CMDR IMPERIALSALT, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**   Order Discharging Order to Show Cause (Dkt. 112, 128) and Closing Case

On December 15, 2024, the Court issued an Order to Show Cause ("OSC") directing Plaintiff David A. Stebbins ("Plaintiff") to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11 for lying to the Court. (Dkt. 112.) Specifically, Plaintiff "claimed that Defendant [Jarrod Jones ("Defendant")] should pay $104.12 every month" in settlement payments instead of [the agreed-upon] $100 because PayPal charged $4.12 in fees." (Id. at 10.) However, "PayPal had not deducted any fees from the payments Defendant sent, because Defendant made all the previous monthly payments using his PayPal balance or bank account along with the 'Friends and Family' tab." (Id. (citing Dkt. 107 at 2, Dkt. 106 at 24-27, and Dkt. 107 at 8-9).)

After the Court denied Plaintiff's request for appointed counsel to respond to the OSC (Dkt. 117, 119), he appealed (Dkt. 121, 123). After the Ninth Circuit denied the appeal (Dkt. 124), the Court reset Plaintiff's deadline to respond to the OSC as July 31, 2025 (Dkt. 128).

On August 1, 2025, Plaintiff filed a notice of a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) signed by Plaintiff and Defendant. (Dkt. 139.) According to Plaintiff, this moots the OSC and deprives the Court of authority to sanction him under Rule 11. (Id. at 2.) On August 2, 2025, Plaintiff filed a revised mutual notice of dismissal with prejudice, signed only by him. (Dkt. 140). The only readily apparent difference between the two notices is that the first is signed by both parties, whereas the revised version is

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01486-JVS-KES | Date: August 13, 2025 |
| | Page 2 |

not signed by Defendant.[1]  On August 6, 2025, Defendant filed a response, stating that Plaintiff's "mutual" dismissal "fraudulently bore Defendant's signature without his knowledge or consent." (Dkt. 142 at 1.)  Nevertheless, Defendant "stipulates that he has no issue with the dismissal itself, because the terms of the settlement have been met." (Id. at 6.)  Defendant requested that the Court decline to close this case on account of Plaintiff's defective filings, strike the mutual notice of dismissal and the revised mutual notice of dismissal, and direct Plaintiff to submit a proper joint stipulation of dismissal after allowing Defendant to review and sign the document. (Id. at 6-7.)

Contrary to Plaintiff's arguments, Rule 11 sanctions survive a voluntary dismissal.  See Dougan v. Centerplate, Inc., 706 F.Supp.3d 1025, 1028 n.2 (S.D. Cal. 2023) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)).  "Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. (Cooter & Gell, 496 U.S. at 396.)  "Rather, it requires the determination of a collateral issue: whether the attorney [or self-represented party] has abused the judicial process, and, if so, what sanction would be appropriate.' (Id.)  "Such a determination may be made after the principal suit has been terminated." (Id.)  "Because a Rule 11 sanction does not signify a district court's assessment of the legal merits of the complaint, the imposition of such a sanction after a voluntary dismissal does not deprive the plaintiff of his right under Rule 41(a)(1) to dismiss an action without prejudice." (Id.)

On July 31, 2025, Plaintiff filed a response to the OSC, making several arguments as to why he should not be sanctioned. (Dkt. 141.)  Although the Court retains authority to sanction Plaintiff under Rule 11, the Court nevertheless commends the parties for finally resolving their differences despite recent disputes over late settlement payments (Dkt. 129, 132, 134) and Defendant's request to stay payments due to unemployment (Dkt. 131).  The Court also notes that Defendant has paid Plaintiff the remaining settlement payments. (Dkt. 139 at 6.)  The Court, therefore, discharges the OSC and excuses Plaintiff from filing any further response.  The Court does so without evaluating the arguments made in Plaintiff's response. (Dkt. 141.)

The Court denies Defendant's request that the Court direct Plaintiff to re-file the mutual notice of dismissal. (Dkt. 142 at 7.)  While Plaintiff should not have used Defendant's signature without his permission, Defendant has now clearly stated that he stipulates to the dismissal.  This case is now closed.  The Court, however, reserves the right to revive the OSC if, in the future, the parties challenge the validity of the dismissal or ask the Court to enforce the settlement.

Initials of Deputy Clerk jd

---

[1] Federal Rule of Civil Procedure 41(a)(1)(A)(ii) requires "a stipulation of dismissal signed by all parties who have appeared."